STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: Laura.Vartain@usdoj.gov
           Kyle.Waldinger@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:22-cr-426-JSC |
| Plaintiff, | STIPULATION AND SUPPLEMENTAL PROTECTIVE ORDER [PROPOSED] |
| v. | |
| DAVID WAYNE DEPAPE, | |
| Defendant. | |

    With the agreement of the parties, the Court enters the following Supplemental Protective Order:

    Defendant is charged with violations of 18 U.S.C. § 1201(d), Attempted Kidnapping of a Federal Officer or Employee, and 18 U.S.C. § 115(a)(1)(A), Assault of an Immediate Family Member of a Federal Official.  Having receiving a written discovery request, the United States has produced and will produce documents and other materials pertaining to the defendant and the charged offenses to defense

1  counsel.  The discovery yet to be provided includes materials that qualify as "security information"

2  under 2 U.S.C. § 1979, hereinafter referred to as "Security Information."

3      The United States will identify discovery materials as Security Information by marking such

4  materials "CONFIDENTIAL—SUBJECT TO SUPPLEMENTAL PROTECTIVE ORDER" or by

5  providing written notice specifically identifying discovery materials as Security Information.  The

6  government shall exercise reasonable care in its designation of Security Information.

7      To ensure that Security Information is not subject to unauthorized disclosure or misuse,

8      **IT IS HEREBY ORDERED** that defense counsel, their investigators, assistants, employees,

9  and independent contractors (collectively, "the Defense Team") shall not directly provide the defendant

10  with copies of, or permit defendant to make copies of, or have unsupervised access to, any discovery

11  material produced by the government that contains Security Information, unless the Security

12  Information has first been **entirely redacted** from the discovery materials.  The government and defense

13  counsel are ordered to work together to ensure that these materials are protected, but that defendant has

14  as much access to the materials as can be provided consistent with this Court's order.

15      The Defense Team may show witnesses Security Information in the course of preparing a

16  defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their

17  participation in the underlying events or conduct, would have seen or had reason to know such

18  information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with

19  or show the witness Security Information.  Witnesses may only view Security Information in the

20  presence of the Defense Team.  No witness or potential witness may retain copies of discovery material

21  that contains Security Information after his or her review of those materials with the Defense Team is

22  complete.

23      Defense counsel may also provide unredacted copies of Security Information to any experts

24  retained to assist with the preparation of the defense in the captioned case.  The defendant, all members

25  of the Defense Team, and any experts who receive Security Information under this Order shall be

26  provided a copy of this Order along with those materials and shall sign and date the order reflecting their

27  agreement to be bound by it.

28      The Defense Team shall maintain Security Information safely and securely, and shall exercise

1   reasonable care in ensuring the confidentiality of those materials by not divulging the contents or

2   permitting anyone to see Security Information except as set forth in this Supplemental Protective Order.

3          The materials provided pursuant to this Supplemental Protective Order may only be used for the

4   specific purpose of preparing or presenting a defense in this matter unless otherwise specifically

5   authorized by the Court.

6          This Order shall also apply to any copies or other reproductions, in any other medium, made of

7   any materials covered by this Order.

8          **IT IS FURTHER ORDERED** that if a party files a pleading that contains or attaches Security

9   Information subject to this Order, the Security Information must be filed under seal (accompanied by a

10  request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

11         **IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there

12  are no pending proceedings, challenges, appeals, habeas or other motions in the case, counsel for the

13  defendant shall either destroy discovery materials containing Security Information (including any

14  copies) within 30 days if the defendant consents to such destruction, or retain the Security Information

15  and ensure that the Security Information will continue being kept under the conditions specified in this

16  Order.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United

17  States is free to destroy documents and materials subject to this Order.  If defendant is represented by

18  counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the

19  documents and materials subject to this Supplemental Protective Order under the terms of this Order.

20         This stipulation is without prejudice to either party applying to the Court to modify the terms of

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

STIPULATION AND SUPPLEMENTAL PROTECTIVE ORDER                          3
3:22-cr-426-JSC

this or any other protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

STEPHANIE M. HINDS
United States Attorney

Dated: January 12, 2023

_____/s/_____
LAURA VARTAIN HORN
KYLE F. WALDINGER
Assistant United States Attorneys

Dated: January 12, 2023

_____/s/_____
ANGELA CHUANG
Assistant Federal Public Defender
Counsel for Defendant

**IT IS SO ORDERED.**

Dated:

_____
HON. JACQUELINE SCOTT CORLEY
United States District Judge

By signing below, I acknowledge that I have been provided and have reviewed a copy of this Supplemental Protective Order and hereby agree to be bound by its terms:

| SIGNATURE | DATE |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |