JODI LINKER
Federal Public Defender
Northern District of California
ANGELA CHUANG
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:        Angela_Chuang@fd.org


Counsel for Defendant DEPAPE


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WAYNE DEPAPE,<br><br>Defendant. | **Case No.:** CR 22–426 JSC<br><br>**DECLARATION OF CATHERINE GOULET IN SUPPORT OF DEFENDANT'S MOTION TO ACCESS AND INSPECT CRIME SCENE** |


I, Catherine Goulet, declare the following:

1.  I am an investigator with the Federal Public Defender's Office and am a member of
    the defense team appointed to represent David DePape in the above-captioned case. I
    have worked as an investigator with the FPD's office since 2003.

2.  In that time, I have worked on hundreds of criminal cases in which I work closely
    with defense counsel to investigate cases and prepare for trial.

3.  In that time, I have also regularly attended trainings on how to conduct effective
    defense investigations of criminal cases.

4.  Based on my training and experience, a thorough defense investigation of a criminal case is crucial and indispensable to providing effective representation and preparing for trial. Such a thorough investigation requires me to physically visit and examine crime scenes myself rather than rely on photos or video footage provided in discovery. Documentary evidence such as photos and videos are no substitute for a physical visit to the scene. It is my experience that such crime scene visits can reveal information of significant value to defending the case that was not previously known and could not have been foreseen in advance. Investigation of the crime scene is particularly vital in cases that go to trial, such as the instant matter.

5.  Based on my review of discovery, officers and agents from multiple law enforcement agencies personally visited and searched the residence that is the crime scene in this case. That included members of the SFPD, Capitol Police, and FBI. The defense team requested access to the scene and was denied. Exhibit A is a true and accurate copy of an email exchange with government counsel in which the defense team's request to examine the residence was denied. Accordingly, as of this filing, none of the defense team has been able to visit the scene.

6.  Based upon the information known to me as a result of my investigation, and the discovery provided to my office by the prosecution to date, I believe that access to and inspection of the crime scene by the defense is necessary for trial preparation and to develop an effective defense for Mr. DePape. The discovery the government has turned over relating to the layout of the Pelosi residence consists primarily of body-worn camera footage from SFPD officers, as well as photos and a rough sketch of certain parts of the residence. However, that is not an adequate substitute for viewing the actual crime scene. Based on open-source records, I am informed and believe that the Pelosi residence is quite large—four stories, approximately 3,300 square feet, with four bedrooms and three bathrooms. Publicly available information indicates that it includes features that do not exist in most residences, such as an elevator. It is unclear what additional rooms or features may exist at the crime scene. A visit to the

GOULET DECL.
*DEPAPE*, CR 22–426 JSC

scene would allow me to, *inter alia*, familiarize myself with the various rooms and the layout of the residence, measure distances, and time movements between rooms. If I am unable to visit and investigate the scene, it would hinder the defense's ability to meaningfully cross-examine witnesses about what happened in the house and would put Mr. DePape at an unfair disadvantage at trial.

7. Based on my work on this case so far, I have determined that approximately 22 minutes elapsed between video footage showing Mr. DePape's alleged entry into the Pelosi residence through a back door, and the arrival of SFPD officers at the front door of the residence, which was likewise captured on video. It is critical for the defense team's investigation to visit the crime scene to understand the alleged movements of Mr. DePape and Paul Pelosi during those 22 minutes, as well as to understand how Mr. DePape allegedly entered the Pelosi property from the public right of way before the video showing his alleged entry. In particular, visiting the Pelosi residence is critical to understand how and how long it took Mr. DePape to get from the back door to Mr. Pelosi's bedroom; to understand the distances between the bedroom and the bathroom, where the 911 call was allegedly placed; to understand whether or to what extent Mr. Pelosi's freedom of movement was impeded; to understand how Mr. DePape and Mr. Pelosi moved to the lower level of the house; to understand the relative distances from the bedroom and bathroom to the elevator and staircase; and to understand how Mr. Pelosi came to be holding a glass containing a clear liquid and how they both came to be holding a hammer when the SPFD arrived. Should Mr. Pelosi testify at trial, it will be especially important for the defense team to have visited the crime scene in order to be able to effectively cross-examine Mr. Pelosi about the accuracy of his recollection of the events during these 22 minutes that were not captured on video.

8. Based on the size and features of the Pelosi residence, I estimate that it will take the defense approximately two to three hours to conduct an inspection of the residence.

GOULET DECL.
*DEPAPE*, CR 22–426 JSC

1

2      I declare under the penalty of perjury that the foregoing is true and correct.

3      Executed on July 19, 2023, in San Francisco, California.

4

5      _____
       CATHERINE GOULET

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOULET DECL.
*DEPAPE*, CR 22–426 JSC

4