# EXHIBIT A

| | |
|---|---|
| **From:** | Vartain, Laura (USACAN) |
| **To:** | Angela Chuang |
| **Cc:** | Jodi Linker; Todd Borden; Gilbert, Helen (USACAN); Waldinger, Kyle (USACAN) |
| **Subject:** | RE: DePape evidence and scene view |
| **Date:** | Monday, July 3, 2023 4:20:23 PM |

Thanks Angela.

We are fine with the briefing schedule you propose below.

I'm confirming that we did pass along the request to the family's attorney, which was declined.

If you send us a stipulation, we will review and tell you when it is OK to file.

Laura

**From:** Angela Chuang <Angela_Chuang@fd.org>
**Sent:** Tuesday, June 27, 2023 4:01 PM
**To:** Vartain, Laura (USACAN) <lvartain@usa.doj.gov>
**Cc:** Jodi Linker <Jodi_Linker@fd.org>; Todd Borden <Todd_Borden@fd.org>; Gilbert, Helen
(USACAN) <hgilbert@usa.doj.gov>; Waldinger, Kyle (USACAN) <KWaldinger@usa.doj.gov>
**Subject:** [EXTERNAL] RE: DePape evidence and scene view

Hi Laura, Kyle, and Helen,

Thanks for the response. Can you please let us know whether our request for access was relayed to
the Pelosis and what their response was? If not, can you please ask your victim coordinator to pass
along the request and let us know the answer? We are trying to be courteous instead of just
knocking on their door and asking to be let in, like we often do when we investigate.

Please get back to us this week if possible, as if their answer to the request was no, we'd like to
move forward with a standard 2-week briefing schedule to have it heard on Aug 2 when we already
have a date on calendar for jury questionnaires (motion would be filed on 7/19, opposition on 7/26,
reply on 7/31).

Thanks,
Angela

**From:** Vartain, Laura (USACAN) <Laura.Vartain@usdoj.gov>
**Sent:** Friday, June 9, 2023 11:40 AM
**To:** Angela Chuang <Angela_Chuang@fd.org>
**Cc:** Jodi Linker <Jodi_Linker@fd.org>; Gilbert, Helen (USACAN) <Helen.Gilbert@usdoj.gov>;
Waldinger, Kyle (USACAN) <Kyle.Waldinger@usdoj.gov>
**Subject:** RE: DePape evidence and scene view

Thanks for the authority, Angela.

Our assessment is that neither the government nor the court has the authority to grant access to the residence. Further, in light of the volume of video and photographic evidence of the inside and outside of residence as it was the night of the crime, your client's due process rights do not warrant an examination of the residence at this later date.

Please let us know if you would like to discuss a briefing schedule.

Thanks,

Laura

---

**From:** Angela Chuang <Angela_Chuang@fd.org>
**Sent:** Friday, May 12, 2023 2:10 PM
**To:** Vartain, Laura (USACAN) <lvartain@usa.doj.gov>
**Cc:** Jodi Linker <Jodi_Linker@fd.org>; Gilbert, Helen (USACAN) <hgilbert@usa.doj.gov>
**Subject:** [EXTERNAL] RE: DePape evidence and scene view

Hi Laura and Kyle,

It's rooted in Mr. DePape's constitutional rights to due process and effective assistance of counsel. We have a duty to investigate the case thoroughly – that includes visiting the crime scene, which is crucial to being able to develop an effective defense and a basic expectation for defense counsel to do. For example, we can't meaningfully cross-examine witnesses about anything that happened in the house without seeing it ourselves. And it could be ineffective assistance of counsel if we don't investigate the crime scene. *See Thomas v. Kuhlman*, 255 F.Supp.2d 99 (E.D.N.Y. 2003) (finding ineffective assistance of counsel for failing to investigate the crime scene of the victim's apartment). State courts, where much of the dispute over access to a private residence has played out, recognize that due process and the right to effective assistance of counsel can require that the defense be permitted to access and examine a private residence crime scene. *See, e.g.*, *Howard v. State*, 156 A.3d 981, 990–1001 (Md. 2017); *State v. Tetu*, 386 P.3d 844, 852–57 (Haw. 2016); *State of New Jersey in the Interest of A.B.*, 219 N.J. 542 (H.J. 2014); *Henshaw v. Commonwealth*, 451 S.E.2d 415, 420 (Va. Ct. App. 1994). Our hope is that we can come to a reasonable agreement on this without resorting to litigation so that we can fulfill our duties to provide effective assistance and build an effective defense.

Aside from the scene visit request, I think our separate request for an evidence view may have gotten lost in this discussion, but we would like to get a time on calendar for us to examine the physical evidence. Can you please let us know some options for when we can do that?

Thanks,
Angela

---

**From:** Vartain, Laura (USACAN) <Laura.Vartain@usdoj.gov>

**Sent:** Wednesday, May 10, 2023 8:21 PM
**To:** Angela Chuang <Angela_Chuang@fd.org>; Waldinger, Kyle (USACAN)
<Kyle.Waldinger@usdoj.gov>
**Cc:** Jodi Linker <Jodi_Linker@fd.org>; Gilbert, Helen (USACAN) <Helen.Gilbert@usdoj.gov>
**Subject:** RE: DePape evidence and scene view

Hi Angela,

Can you please let us know your legal basis for the request?  This seems tremendously invasive and traumatic, particularly in light of the crime involved. Will appreciate your thinking on whether there is on point case law that you can point us to please.

Thanks very much,

Laura

**From:** Angela Chuang <Angela_Chuang@fd.org>
**Sent:** Friday, May 5, 2023 1:50 PM
**To:** Vartain, Laura (USACAN) <lvartain@usa.doj.gov>; Waldinger, Kyle (USACAN)
<KWaldinger@usa.doj.gov>
**Cc:** Jodi Linker <Jodi_Linker@fd.org>
**Subject:** [EXTERNAL] DePape evidence and scene view

Hi Laura and Kyle,

We'd like to schedule a time when our team can come examine the physical evidence in the case, as well as a time when we can visit the Pelosi house to be able to see the crime scene. Can you please send us some possible dates/times that would work for the evidence view?

As for the scene visit, we're sensitive to the fact that it's a private residence where the family still lives, so we are of course willing to coordinate a time to go when they're not there and to be accompanied by an agent or someone from your office. We will also consider any other reasonable requirements you request to accommodate this. I hope that you can help facilitate this visit without us seeking a court order, since crime scene visits are crucial to us being able to provide effective representation. Please let us know your thoughts, we're happy to discuss further.

Thanks,
Angela

Assistant Federal Public Defender
450 Golden Gate Ave, Floor 19
San Francisco, CA 94102
415.517.3313 (cell)
She/her/hers