ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

HELEN L. GILBERT (NYBN 4736336)
LAURA VARTAIN HORN (CABN 258485)
KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Email: Helen.Gilbert@usdoj.gov
           Laura.Vartain@usdoj.gov
           Kyle.Waldinger@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:22-CR-426-JSC |
| Plaintiff, | UNITED STATES' EX PARTE APPLICATION AND [PROPOSED] ORDER PERMITTING RELEASE OF GRAND JURY TRANSCRIPT |
| v. | |
| DAVID WAYNE DEPAPE, | |
| Defendant. | |

## INTRODUCTION

The government respectfully applies *ex parte* for an order pursuant to Federal Rule of Criminal Procedure 6(e) authorizing the government to provide defense counsel for David Depape with a copy of the grand jury testimony of one witness for this investigation whom the government may call during trial. The production is necessitated by the disclosure provisions of the Jencks Act, 18 U.S.C. § 3500.

## GOVERNMENT REQUEST

On November 9, 2022, a grand jury returned an indictment in this case against David Depape. This indictment followed a grand jury investigation, and included testimony before the grand jury.

That case is set for trial on November 6, 2023.  The Court has ordered the government to produce *Jencks* material by August 15, 2023.  Dkt. 39-1.  As part of its discovery obligations, the government seeks to provide copies of the grand jury transcript of one witness who testified before the grand jury and whom the government may call as a witness at trial.

The secrecy provisions of Federal Rule of Criminal Procedure 6(e) provide in pertinent part that:

> The Court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter:
>
> (i) preliminarily to or in connection with a judicial proceeding . . . .

Fed. R. Crim. P. 6(e)(3)(E).

The Court's power to order disclosure is discretionary and may be exercised upon a showing of need and a finding that disclosure is required by the ends of justice.  *In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464, 470 (E.D. Pa. 1971); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

In *U.S. Industries, Inc. v. United States District Court*, 345 F.2d 18 (9th Cir. 1965), the Ninth Circuit observed that disclosure should be liberally allowed when the traditional policies underlying grand jury secrecy are no longer served.  The court held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." *Id.* at 21.

The Ninth Circuit listed five policy considerations underlying the need for grand jury secrecy:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosures of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at 22 (quotations omitted).

In this case, the policy considerations requiring secrecy apply with diminished force.  The case has already been indicted, and the matter is set for trial.  The work of the grand jury that led to an indictment in this case has been completed.  Disclosing the testimony of one witness before the grand

jury to the defense is in the interest of justice because it will permit defendant's counsel to review material well in advance of trial pursuant to 18 U.S.C. § 3500.

## CONCLUSION

Accordingly, the government moves this Court to issue an order authorizing the government to provide defense counsel for Depape with a copy of the grand jury testimony, including exhibits, of one witness whom the government may call at trial.

DATED:  August 9, 2023                                Respectfully submitted,

                                                          ISMAIL J. RAMSEY
United States Attorney

/s/
HELEN L. GILBERT
LAURA VARTAIN HORN
KYLE F. WALDINGER
Assistant United States Attorneys

**[PROPOSED] ORDER**

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E), the United States may supply counsel for David Depape in this case with a copy of the grand jury testimony, including exhibits, of a witness the government may call at trial.  This order is being entered to permit compliance with the disclosure provisions of the Jencks Act, 18 U.S.C. § 3500.

**IT IS SO ORDERED.**

DATED: _____

HON. JACQUELINE SCOTT CORLEY
UNITED STATES DISTRICT JUDGE