ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

HELEN L. GILBERT (NYBN 4736336)
LAURA VARTAIN HORN (CABN 258485)
KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Email: Helen.Gilbert@usdoj.gov
           Laura.Vartain@usdoj.gov
           Kyle.Waldinger@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) **CASE NO. 3:22-CR-426-JSC** |
| | ) |
|     Plaintiff, | ) STIPULATION AND SECOND SUPPLEMENTAL |
| | ) PROTECTIVE ORDER [~~PROPOSED~~] |
|   v. | ) |
| | ) |
| DAVID WAYNE DEPAPE, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

    With the agreement of the parties, the Court enters the following Second Supplemental

Protective Order:

    The defendant is charged with violations of 18 U.S.C. § 1201(d), Attempted Kidnapping of a

Federal Officer or Employee, and 18 U.S.C. § 115(a)(1)(A), Assault of an Immediate Family Member of

a Federal Official.  The defendant seeks to access and inspect the home of Congresswoman Nancy

Pelosi and her husband Paul Pelosi ("Pelosi Home").  The Pelosis have agreed voluntarily to permit the

government and the defense team to access and inspect their home pursuant to a protective order.

All information associated with and procured during the government and defense team visit to the Pelosi Home, including the date and parameters of the visit, will be referred to as "Visit Information."  The United States will identify discovery materials as Visit Information by marking such materials "CONFIDENTIAL—SUBJECT TO SECOND SUPPLEMENTAL PROTECTIVE ORDER" or by providing written notice specifically identifying discovery materials as Visit Information.  The government shall exercise reasonable care in its designation of Visit Information.

To ensure that Visit Information, including Visit Information in the sole possession of defense counsel, their investigators, assistants, employees, and independent contractors (collectively, "the Defense Team"), is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that the Defense Team shall not directly provide the defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, any Visit Information, including discovery material produced by the government that contains Visit Information, unless the Visit Information has first been entirely redacted from the discovery materials.  The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.

The Defense Team may show witnesses Visit Information in the course of preparing a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their participation in the underlying events or conduct, would have seen or had reason to know such information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the witness Visit Information.  Witnesses may only view Visit Information in the presence of the Defense Team.  No witness or potential witness may retain copies of Visit Information or discovery material that contains Visit Information after his or her review of those materials with the Defense Team is complete.

Defense counsel may also provide unredacted copies of Visit Information to any experts retained to assist with the preparation of the defense in the captioned case.  The defendant, all members of the Defense Team, and any experts who receive Visit Information under this Order shall be provided a copy of this Order along with those materials and shall sign and date the order reflecting their agreement to be bound by it.

1   The Defense Team shall maintain Visit Information safely and securely, and shall exercise
2   reasonable care in ensuring the confidentiality of those materials by not divulging the contents or
3   permitting anyone to see Visit Information except as set forth in this Second Supplemental Protective
4   Order.
5       The materials provided pursuant to this Second Supplemental Protective Order may only be used
6   for the specific purpose of preparing or presenting a defense in this matter unless otherwise specifically
7   authorized by the Court.
8       This Order shall also apply to any copies or other reproductions, in any other medium, made of
9   any materials covered by this Order.
10      IT IS FURTHER ORDERED that if a party files a pleading that contains or attaches Visit
11  Information subject to this Order, the Visit Information must be filed under seal (accompanied by a
12  request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.
13      IT IS FURTHER ORDERED that after any judgment or disposition has become final and there
14  are no pending proceedings, challenges, appeals, habeas or other motions in the case, counsel for the
15  defendant shall either destroy Visit Information and discovery materials containing Visit Information
16  (including any copies) within 30 days if the defendant consents to such destruction, or retain the Visit
17  Information and ensure that the Visit Information will continue being kept under the conditions specified
18  in this Order.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the
19  United States is free to destroy documents and materials subject to this Order.  If defendant is
20  represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide
21  counsel with the documents and materials subject to this Supplemental Protective Order under the terms
22  of this Order.
23  //
24  //
25  //
26  ///
27
28

STIPULATION AND SECOND SUPPLEMENTAL PROTECTIVE ORDER
3:22-CR-426-JSC                                    3

1       This stipulation is without prejudice to either party applying to the Court to modify the terms of

2  this or any other protective order.  This Court shall retain jurisdiction to modify this Order upon motion

3  of either party even after the conclusion of district court proceedings in this case.

4

5  **IT IS SO STIPULATED.**               ISMAIL J. RAMSEY
                                        United States Attorney

6

7

8  Dated: August 9, 2023               __/s/_____
                                          HELEN L. GILBERT

9                                          LAURA VARTAIN HORN

10                                        KYLE F. WALDINGER
                                        Assistant United States Attorney

11

12                                        __/s/_____

13                                        ANGELA CHUANG
                                        JODI LINKER

14                                        Federal Public Defender
                                        Assistant Federal Public Defender

15                                        Counsel for Defendant David DePape

16

17  **IT IS SO ORDERED.**

18

19  Dated:    August 10, 2023            _____

20                                        HON. JACQUELINE SCOTT CORLEY
                                        United States District Judge

21

22

23

24

25

26

27

28