ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

HELEN L. GILBERT (NYBN 4736336)
LAURA VARTAIN HORN (CABN 258485)
KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Email: Helen.Gilbert@usdoj.gov
           Laura.Vartain@usdoj.gov
           Kyle.Waldinger@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:22-CR-426-JSC |
| Plaintiff, | STIPLATION AND [~~PROPOSED~~] THIRD SUPPLEMENTAL PROTECTIVE ORDER RE: PERSONNEL OR COMPLAINT RECORDS RECEIVED FROM LAW ENFORCEMENT AGENCIES |
| v. | |
| DAVID WAYNE DEPAPE, | |
| Defendant. | |

    With the agreement of the parties, the Court enters the following Third Supplemental Protective Order Regarding Personnel or Complaint Records Received from Law Enforcement Agencies:

    The United States will identify for production to the defense team certain personnel files and related documents of law enforcement agencies, referred to hereafter as "Law Enforcement Personnel Records" or "Records."  The United States will mark Law Enforcement Personnel Records as "CONFIDENTIAL—SUBJECT TO THIRD SUPPLEMENTAL PROTECTIVE ORDER" or by providing written notice specifically identifying discovery materials as Law Enforcement Personnel Records.

To ensure that Law Enforcement Personnel Records are not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that:

1. The contents of the Records shall not be disclosed in any form to any other person by defense counsel except to the defendant or defense counsel's investigators, assistants, employees, or independent contractors (collectively, with defense counsel, the "Defense Team"), and then only for the specific purpose of preparing or presenting a defense in this matter.

2. The Defense Team shall not directly provide the defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, any Records, including discovery material produced by the government that contains Records, unless the Records have first been entirely redacted from the discovery materials. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.

3. The defendant and all members of the Defense Team who receive, view, or are otherwise made aware of the contents of the Records shall be provided a copy of this Order and shall sign and date the Order reflecting their agreement to be bound by it prior to receiving, viewing, or otherwise being made aware of the contents of the Records.

4. Unless expressly authorized by this Court, no information derived from the Records which are the subject of this Order, including but not limited to the identity of witnesses or complainants, number of complaints, location of any incident or the existence of a complaint, may be disclosed to any individual or entity for any other use, including, for example, any disclosure in any unrelated case or proceeding where the person whose records have been disclosed is a witness.

5. No copies shall be made of the Records disclosed to the defense without express authorization of the Court. Nor shall the contents of the Records be transcribed or duplicated by any other means except in an under seal filing with this Court in relation to the instant case.

6. The parties may not use the Records in any court proceeding or otherwise disclose any portion of the Records or their contents absent further order of this Court. If, after a review of the Records, defense counsel believes that material contained therein is admissible at trial, the defense shall

1  make an appropriate *in limine* motion seeking admission of the material at issue. The motion shall be
2  made under seal (accompanied by a request to file under seal) in order to comply with this Order
3  regarding the public disclosure of the Records.

4        7.    Within ten (10) working days after any judgment or disposition has become final and
5  there are no pending proceedings, challenges, appeals, habeas or other motions in the case, any and all
6  Records released under this order shall be destroyed or returned to the government, whether or not a
7  specific request has been made for the return of said documents. No information derived from the
8  disclosed Records may be used for any subsequent purpose or retained in any form, including any
9  database or files, absent further order of this Court.

**IT IS SO STIPULATED.**

ISMAIL J. RAMSEY
United States Attorney

Dated: August 14, 2023

\_\_/s/_____
HELEN L. GILBERT
LAURA VARTAIN HORN
KYLE F. WALDINGER
Assistant United States Attorney

\_\_/s/_____
ANGELA CHUANG
JODI LINKER
Federal Public Defender
Assistant Federal Public Defender
Counsel for Defendant David DePape

**IT IS SO ORDERED.**

Dated: August 15, 2023

*/s/ Jacqueline Scott Corley*
HON. JACQUELINE SCOTT CORLEY
United States District Judge