JODI LINKER
Federal Public Defender
Northern District of California
ANGELA CHUANG
TODD BORDEN
Assistant Federal Public Defenders
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:         Angela_Chuang@fd.org


Counsel for Defendant DePape


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WAYNE DEPAPE,<br><br>Defendant. | **Case No.:** CR 22–426 JSC<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT MOTIONS IN LIMINE**<br><br>**Court:**          Courtroom 8, 19th  Floor<br>**Hearing Date:**   October 26, 2023<br>**Hearing Time:**   1:00 p.m. |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Mr. DePape submits his responses to the government's motions in limine in accordance with the pretrial schedule in this matter.

**ARGUMENT**

I.  **Response To Motion In Limine #1:** The Court Should Deny The Government's Request To Preclude Relevant Evidence Of Other Individuals Who Were Potential Targets, Including Target 1

The government seeks to prevent Mr. DePape from introducing relevant evidence of other individuals who were integral parts of a plan that led to him going to the Pelosi residence on the night in question. In doing so, it tries to rewrite its own charging document that specifically references Target 1's role in that plan. *See* Indictment, Dkt. No. 3, ¶¶ 16(e), 18. While the indictment does not specifically identify others on the list beyond Target 1, it does reference the existence of a "target list" of other individuals and asserts that Mr. DePape searched for a home address of one of those other persons on October 26, 2022. *See id.* ¶ 18.

Undersigned counsel will submit an additional ex parte filing under seal for the Court's review that will make clear the relevance of Target 1 and the other individuals on the list to the trial. The defense requests that such submission remain ex parte and under seal, and that any discussion in court regarding the contents of such submission similarly be held ex parte and under seal, in order to avoid prematurely revealing details of defense trial strategy and theory. *See, e.g.*, *United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997) (finding that because "a criminal defendant has both a right to the pre–trial production of evidence and a right to protect his trial strategy," a defendant may submit an application for a Rule 17(c) subpoena ex parte and under seal). To force Mr. DePape to reveal his trial defense to the government in advance of trial would violate his right to present an effective defense and to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("Government violates the right to effective assistance when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense.").

It should go without saying that merely because the government has decided that it does not wish to introduce evidence of Target 1 and other individuals on the list, that decision does not prevent the defense from doing so in order to effectuate Mr. DePape's constitutional right to present a

defense. Mr. DePape further enjoys a Sixth Amendment right to subpoena witnesses for trial, which he has done for several potential witnesses including Target 1.[1] The defense submitted ex parte declarations under seal in support of its applications for such subpoenas, which the Court then issued. The defense thus expects each witness, including Target 1, to comply with these trial subpoenas as they would any other court order. While the defense recognizes that having to testify is a burden on any witness, such burden does not warrant excusing a validly subpoenaed witness from testifying at trial, particularly when a criminal defendant's constitutional rights hang in the balance and when such testimony is necessary to ensure a fair trial. *See Washington v. Texas*, 388 U.S. 14, 23 (1967) (explaining that the right to compulsory process would be meaningless if the defendant lacked the right to use the witnesses whose presence he compelled). The government has not cited any authority supporting the idea that the burden of testifying or awareness of a defendant's interest in them is a valid basis to exclude relevant evidence from a witness The defense is not unsympathetic to Target 1's concerns and is willing to make reasonable and appropriate accommodations to assuage them; these accommodations could include referring to them by initials or another pseudonymous identifier, or agreeing to seal the courtroom during their testimony.

The Court should deny the government's motion in limine No. 1 and should preclude the government from redacting evidence about Target 1 and other similarly situated individuals from its trial exhibits (i.e., Target 1's phone number and address on a sheet of a paper found on Mr. DePape's person, as well as search records for Target 1 and another person that were run on the same date as a search for Nancy Pelosi) pursuant to the Rule of Completeness.[2] *See* Fed. R. Evid. 106.

## II.   Response To Motion In Limine #2: Mr. DePape Does Not Intend To Raise An Insanity Or Diminished Capacity Defense

Mr. DePape does not intend to raise an insanity or diminished capacity defense, nor does he intend to introduce any expert evidence relating to insanity or any other mental disease, defect, or condition. Accordingly, the government's motion in limine No. 2 is moot.

---

[1] In its motion, the government states that the defense "has tried to serve [Target 1] with a trial subpoena." Gov't Mot. in Lim., Dkt. No. 85, at 2. Since the government's filing, the defense has in fact successfully served Target 1 with a trial subpoena.

[2] This Rule is discussed in further detail in Mr. DePape's response to the government's motion in limine No. 4.

DEF'S OPP. TO GOVT MOT. IN LIM.
*DEPAPE*, CR 22–426 JSC

2

III.  **Response To Motion In Limine #3:** Mr. DePape Will Not Cross-Examine Witnesses
Improperly About Prior Misconduct

Mr. DePape has not moved in limine to inquire about prior instances of police misconduct on
cross-examination. The defense considers this motion moot as to *Henthorn*-type questioning of law
enforcement witnesses.

The government, however, goes further than *Henthorn*'s reach[3] and asks the Court to require
the defense to make an offer of proof before cross-examining civilian witnesses. In doing so, the
government goes too far and has not cited any authority for its overreach. The government is not
entitled to glean defense trial strategy or preview specific lines of cross-examination and
impeachment that the defense may pursue. The Fifth and Sixth Amendments guarantee to Mr.
DePape the "fundamental right to a fair trial," which includes the right to confront witnesses via an
"adequate opportunity to cross-examine," *Crawford v. Washington*, 541 U.S. 36, 57 (2004), the
"effective assistance of counsel," *Strickland v. Washington*, 466 U.S. at 685–86, as well as "a
meaningful opportunity to present a complete defense," *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)
(citation and quotations omitted). To force the defense to proffer in advance how it intends to
impeach witnesses would violate Mr. DePape's constitutional rights by removing the element of
surprise and thus undermining the effectiveness of his counsel's cross-examination. The defense is
fully aware of what constitutes proper impeachment under Federal Rules of Evidence 608 and 609,
and will not, of course, engage in improper cross-examination. The government's motion should be
denied as to civilian witnesses.

IV.  **Response To Motion In Limine #4:** Mr. DePape Can Introduce His Own Statements From
The SFPD Interview For Non-Hearsay Purposes Or Through Hearsay Exceptions, As
Well As Pursuant To The Rule Of Completeness, And The KTVU Call Should Be
Excluded Under Rule 403

A.  The SFPD interview

The government attempts to characterize any out-of-court statement made by Mr. DePape as
"inadmissible hearsay" if offered by the defense. *See* Gov't Mot. in Lim., Dkt. No. 85, at 5. This

---

[3] *Henthorn* was concerned with potential impeachment material contained in personnel records for
testifying law enforcement witnesses, and said nothing about impeachment of civilian witnesses. *See
generally United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

1   blanket assertion is inconsistent with evidentiary rules that make clear that Mr. DePape can in fact
2   offer his own out-of-court statements in evidence under various theories of admissibility—namely, he
3   can do so based on: (1) non-hearsay purposes; (2) hearsay exceptions; and (3) the Rule of
4   Completeness.
5       An out-of-court statement is only hearsay if it is offered for the truth of the matter asserted. Fed
6   R. Evid. 801(c)(1). If offered for another purpose, it is not barred by the rule against hearsay. Many
7   of Mr. DePape's statements that were made during his interview with the SFPD will be offered not
8   for the truth of the matter asserted, but rather for non-hearsay purposes such as for effect on the
9   listener (to explain the police's subsequent investigative actions), to show that a statement was made,
10  to show his state of mind and intent, or to provide necessary context (i.e., questions and answers that
11  were made for clarification of meaning) for the statements that the government intends to introduce.
12      Furthermore, many of his statements would themselves fall within hearsay exceptions even if
13  they were offered for the truth of the matter asserted. ████████████████████████
14  ████████████████████████████████████████████████
15  ████████████████████████████████████████████████
16  ████████████████████████████████████████████████
17  ████████████████████████████████████████████████
18  ████████████████████████████████████████████████
19  ████████████████████████████████████████████████
20  ████████████████████████████████████████████
21  ██████████  *See* Fed. R. Evid. 803(2).[4]
22      Finally, the Rule of Completeness demands that the SFPD interview be admitted in its entirety[5]
23  if the government seeks to introduce portions therefrom, in order to put those statements in their
24  proper context and to avoid misleading the jury. The Rule of Completeness as codified in Rule 106

25  _____

26  [4] In an abundance of caution, the defense submits this information in redacted form because it was
27  produced to the defense under a protective order. It seems prudent that the parties address the
    continued necessity of such protective order at the pretrial conference.
    [5] Mr. DePape's position is that the entire interview should be introduced except for the unduly
28  prejudicial and irrelevant portions referencing allegations of child sexual abuse that he has moved to
    exclude in his motion in limine No. 5.

states, "If a party introduces all or part of a writing or recorded statement, an adverse party may

require the introduction, at that time, of any other part—or any other writing or recorded statement—

that in fairness ought to be considered at the same time." Fed. R. Evid. 106. The rule exists to avert

the "misleading impression created by taking matters out of context." Fed. R. Evid. 106, Advisory

Committee Notes for 1972 Proposed Rules. The government's proposed excerpts from the interview

make clear why this rule is necessary, as it has chopped up discussions to cherry-pick parts that it

would like to admit and to exclude other parts of the exact same conversation. ████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████Admission of the entire interview

is necessary in order to provide the jury with the full context of Mr. DePape's statements, as

contemplated by the Rule of Completeness.

It is important to note that an upcoming amendment to Rule 106 has been approved by the

Supreme Court and will take effect on December 1, 2023, which confirms that a hearsay objection

cannot stand in the way of admission of a statement under the Rule. The new language explicitly

states that "an adverse party may require the introduction . . . of any other part—or any other

statement—that in fairness ought to be considered at the same time. **The adverse party may do so**

**over a hearsay objection**." *See* Fed. R. Evid. 106 (effective Dec. 1, 2023) (emphasis added). In its

notes, the Advisory Committee explained that it had "determined that the rule of completeness,

grounded in fairness, cannot fulfill its function if the party that creates a misimpression about the

meaning of a proffered statement can then object on hearsay grounds and exclude a statement that

would correct the misimpression." Fed. R. Evid. 106, Advisory Committee Notes for 2023

Amendments. It further explained by way of example that the prosecution should not be permitted to

introduce an inculpatory statement and then invoke the hearsay rule to exclude an exculpatory

statement by the defendant that in fairness should be considered. *Id.* So should the Court rule here by admitting the entirety of Mr. DePape's SFPD interview upon the government's introduction of excerpts therefrom, consistent with the upcoming clarification to Rule 106.

       **B.**    **The KTVU call**

       The government has indicated that it will seek to introduce part of a call between Mr. DePape and KTVU, and characterizes his statements in this call as "admissions." *See* Govt Mot. in Lim., Dkt. No. 85, at 5; Chuang Opp. Decl., Ex. J (Gov't Highlighted KTVU Call Transcript). Mr. DePape submits that the government's selected excerpts from this call should be excluded from trial as irrelevant and unduly prejudicial under Rules 401 and 403. This call was made three months after the incident charged in this matter. The statements do not discuss the Pelosis or prove any of the necessary elements of the offenses charged. *See* Chuang Opp. Decl., Ex. J (Gov't Highlighted KTVU Call Transcript) at DEPAPE-0016766–DEPAPE-0016767 line 17. It cannot be said, then, that his statements reflect consciousness of guilt with regard to anything that occurred at the Pelosi residence. At most, they create an inference that it was Mr. DePape at the Pelosi residence that night—a fact that will not be in dispute at trial. Thus, the statements in this call lack anything beyond minimal probative value and are significantly outweighed by the danger of undue prejudice. In the absence of any dispute over whether Mr. DePape was the person at the Pelosi residence, the government clearly wishes to introduce these statements to the jury to paint Mr. DePape as an unremorseful, evil person who is dangerous and will hurt other people if not stopped. This creates the very real risk that the jury will convict Mr. DePape not based on evidence related to what he is actually charged with in this case, but rather because they think he is a bad person who will hurt other people. Such risk is precisely what Rule 403 was meant to prevent, and the Court should exclude evidence of the contents of the KTVU call accordingly.

**V.**    <u>Response To Motion In Limine #5:</u> **Mr. DePape Does Not Intend To Cross-Examine Mr. Pelosi About His DUI Conviction**

       Mr. DePape does not intend to cross-examine Mr. Pelosi about his prior DUI conviction and thus considers this motion moot. However, the defense reserves the right to question Mr. Pelosi about his conviction should he or the government open the door during his testimony.

1

**CONCLUSION**

2          For the foregoing reasons, Mr. DePape respectfully requests that the Court rule consistent with

3    his arguments on the aforementioned issues.

4

5    Dated:      October 11, 2023                              Respectfully submitted,

6

7                                                              /S

8                                                              ANGELA CHUANG
                                                               TODD BORDEN
                                                               JODI LINKER
9                                                              Counsel for Mr. DePape

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28