1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  HELEN L. GILBERT (NYBN 4736336)
   LAURA VARTAIN HORN (CABN 258485)
5  Assistant United States Attorneys

6      450 Golden Gate Ave
       San Francisco, CA 94102
7      Telephone: (415) 436-7200
       Fax: (415) 436-7234
8      Email: Helen.Gilbert@usdoj.gov
              Laura.Vartain@usdoj.gov
9
   Attorneys for the United States of America

10

11                         UNITED STATES DISTRICT COURT

12                        NORTHERN DISTRICT OF CALIFORNIA

13                              SAN FRANCISCO DIVISION

14  UNITED STATES OF AMERICA,            )  CASE NO. 3:22-CR-426-JSC
                                         )
15          Plaintiff,                   )  **JOINT PRETRIAL CONFERENCE**
                                         )  **STATEMENT**
16      v.                               )
                                         )  Trial Date:     November 6, 2023
17  DAVID WAYNE DEPAPE,                  )  Hearing Date:   October 26, 2023
                                         )  Hearing Time:   1:00 p.m.
18          Defendant.                   )
                                         )  Judge: Hon. Jacqueline Scott Corley
19  _____  )

20

21

22

23

24

25

26

27

28

JOINT PRETRIAL CONF. STATEMENT
3:22-CR-426-JSC

Pursuant to Local Rule 17.1-1, the parties submit this joint pretrial conference statement.

    **A.**    **Jencks Act, Grand Jury, *Brady,* and *Giglio* Disclosures (Crim. L.R. 17.1-1(b)(1)–(3)).**

    **1.**    **The United States' Position**

The United States believes that it has supplied all materials that may be *Brady* material, and it recognizes its obligation to continue to provide any such materials within its possession, custody, or control. The United States also understands its continuing duty to comply with Rule 16 and has and will do so.

As of this date, the United States is not aware of any exculpatory material or impeachment information concerning the witnesses expected to testify in its case-in-chief that would be subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), that is not already in the possession of, or available to, the defense. The United States continues to review the materials in its possession for exculpatory or impeachment information.

At present, the United States anticipates calling one witness that testified before the grand jury and has produced that testimony pursuant to Court order.

As the United States continues to prepare for trial, the government will be generating, collecting, and Bates-numbering additional law enforcement reports of witness interviews, and they will be provided to the defense as appropriate.

The United States has requested, but has not received, reciprocal discovery from the defendant pursuant to Federal Rule of Criminal Procedure 16(b). Additionally, the United States has received no witness statements from the defendant pursuant to Federal Rule of Criminal Procedure 26.2.

    **2.**    **Defendant's Position**

The defense has nothing further to add to the government's statement except to note that it is in compliance with its obligations under Federal Rules of Criminal Procedure 16(b) and 26.2.

    **B.**    **Stipulations (Crim. L.R. 17.1-1(b)(4)).**

To date, the parties have agreed to several stipulations of facts. The parties have reduced these stipulations to writing and will sign these and any other stipulations, file them with the Court, and

published the stipulations to the jury where appropriate.

### C. Need for Interpreters (Crim. L.R. 17.1-1(b)(5)).

Neither party anticipates requiring interpreters for any of its witnesses.

### D. Dismissal of Counts and Elimination of Certain Issues (Crim. L.R. 17.1-1(b)(6)).

#### 1. The United States' Position

The United States does not anticipate dismissing any counts. Other than the parties' possible stipulations to testimony and/or facts, to foundational evidentiary issues, or to the admissibility of certain records, the parties are not aware of other issues that can be eliminated prior to trial.

#### 2. Defendant's Position

As noted in its response to the government's motions *in limine*, the defense does not intend to present an insanity or diminished capacity defense. Accordingly, these issues can be eliminated prior to trial.

### E. Informants/Identification Evidence/Prior Convictions (Crim. L.R. 17-1(b)(8)).

#### 1. United States' Position

The United States will not rely on any informants or cooperating defendants in this matter. The government does not believe that the identity of the defendant is at issue. At present, the United States is not aware that the defendant or any of the government's witnesses have prior convictions.

#### 2. Defendant's Position

The defense is not aware of any informants or cooperating defendants in this case, nor is it aware of any prior convictions for any potential defense witnesses.

### F. Witness Lists (Crim. L.R. 17.1-1(b)(9)).

The parties have filed their witness lists. The government's witness list is Docket 87. Defendant's witness list is Docket 91.

### G. Exhibits and Other Documents (Crim. L.R. 17.1-1(b)(10)).

The parties have filed their exhibit lists. The government's exhibit list is Docket 86. Defendant's exhibit list is Docket 90.

**H.      Objections to Exhibits or Testimony (Crim. L.R. 17.1-1(b)(11)).**

   **1.      United States' Position**

The motions *in limine* tee up evidentiary issues. Government Exhibit 1 is the call that Mr. Pelosi made to 9-1-1, which the government intends to offer. Defendant did not move to exclude the call. To the extent that Defendant makes a hearsay objection to the entire 9-1-1 call at trial, the Court should overrule the objection. In the first instance, this is not hearsay because it is not offered for the truth of the statements made in it, but because it brought the police officers to the scene. Indeed, it is plainly not for the truth of certain statements within it, because Depape's statement that he is a "friend of theirs" is false. Further, the true statements include Defendant giving his name, Mr. Pelosi identifying his wife and that she was out of town, and these statements are not offered to prove anything in dispute, and will be proven through other evidence. The government requests that any hearsay or other evidentiary objections to the 9-1-1 call be litigated prior to opening statements so that, if deemed admissible, the government can include the 9-1-1 call in its opening statement.

In addition, the United States intends to introduce certain evidence as self-authenticating under Federal Rules of Evidence 902(4) or 902(11). The United States has notified Defendant of its intention to seek admission of records under the self-authentication provisions of Rule 902(11), and will continue to do so for additional records.

The United States also seeks to introduce two summary exhibits pursuant to Federal Rule of Evidence 1006, each of which summarizes the contents of voluminous recordings. These are marked as Exhibit 11, which summarizes multiple BART and MUNI videos, and Exhibit 14, which summarize multiple U.S. Capitol Police videos. The United States notified Defendant of its intention to introduce these two summary exhibits and Defendant did not object.

Some of the evidence the government intends to introduce includes personal identifiable information (PII) of the victims and Defendant, such as the victims' home address, the social-security number and financial account numbers of Defendant, and Defendant's birth date. The government suggests redacting this information according to Federal Rule of Criminal Procedure 49.1 for exhibits containing this information that will be shown in open court, but providing unredacted versions of admitted exhibits to the jury. Furthermore, the government does not plan to elicit any of this

information, particularly the victims' or Defendant's exact home address, during testimony and requests that the defense also refrain from doing so, as none of it is in dispute.

Additional evidence that the government intends to introduce include PII of other individuals, along with information about the victims. As the government has noted in its motion *in limine* 1, it believes that this information about other individuals is irrelevant to the case and should be excluded. Dkt. 85. For those exhibits that include PII of other individuals, the government proposes redacting this PII entirely from the exhibit, including any admitted exhibit that goes back to the jury. There is one physical exhibit, a piece of paper, that includes information about the victims along with the PII of another individual. The government proposes not publishing the PII of the other individual in open court, but providing the physical exhibit, if admitted, in full to the jury.

Regarding information subject to the protective orders in this case, these Protective Orders agreed to by the parties do not terminate at trial, and they continue to protect evidence in the case that is not an exhibit at trial.

The government agrees with Defendant's position below that the jury can hear that it is normal to redact PII.

### 2.    Defendant's Position

The pending motions *in limine* address evidentiary issues that are currently anticipated, but the defense reserves the right to object to exhibits and/or testimony at trial beyond what is discussed in the motions. The defense does not intend to litigate the admissibility of Exhibit 1, the 9-1-1 call, within the confines of a pretrial conference statement. With that said, the government has correctly stated that the defense has not moved to exclude the call.

As is consistent with the normal course of handling PII, the defense has no objection to redacting PII from exhibits shown to the public with unredacted versions provided to the jury so long as such redactions apply across the board to everyone's PII. In order to avoid speculation and prejudicing the jury against Mr. DePape, the defense requests that the Court briefly explain to the jury that it is common for PII to be shielded from the public during trials to protect private information. Defense counsel intends to refer to addresses by street names only instead of specifying exact street numbers. For the reasons discussed in relation to motions *in limine*, the defense believes that PII of certain other

individuals is relevant to the case and should not be redacted from admitted exhibits that go to the jury.

On a related note, the defense believes that aside from PII, information covered by the protective orders in this matter should no longer be considered protected and can be discussed openly once jury selection begins.

### I.   Legal Issues Likely to Arise at Trial (Crim. L.R. 17.1-1(b)(12)).

#### 1.   The United States' Position

The United States is not aware of any other legal issues, aside from those raised in the pending motions *in limine*.

#### 2.   Defendant's Position

The defense is similarly not aware any of other legal issues aside from those raised in the motions *in limine*.

### J.   Scheduling of the Trial and of Witnesses (Crim. L.R. 17.1-1(b)(13)).

The parties are not aware of any scheduling issues at present and will promptly raise any with the Court.

### K.   Proposed Voir Dire, Jury Instructions, and Verdict Forms (Crim. L.R. 17.1-1(b)(14)).

The scheduling order in this case not does require the filing of proposed *voir dire*, and the parties do not intend to file proposed *voir dire*. The parties are filing jury instructions and the verdict form jointly contemporaneous with this filing.

DATED:  October 18, 2023

Respectfully submitted,

ISMAIL J. RAMSEY  
United States Attorney

\_\_/s/_____  
HELEN L. GILBERT  
LAURA VARTAIN HORN  
Assistant United States Attorneys

\_\_/s/_____  
ANGELA CHUANG  
JODI LINKER  
TODD BORDEN  
Counsel for Mr. DePape

<u>Attestation of Filer</u>

In addition to myself, the other signatories to this document are <u>Jodi Linker</u> and <u>Angela Chuang</u>. I attest that I have their permission to enter a conformed signature on their behalf and to file this document.

DATED: October 18, 2023

/s/
HELEN L. GILBERT
Assistant United States Attorney