ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

HELEN L. GILBERT (NYBN 4736336)
LAURA VARTAIN HORN (CABN 258485)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Email: Helen.Gilbert@usdoj.gov
            Laura.Vartain@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:22-CR-426-JSC |
| Plaintiff, | PARTIES' JOINT PROPOSED JURY INSTRUCTIONS |
| v. | Trial Date:        November 6, 2023 |
| DAVID WAYNE DEPAPE, | Pretrial Conf. Date:  October 26, 2023 |
| | Time:          1:00 p.m. |
| Defendant. | Court:        Hon. Jacqueline Scott Corley |

      Pursuant to this Court's pretrial order, Dkt. 126, the parties hereby submit the following joint set of jury instructions set forth below in the Table of Contents. This list includes the instructions that the parties believe will be or may be appropriate in this case. Where the parties propose changes to a Ninth Circuit Model Jury Instruction (including where bracketed language has been removed or completed) or for those instructions in which there is no Model Instruction, the parties have bolded these instructions in the Table of Contents and in their titles in the body of the instructions. Instructions that may or may not be applicable are marked "if applicable" in both the Table of Contents and the body of the instructions.

Some of these instructions will depend on the evidence adduced at trial and the Court's rulings. Prior to or at the close of the evidence, the parties may therefore withdraw or revise some of these requests or make requests for additional instructions.  Accordingly, the parties respectfully reserve the right to request the withdrawal, modification, or addition of instructions.  With regard to Proposed Instructions 37 and 38, the defense submits that the decision on these particular instructions should be reserved for the final charging conference at the close of evidence.  The defense also specifically reserves the right to submit a theory of defense instruction (for every theory of defense) at the close of evidence, and the government reserves the right to oppose any such instruction.

DATED:  October 18, 2023                   Respectfully submitted,

                                           ISMAIL J. RAMSEY
                                           United States Attorney

                                           _____
                                                   /s/
                                           HELEN L. GILBERT
                                           LAURA VARTAIN HORN
                                           Assistant United States Attorneys

                                           _____
                                                   /s/
                                           JODI LINKER
                                           Federal Public Defender
                                           ANGELA CHUANG
                                           Assistant Federal Public Defender
                                           Counsel for Defendant David DePape

Attestation of Filer

In addition to myself, the other signatories to this document are Jodi Linker and Angela Chuang. I attest that I have their permission to enter a conformed signature on their behalf and to file this document.

DATED: October 18, 2023                    _____
                                                   /s/
                                           HELEN L. GILBERT
                                           Assistant United States Attorney

# TABLE OF CONTENTS

| Proposed Instruction No. | Model Instruction No.* | |
|---|---|---|
| **1** | **1.1** | **DUTY OF JURY** |
| **2** | **1.2** | **THE CHARGES—PRESUMPTION OF INNOCENCE** |
| 3 | 1.3 | WHAT IS EVIDENCE |
| 4 | 1.4 | WHAT IS NOT EVIDENCE |
| 5 | 1.5 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 6 | 1.6 | RULING ON OBJECTIONS |
| 7 | 1.7 | CREDIBILITY OF WITNESSES |
| 8 | 1.8 | CONDUCT OF THE JURY |
| 9 | 1.9 | NO TRANSCRIPT AVAILABLE TO JURY |
| 10 | 1.10 | TAKING NOTES |
| 11 | 1.11 | OUTLINE OF TRIAL |
| **12** | **1.14** | **QUESTIONS TO WITNESSES BY JURORS DURING TRIAL** |
| 13 | 1.16 | BENCH CONFERENCES AND RECESSES |
| **14** | **2.1** | **CAUTIONARY INSTRUCTIONS** |
| 15 | 2.3 [if applicable] | STIPULATIONS OF FACT |
| **16** | **2.6** | **TRANSCRIPT OF RECORDING IN ENGLISH** |
| 17 | 3.1 | STATEMENTS BY DEFENDANT |
| **18** | **3.14** | **OPINION EVIDENCE, EXPERT WITNESS** |
| 19 | 3.16 [if applicable] | CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE |
| 20 | 3.17 | CHART AND SUMMARIES ADMITTED INTO EVIDENCE |
| 21 | 6.1 | DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW |
| 22 | 6.2 | CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF |
| 23 | 6.3 [if applicable] | DEFENDANT'S DECISION NOT TO TESTIFY |
| 24 | 6.4 [if applicable] | DEFENDANT'S DECISION TO TESTIFY |

| 25 | 6.5 | REASONABLE DOUBT—DEFINED |
|----|-----|---------------------------|
| 26 | 6.6 | WHAT IS EVIDENCE |
| 27 | 6.7 | WHAT IS NOT EVIDENCE |
| 28 | 6.8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 29 | 6.9 | CREDIBILITY OF WITNESSES |
| 30 | 6.11 | SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT |
| 31 | 6.19 | DUTY TO DELIBERATE |
| 32 | 6.20 | CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY |
| 33 | 6.21 | USE OF NOTES |
| 34 | 6.22 | JURY CONSIDERATION OF PUNISHMENT |
| 35 | 6.23 | VERDICT FORM |
| 36 | 6.24 | COMMUNICATION WITH COURT |
| **37** | **17.6** | **ATTEMPTED KIDNAPPING—FEDERAL OFFICER (18 U.S.C. § 1201(d))** |
| **38** | **N/A** | **ASSAULT ON IMMEDIATE FAMILY MEMBER OF A FEDERAL OFFICIAL WITH A DANGEROUS WEAPON (18 U.S.C. § 115(a)(1)(A))** |

1
2

### PROPOSED INSTRUCTION No. 1

### DUTY OF JURY

3    Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something

4 about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will

5 give you more detailed instructions, both orally and in writing, that will control your deliberations.

6    When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in

7 the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as

8 I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence

9 and the law before you.

10    Perform these duties fairly and impartially.  You should not be influenced by any person's race,

11 color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic

12 circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy,

13 prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are

14 stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without

15 conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we

16 evaluate information and make decisions.

17

18                              **Authority**

19 NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.1.

20
21
22
23
24
25
26
27
28

**PROPOSED INSTRUCTION No. 2**

**THE CHARGES—PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government.  The government charges the defendant with attempting to kidnap Congresswoman Nancy Pelosi, in violation of Title 18, United States Code, Section 1201(d), and assaulting Paul Pelosi with a dangerous weapon, in violation of Title 18, United States Code, Section 115(a)(1)(A).  The charges against the defendant are contained in the Indictment.  The Indictment simply describes the charges the government brings against the defendant. The Indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:

The elements of attempting to kidnap Congresswoman Nancy Pelosi are:

First, the defendant intended to seize, confine, kidnap, abduct, or carry away and hold a federal officer against her will, on account of or during the performance of her official duties; and

Second, the defendant did something that was a substantial step towards committing the crime.

The elements of assaulting Paul Pelosi are:

First, the defendant forcibly assaulted a member of the immediate family of a United States official;

Second, the defendant did so with intent to impede, intimidate, interfere with, or retaliate against the federal official while she was engaged in or on account of the performance of her official duties; and

Third, the defendant used a dangerous weapon.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.2.

## PROPOSED INSTRUCTION No. 3

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.3.

1

PROPOSED INSTRUCTION No. 4

2

WHAT IS NOT EVIDENCE

3          The following things are not evidence, and you must not consider them as evidence in deciding

4   the facts of this case:

5          First, statements and arguments of the attorneys;

6          Second, questions and objections of the attorneys;

7          Third, testimony that I instruct you to disregard; and

8          Fourth, anything you may see or hear when the court is not in session even if what you see or

9   hear is done or said by one of the parties or by one of the witnesses.

10

11                                  **Authority**

12   NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.4.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

PROPOSED INSTRUCTION No. 5

DIRECT AND CIRCUMSTANTIAL EVIDENCE

3

4

5

   Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

6

7

8

   You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

9

10

**Authority**

11

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.5.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 6

RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.6.

1

PROPOSED INSTRUCTION No. 7

2

CREDIBILITY OF WITNESSES

3       In deciding the facts in this case, you may have to decide which testimony to believe and which

4 testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

5       In considering the testimony of any witness, you may take into account:

6       First, the witness's opportunity and ability to see or hear or know the things testified to;

7       Second, the witness's memory;

8       Third, the witness's manner while testifying;

9       Fourth, the witness's interest in the outcome of the case, if any;

10       Fifth, the witness's bias or prejudice, if any;

11       Sixth, whether other evidence contradicted the witness's testimony;

12       Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

13       Eighth, any other factors that bear on believability.

14       You must avoid bias, conscious or unconscious, based on a witness's race, color, religious

15 beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your

16 determination of credibility.

17       The weight of the evidence as to a fact does not necessarily depend on the number of witnesses

18 who testify about it.  What is important is how believable the witnesses are, and how much weight you

19 think their testimony deserves.

20 **Authority**

21 NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.7.

PROPOSED INSTRUCTION No. 8

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, X (formerly known as Twitter), Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.8.

PROPOSED INSTRUCTION No. 9

NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.9.

1

## PROPOSED INSTRUCTION No. 10

2

### TAKING NOTES

3   If you wish, you may take notes to help you remember the evidence.  If you do take notes, please

4   keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let

5   note-taking distract you from being attentive.  When you leave court for recesses, your notes should be

6   left in the jury room.  No one will read your notes.

7   Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are

8   only to assist your memory.  You should not be overly influenced by your notes or those of your fellow

9   jurors.

10   **Authority**

11   NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.10.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROPOSED INSTRUCTION No. 11

2

OUTLINE OF TRIAL

3      The next phase of the trial will now begin.  First, each side may make an opening statement.  An

4  opening statement is not evidence.  It is simply an outline to help you understand what that party expects

5  the evidence will show.  A party is not required to make an opening statement.

6      The government will then present evidence and counsel for the defendant may cross-examine.

7  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

8      After the evidence has been presented, the attorneys will make closing arguments and I will

9  instruct you on the law that applies to the case.

10      After that, you will go to the jury room to deliberate on your verdict.

11

12      **Authority**

13  NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.11.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED INSTRUCTION No. 12

### QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.


### Authority

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.14.

PROPOSED INSTRUCTION No. 13

BENCH CONFERENCES AND RECESSES

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 1.16.

**PROPOSED INSTRUCTION No. 14**

**CAUTIONARY INSTRUCTIONS**

At the End of Each Day of the Case:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

At the Beginning of Each Day of the Case:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

(During voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.1.

PROPOSED INSTRUCTION No. 15

STIPULATIONS OF FACT

[if applicable]

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.3.

## PROPOSED INSTRUCTION No. 16

**TRANSCRIPT OF RECORDING IN ENGLISH**

You are about to hear/watch a recording that has been received in evidence.  Please listen to/watch it very carefully.  A transcript of the recording will be provided on the screen as you listen/watch to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you hear is controlling.  The transcript will not be provided to you to review during your deliberations.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 2.6.

1    PROPOSED INSTRUCTION No. 17

2    STATEMENTS BY DEFENDANT

3        You have heard testimony that the defendant made statements.  It is for you to decide (1)

4    whether the defendant made the statements, and (2) if so, how much weight to give them.  In making

5    those decisions, you should consider all the evidence about the statements, including the circumstances

6    under which the defendant may have made them.

7        **Authority**

8    NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.1.

1

2

### PROPOSED INSTRUCTION No. 18

**OPINION EVIDENCE, EXPERT WITNESS**

3

4

5

     You have heard testimony from Wing Ng, who testified about her opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

6

7

8

9

     Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

10

11

**Authority**

12

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.14.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROPOSED INSTRUCTION No. 19

2

CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

3

[if applicable]

4    During the trial, certain charts and summaries were shown to you to help explain the evidence in

5    the case.  These charts and summaries were not admitted into evidence and will not go into the jury

6    room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect

7    the facts or figures shown by the evidence in the case, you should disregard these charts and summaries

8    and determine the facts from the underlying evidence.

9

10

**Authority**

11

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.16.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

PROPOSED INSTRUCTION No. 20

CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

3    Certain charts and summaries have been admitted into evidence.  Charts and summaries are only

4  as good as the underlying supporting material.  You should, therefore, give them only such weight as

5  you think the underlying material deserves.

6

7                                                    **Authority**

8  NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.17.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 21

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED INSTRUCTION No. 22

CHARGE AGAINST DEFENDANT NOT EVIDENCE—

PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.2.

1

PROPOSED INSTRUCTION No. 23

2

DEFENDANT'S DECISION NOT TO TESTIFY

3

[If applicable]

4    A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict,

5    the law prohibits you from considering in any manner that the defendant did not testify.

6

**Authority**

7    NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.3.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 24

DEFENDANT'S DECISION TO TESTIFY

[If applicable]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.4.

PROPOSED INSTRUCTION No. 25

REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.5.

PROPOSED INSTRUCTION No. 26

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.6.

## PROPOSED INSTRUCTION No. 27

### WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.7.

PROPOSED INSTRUCTION No. 28

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.8.

PROPOSED INSTRUCTION No. 29

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.9.

PROPOSED INSTRUCTION No. 30

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.11.

PROPOSED INSTRUCTION No. 31

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.19.

PROPOSED INSTRUCTION No. 32

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

> The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.20.

PROPOSED INSTRUCTION No. 33

USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.21.

PROPOSED INSTRUCTION No. 34

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.22.

PROPOSED INSTRUCTION No. 35

VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.23.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 36

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 6.24.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION No. 37**

**ATTEMPTED KIDNAPPING—FEDERAL OFFICER**

**(18 U.S.C. § 1201(d))**

The defendant is charged in Count One of the Indictment with attempting to kidnap a federal officer in violation of Section 1201(d) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to seize, confine, kidnap, abduct, or carry away and hold a federal officer against her will, on account of or during the performance of her official duties; and

Second, the defendant did something that was a substantial step toward committing the crime.

A "federal officer" is any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services).

A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime.  To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a substantial step toward committing the crime.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 17.6; 18 U.S.C. § 1114(a).

1

**PROPOSED INSTRUCTION No. 38**

2

**ASSAULT ON IMMEDIATE FAMILY MEMBER OF A FEDERAL OFFICIAL**
**WITH A DANGEROUS WEAPON**

3

**(18 U.S.C. § 115(a)(1)(A))**

4

5      The defendant is charged in Count Two of the indictment with assault on a member of the

6  immediate family of a federal official in violation of Section 115(a)(1)(A) of Title 18 of the United

7  States Code.  For the defendant to be found guilty of that charge, the government must prove each of the

8  following elements beyond a reasonable doubt:

9

10      First, the defendant forcibly assaulted a member of the immediate family of a United States

11  official;

12      Second, the defendant did so with intent to impede, intimidate, or interfere with the federal

13  official while engaged in the performance of her official duties, or with intent to retaliate against the

14  federal official on account of the performance of her official duties; and

15      Third, the defendant used a dangerous weapon during and in relation to the offense.

16

17      There is a forcible assault when one person intentionally strikes another, or willfully attempts to

18  inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict

19  injury on another which causes a reasonable apprehension of immediate bodily harm.

20

21      A "United States official" means the President, President-elect, Vice President, Vice President-

22  elect, a Member of Congress, a member-elect of Congress, a member of the executive branch who is the

23  head of a department listed in 5 U.S.C. 101 , or the Director of the Central Intelligence Agency.

24

25      A hammer is a dangerous weapon if it is used in a way that is capable of causing death or serious

26  bodily injury.

27      **Authority**

28  18 U.S.C. § 115(a)(1)(A), (c)(4); *see also* NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 8.2.