ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

HELEN L. GILBERT (NYBN 4736336)
LAURA VARTAIN HORN (CABN 258485)
Assistant United States Attorneys

    450 Golden Gate Ave
    San Francisco, CA 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Email: Helen.Gilbert@usdoj.gov
           Laura.Vartain@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID WAYNE DEPAPE, <br><br> Defendant. | CASE NO. 3:22-CR-426-JSC <br><br> **UNITED STATES' REPLY IN SUPPORT OF UNITED STATES' MOTIONS IN LIMINE** <br><br> Trial Date: November 6, 2023 <br> Hearing Date: October 26, 2023 <br> Hearing Time: 1:00 p.m. <br><br> Judge: Hon. Jacqueline Scott Corley |

USA's REPLY RE: MOTIONS IN LIMINE
3:22-CR-426-JSC

## I.  MOTIONS *IN LIMINE* NOT IN DISPUTE

Based on Defendant's Opposition to government's motions *in limine,* the Court can grant as unopposed government motion *in limine* 2 concerning insanity or diminished capacity, as Defendant does not intend to raise either defense.

Concerning motion *in limine* 3, this also is not a disputed issue, as the government will not seek prior information about impeachment of civilian witnesses.

The Court can also grant as unopposed government motion *in limine* 5 concerning the DUI, as Defendant does not intend to cross examine on that topic.

## II.  REPLY IN SUPPORT OF MOTION IN LIMINE 1: TO PRECLUDE DEFENDANT FROM INTRODUCING IRRELEVANT EVIDENCE REGARDING OTHER INDIVIDUALS THAT HE MAY HAVE INTENDED TO TARGET

Defendant contends that Target 1 has relevant testimony to offer, but claims that the Sixth Amendment somehow shields him from providing even a basic statement about how his/her testimony is relevant. While it is true that in the context of Rule 17, a defendant's claims of relevance and admissibility are handled *ex parte* in order to procure a subpoena from the Court, as a practical matter, the pre-trial litigation process necessarily reveals certain aspects of defense strategy in order for the Court to determine issues prior to trial.  In the context of defendant's contention that Target 1's testimony is relevant, the invocation of the Sixth Amendment to prevent giving even a basic proffer of relevance goes too far. The Court should consider requiring Defendant to make a basic relevance statement that the government can address, while allowing Defendant's more detailed strategy to remain confidential.

Any argument that Defendant makes in support of the proposition that Target 1 is relevant to the jury will stretch relevance beyond the meaning of the rules. The two counts do not involve Target 1 at all. The fact that the Indictment in background allegations reads that in his Mirandized interview, Defendant "identified another person, referred to here as 'Target 1' as 'way up' on his target list, and he explained that he had a plan to use Speaker Pelosi to lure Target 1 to Depape," Dkt. 3 ¶ 16(e), does not go to the proof of either count. Indeed, if the government tried to introduce this evidence, Defendant might well claim that it is subject to Rule 404(b).

Here are some defenses that the government brainstorms Defendant could claim, as well as the reasons the Court should decline to permit testimony from Target 1:

First, Defendant could claim that he was not targeting Congresswoman Pelosi due to her official duties, and that Target 1 helps make that argument because Target 1 is not a federal official. Target 1's testimony, though is irrelevant on that point, and it's just as irrelevant that Defendant had other "targets", as this case is about victims Congresswoman Pelosi and Mr. Pelosi.

Second, Defendant could claim that if he did not in fact threaten or assault Target 1, that then goes to show that he did not intend to harm Mr. Pelosi or kidnap Congresswoman Pelosi. What Defendant did with respect to other people has no bearing on his assault of Mr. Pelosi and his attempt to kidnap Congresswoman Pelosi, which are demonstrated by the evidence in this case, including what Defendant did and what he said about it.

These attempts to rebut Defendant's claim of relevance demonstrate that it is hard to do in a vacuum, and if the Court is inclined to permit the testimony of Target 1, it should first give the government a more meaningful opportunity to rebut Defendant's claims by requiring a basic assertion of relevance.

### III. REPLY IN SUPPORT OF MOTION IN LIMINE 4: TO PRECLUDE DEFENDANT FROM INTRODUCING HIS OWN HEARSAY STATEMENTS

#### A. The Court Should Not Permit Defendant to Introduce His Own Hearsay Statements to SFPD Under Rule 106

At this time, the United States has marked five excerpts of the statement that Defendant made to SFPD Lieutenant Hurley on October 28, 2022 to admit at trial. Defendant confessed both the attempted kidnapping of Congresswoman Pelosi and the assault of Mr. Pelosi repeatedly throughout the interview. During the interview he explained why he committed the crimes. These excerpts capture the confession and are accurately reflected in the highlighted portions of the transcript of this interview submitted by Defendant as Exhibit I to Defendant's Opposition to the United States' motion *in limine*. Dkt. 98. These excerpts are not misleading or taken out of context, and therefore additional portions of Defendant's interview should not be admitted pursuant to Federal Rule of Evidence 106.

Rule 106 states:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time.

The Ninth Circuit provides that Rule 106 codified the common law Rule of Completeness, "which exists to avert misunderstanding or distortion caused by introduction of only part of a document." *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). In *Vallejos*, the Ninth Circuit made clear that it is "perfectly proper to admit segments" of statements and "adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them." *Id*. "[I]f the complete statement [does] not serve to correct a misleading impression in the edited statement that is created by taking something out of context, the Rule of Completeness will not be applied to admit the full statement." *Id*. (internal citation and quotations omitted). Indeed, the Ninth Circuit has repeatedly upheld district court rulings rejecting defendants' attempts to augment segments of their confessions that were not misleading. *Id*. at 905 (holding district court did not abuse its discretion when finding redacted statement was not misleading and therefore full statement was not required to be admitted into evidence); *United States v. Liera-Morales*, 759 F.3d 1105, 1111 (9th Cir. 2014) ("The district court carefully and thoroughly considered the government's proffered statements from the post-arrest interview and correctly determined that those statements were neither misleading nor taken out of context."); *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (finding additional statements inadmissible under Rule 106 because the admitted statements were not misleading or taken out of context).

The text of the Rule as it will be implemented later this year has changed to the following, with changed portions in italics:

> If a party introduces all or part of a *statement*, an adverse party may require the introduction, at that time, of any other part--or any other *statement*--that in fairness ought to be considered at the same time. *The adverse party may do so over a hearsay objection.*

Fed. R. Evid. 106 (effective December 1, 2023). The Advisory Committee Notes identify two aspects of the amendment: first, that a completing statement that in fairness should be considered at the same time is admissible over a hearsay objection. Second, and not applicable here, the Amendments make clear that the Rule covers unrecorded oral statements. The statements here are recorded.

As it concerns when a statement is admissible over a hearsay objection, the Advisory Committee Notes for the 2023 Amendment state:

> The amendment does not give a green light of admissibility to all excised portions of statements. It does not change the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression. The mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106.

Advisory Committee Notes to Rule 106, effective Dec 1. 2023.

Defendant wants to be permitted to put in the entire interview given to SFPD, which the December 2023 Amended Rule 106 would not permit, even if it were in effect. Certainly putting in the Defendant's entire interview is not what the Committee had in mind. That is particularly true here where the government's excerpts do not create a misimpression.

To the extent that Defendant wants to put in additional segments during his case, he should identify those so that the parties can litigate each section one-by-one and the Court can decide now without wasting juror time. Defendant provides examples of sections that he argues are non-hearsay because they are not offered for the truth, or fall within a hearsay exception, but Defendant never identifies line by line, as he should, a basis for admissibility. First, Defendant claims that two statements fall "squarely" within the hearsay exception for then-existing mental, emotional, or physical condition. Neither of those statements falls squarely within the then-existing exception because neither is what Defendant was thinking at that time. Instead, Defendant gave these statements hours after he committed his crimes. Second, Defendant appears to contend that all of his statement or at least some portions are excited utterances. Neither the entire statement nor any statement within it is an excited utterance because he gave the statement five hours after the assault. If there are statements that Defendant wants to admit from his statements to SFPD after SFPD tackled and removed him from the Pelosi Residence, he should identify those and raise the basis for admissibility.

This trial will be short and fast moving. There is no reason to litigate the admissibility of Defendant's statements on the spot before the jury. Doing so will be a waste of the jury's time. Defendant cannot admit the entire statement, and if there are certain aspects he wants to introduce, the parties should litigate those sections now.

### B. The Court Should Admit the KTVU Call as Highly Probative of Motive and Intent

The Court should permit the government to admit an excerpt of Defendant's call on January 27, 2023, to KTVU, as marked in Exhibit J to Defendant's Opposition to the United States' Motions in Limine. Dkt. 98. Contrary to Defendant's assertion, these statements are relevant not simply to the fact that Defendant was at the Pelosi's home, but to his motive for assaulting Mr. Pelosi and attempting to kidnap Congresswoman Pelosi and the steps he took prior to breaking into the Pelosi's home. As such, they are probative evidence of intent.

The government must prove for both Counts One and Two that Defendant targeted Congresswoman Pelosi and Mr. Pelosi based on Congresswoman Pelosi's performance of her official duties. Specifically, Count One requires the government to prove that Defendant intended to kidnap Congresswoman Pelosi "on account of or during the performance of her official duties." *See* NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 17.6; *see also* 18 U.S.C. § 1201(a)(5), (d). Count Two requires the government to prove that Defendant assaulted Mr. Pelosi "with intent to impede, intimidate, or interfere with" Congresswoman Pelosi "while engaged in the performance of her official duties, or with the intent to retaliate against" Congresswoman Pelosi "on account of the performance of official duties." 18 U.S.C. § 115(a)(1). Defendant's statements in this call about tracking down, paying visits to, and chatting about the bad behavior of people he accused of killing "the tree of liberty," along with his statements about tyranny and patriots, are probative of these two elements, both standing on their own and in combination with the other statements he made after committing the assault and attempting to kidnap then-Speaker Pelosi.

The government additionally needs to prove for Count One that Defendant both intended to kidnap Congresswoman Pelosi and that he did something that was a substantial step towards kidnapping Congresswoman Pelosi, that is, conduct that strongly corroborates Defendant's intent to commit the crime. NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 17.6. The government must show that Defendant's act or actions unequivocally demonstrate that the crime would have taken place but for it being interrupted by independent circumstances. *Id*. Defendant's statements in this call about the steps he took prior to breaking into the Pelosi's home, that he "got their names and addresses so that [he] could pay them a visit," and his regret that he "didn't get more of them" and that he "should have come

better prepared" go to the core of Defendant's intent to kidnap Congresswoman Pelosi and that he would have done so but for being interrupted by independent circumstances. Whether Defendant had the requisite intent to commit Count One and whether he took a substantial step towards committing the crime is likely to be an issue at trial, and Defendant's statements in this call directly address these elements.

Additionally, Defendant's call to KTVU is different from his SFPD interview because of the circumstances of the call, which he initiated voluntarily and from custody. The jury is likely to receive the following instruction regarding Statements by Defendant:

> You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give them. In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made them.

NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) NO. 3.1. While Defendant's statements to SFPD Lieutenant Hurley were while he was in custody and were in response to questions by Lieutenant Hurley, Defendant initiated the call to KTVU himself and volunteered that he would "like to give a statement" before describing his motives and actions related to the charged conduct. The voluntariness of Defendant's statement to Lieutenant Hurley could be at issue, which makes the voluntary nature of Defendant's statement in the KTVU call even more probative. In addition, Defendant presumably considered what he wanted to say before he placed the KTVU call.

In short, should Defendant contend that he did not intend to commit either crime or that he did not take a substantial step towards kidnapping Congresswoman Pelosi, his voluntary statement to KTVU will be relevant and highly probative to the jury, and when put together with other evidence in the case, will further the proof beyond a reasonable doubt that Defendant is guilty of both counts. The statement is not unfairly prejudicial, and in fact Defendant could foresee when he made the call, after being charged in this case and the State case, from jail to a local news report and told her that he wanted to give a statement and that it could be recorded that it would be used against him. The Court should admit the KTVU call.

//

//

## IV. CONCLUSION

The government respectfully requests that the Court grant the government's motion *in limine* 1 and preclude Defendant from introducing irrelevant evidence of other individuals, including Target 1. The government respectfully requests that the Court grant government motion *in limine* 4, and preclude Defendant from admitting his interview with Lieutenant Hurley, and any other statements, in their entirety and require Defendant to identify any specific statements that he would like the Court to consider providing under Rule 106. Further, the government requests that the Court admit Defendant's call to KTVU. With respect to government motions *in limine* 2, 3, and 5, it appears there is no dispute between the parties.

DATED: October 18, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

    /s/
HELEN L. GILBERT
LAURA VARTAIN HORN
Assistant United States Attorneys