UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID WAYNE DEPAPE,

Defendant.

Case No.  22-cr-00426-JSC-1

**ORDER RE: MOTIONS IN LIMINE**

Re: Dkt. Nos. 85, 88, 117

Jury selection is scheduled to commence on November 6, 2023.  The Court held a pretrial conference on October 26, 2023.  This Order confirms the matters discussed and ruled upon at the conference.

I.    GOVERNMENT'S MOTIONS IN LIMINE

1.  **Motion in Limine 1: To Preclude Defendant from Introducing Irrelevant Evidence Regarding Other Individuals He May Have Intended to Target**

The government requests the Court exclude evidence regarding the other individuals whom Defendant researched, including but not limited to Target 1, as irrelevant to any of the elements of either count brought against Defendant, including Defendant's requisite intent to commit either offense.  (Dkt. No. 85 at 2-3.)[1]  The motion is DENIED without prejudice.  The Court has reviewed Defendant's proffer of relevance *in camera* and finds this evidence, assuming it is presented in admissible form, is not irrelevant; indeed, the Indictment itself refers to this evidence. *See* Fed. R. Evid. 401.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

**2. Motion in Limine 2: To Preclude Defendant from Raising Any Argument or Expert Evidence Relating to Insanity, and to Require Him to Proffer Facts Prior to Any Argument Regarding Diminished Capacity**

GRANTED as unopposed.

**3. Motion in Limine 3: To Require Defendant to Proffer a Good-Faith Basis for Any Henthorn-Type Inquiry of a Law Enforcement Witness**

GRANTED as unopposed as to law enforcement witnesses only. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

**4. Motion in Limine 4: To Preclude Defendant from Introducing His Own Hearsay Statements**

The government requests the Court preclude Defendant from introducing or eliciting Defendant's own out-of-court statements, offered by and for himself at trial, including by augmenting the excerpts of his statements designated by the Government, on the grounds such statements are inadmissible hearsay.

The Court GRANTS the motion. As to the SFPD interview, Defendant fails to identify any misleading impressions created by a lack of context in the Government's five excerpts or adequately explain how introducing the entire SFPD interview would correct any misleading impressions created by the Government's five excerpts. *See United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) ("In other words, if the 'complete statement [does] not serve to correct a misleading impression' in the edited statement that is created by taking something out of context, the Rule of Completeness will not be applied to admit the full statement."). The same ruling applies to Defendant's KTVU call.

As discussed at the hearing, the parties shall meet and confer regarding any specific statements or excerpts Defendant contends should be admitted to avoid misleading the jury. The Court shall hold a further pretrial conference on November 1, 2023 at 9:30 a.m. to discuss this issue, to the extent a hearing is needed.

## II.   DEFENDANT'S MOTIONS IN LIMINE

**1. Motions in Limine 1, 2, 3: The Court Should Exclude Witnesses from All Trial Proceedings**

United States District Court
Northern District of California

1   GRANTED as unopposed.  All proposed witnesses, other than one case agent and one

2   defense investigator, are excluded from the Courtroom.

3   **2.  Motion in Limine 4: The Court Should Designate All Government Witnesses as Under Defense Subpoena Unless Released**

4

5   GRANTED as to the government's amended witness list.  However, if Defendant wishes

6   to call a law enforcement witness the government does not call, Defendant should be prepared to

7   question that witness on the date, and perhaps time, originally contemplated by that witness in

8   light of witness work responsibilities.  The government shall file its amended witness list on the

9   docket by Monday, October 30, 2023.

10  **3.  Motion in Limine 5: The Court Should Exclude Unnoticed and Irrelevant "Other Acts" Evidence, Including Any Reference to False Claims Mr. Depape Sexually Molested His Children**

11

12  GRANTED as unopposed.

13  **4.  Motion in Limine 6: The Court Should Exclude Portions of Body-Worn Camera Footage and Photographs of the Crime Scene and Paul Pelosi's Injuries**

14

15  DENIED.  This evidence is relevant to the intent required to prove both charges, as well as

16  the "substantial step" element of Count One; the finding of whether a hammer was a dangerous

17  weapon; and the full story of Defendant's alleged plan to kidnap Congresswoman Pelosi.  *See Old*

18  *Chief v. United States*, 519 U.S. 172, 189-90 (1997) ("A syllogism is not a story, and a naked

19  proposition in a courtroom may be no match for the robust evidence that would be used to prove

20  it.").  The footage and photographs are relevant, probative, and not unfairly prejudicial.  *See*

21  *United States v. Miguel*, 87 F. App'x 67, 69 (9th Cir. 2004) ("The photographs were not 'of such a

22  gruesome and horrifying nature that [their] probative value was outweighed by the danger of

23  inflaming the jury.'").  At the pretrial conference, the government agreed to withdraw Trial

24  Exhibits 31, 77, and 313 as unnecessarily duplicative.

25  **5.  Motion in Limine 7: The Court Should Exclude Under Rule 403 the Testimony of the Government's Three Proposed Physician Witnesses as Wasting Time and Needlessly Presenting Cumulative Evidence**

26

27  GRANTED as unopposed.  The government will only call one physician witness.

28

United States District Court
Northern District of California

3

United States District Court
Northern District of California

6. **Motion in Limine 8: The Court Should Permit Counsel to Inquire During Voir Dire About Prospective Jurors' Political Party Affiliations and Whether They Voted for or Against Nancy Pelosi**

DENIED without prejudice.  Given the detailed jury questionnaire, including questions involving work for or in support of Congresswoman Pelosi, Defendant will have ample information to consider the possible biases of potential jurors.  Further, Defendant can probe potential jurors about whether they can fairly consider the evidence given Congresswoman Pelosi's involvement in the case.  Questioning potential jurors about their voter registration or votes unnecessarily invades the jurors' privacy and has very little relevance to whether a juror can be fair.  *See United States v. Serafini,* 57 F. Supp. 2d 108, 113 (M.D. Pa. 1999) (ruling a juror's voter registration, political party affiliation, and political philosophy "have no pertinence to [their] qualification to be fair and impartial in this case.  The ability to be fair has no direct linkage to political party affiliation or active participation in the political process.").

In contrast to the lack of probative value, allowing such questions—and public disclosure of voting records and political affiliation—would harm the administration of justice.  Whether a jury consists, for example, of 8 Republicans, 2 Democrats, and 2 Decline-to-State, is irrelevant to whether the parties were afforded a fair trial.  But, if such information is allowed to be disclosed, the party-affiliation of the jury will no doubt be publicized, further compounding the invasion of privacy and falsely implying a juror's political affiliation is relevant to a trial's fairness.  There is no need to inflict such damage on the jurors or the federal justice system.

7. **Motion in Limine 9: Due to the Extensive Prejudicial Pretrial Publicity in this Case the Court Should Increase the Number of Peremptory Challenges to Mitigate the Risk of Biased Jurors**

DENIED without prejudice to renewal after review of the jury questionnaires and courtroom voir dire.

## III.   TARGET 1'S MOTION TO QUASH

The person the Indictment identifies as Target 1 moves to quash Defendant's trial subpoena.  Federal Rule of Criminal Procedure 17(c)(2) confers discretion on the district court to quash a subpoena for documents or objects if compliance would be "unreasonable or oppressive."  *See United States v. Bergeson*, 425 F.3d 1221, 1224 (9th Cir. 2005).  Although Rule 17(a),

4

United States District Court
Northern District of California

1    governing witness subpoenas, does not have a comparable quash rule, courts have entertained

2    motions to quash witness subpoenas.  *See Stern v. U.S. Dist. Ct. for Dist. of Mass.*, 214 F.3d 4, 17

3    (1st Cir. 2000).  The motion to quash must be denied "if the party serving it can show that the

4    testimony sought is both relevant and material."  *Id.*

5           Upon review of Defendant's ex parte proffer, the Court concludes Target 1's proposed

6    testimony is both relevant and material and so the motion to quash must be denied.  *See United*

7    *States v. Sims*, 637 F.2d 625, 627 (9th Cir. 1980) ("[I]f the accused avers facts which, if true,

8    would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the

9    averments are inherently incredible on their face.").  While there is no doubt testifying at trial

10   burdens Target 1, under the particular circumstances of this case, Target 1's burden does not

11   outweigh Defendant's right to a defense.

12          But, as discussed at the pretrial conference, the parties and Target 1 shall meet and confer

13   on procedures for minimizing any burden on Target 1.

**IV.    Logistics**

15          The Jury Office anticipates providing counsel and the Court with completed jury

16   questionnaires by noon on Wednesday, November 1, 2023.  In addition to the November 1, 2023

17   further pretrial conference, the Court will hold a further proceeding to discuss questionnaires at

18   10:00 a.m. on November 3, 2023.

19          Jury selection commences November 6, 2023.  The parties have one hour each for attorney

20   voir dire.  Opening statements and the evidence will begin on November 9, 2023, continue on

21   November 13 and daily thereafter.  Generally, trial commences at 8:30 a.m. and ends around 3:00

22   p.m. depending on the status of witness questioning.  There will be a 15-minute break around

23   10:00 a.m., a 45-minute break for lunch, and a 15-minute break in the afternoon.  Counsel are

24   asked to be present by 8:00 a.m. to discuss outside the jury's presence issues as needed.

25   //

26   //

27   //

28   //

1    This Order disposes of Docket Nos. 85, 88, and 117.

2    **IT IS SO ORDERED.**

3    Dated: October 30, 2023

JACQUELINE SCOTT CORLEY
United States District Judge