1   Matthew B. Berry, VA Bar No. 42600
       *General Counsel*
2   Todd B. Tatelman, VA Bar No. 66008
       *Deputy General Counsel*
3   Brooks M. Hanner, IN Bar No. 29096-61
       *Associate General Counsel*
4   Rachel A. Jankowski, DC Bar No. 1686346
       *Assistant General Counsel*
5

6   OFFICE OF GENERAL COUNSEL
    U.S. HOUSE OF REPRESENTATIVES
7   5140 O'Neill House Office Building
    Washington, D.C. 20515
8   (202) 225-9700
    Brooks.Hanner@mail.house.gov
9

10  *Counsel for Daniel Bernal, Subpoenaed Party*

11                    **UNITED STATES DISTRICT COURT FOR THE**
                          **NORTHERN DISTRICT OF CALIFORNIA**
12                              **SAN FRANCISCO DIVISION**

13  |                                      | Case No. 3:22-cr-00426-JSC-1 |
14  | UNITED STATES OF AMERICA             |                              |
15  |                                      | **UNOPPOSED MOTION OF NON-PARTY TRIAL WITNESS FOR AN ORDER PERMITTING HIS COUNSEL TO SIT IN THE WELL OF THE COURT** |
16  | v.                                   |                              |
17  | DAVID WAYNE DEPAPE,                  |                              |
18  | *Defendant*.                         | Trial Testimony: November 14, 2023 |
    |                                      | Testimony Time: 8:30 A.M.    |

19

20      Pursuant to Rule 47 of the Federal Rules of Criminal Procedure, subpoenaed trial witness

21  Daniel Bernal respectfully moves for an order permitting his counsel to sit in the well of the Court

22  during his trial testimony to make privilege objections, if necessary, and to present supporting

23  arguments, as appropriate.

24      Undersigned counsel has conferred with the United States Attorney's Office, who advised

25  that the United States does not object to this requested relief, and with counsel for the Defendant,

26  who also advised that the Defendant does not object to this relief.  A proposed order is attached.

27

28

**BACKGROUND**

Daniel Bernal is a longtime, senior employee of the Honorable Nancy Pelosi, Speaker Emerita of the U.S. House of Representatives and U.S. Representative for the 11th Congressional District of California. Mr. Bernal has worked for Speaker Emerita Pelosi since 2002, rising to the position of her San Francisco Chief of Staff in 2012. Since then, Mr. Bernal has overseen District Office policies and has supervised all California operations for Speaker Emerita Pelosi, including constituent casework, community outreach, and strategic scheduling. He has also developed and executed communications strategies to advance legislative matters for House leadership and the House Democratic Caucus and has been responsible for communicating with local elected officials, government agencies, and others on behalf of Speaker Emerita Pelosi. In addition to his management role, Mr. Bernal has served as a senior advisor on federal appropriations, public health, education, and civil rights matters.

Mr. Bernal received a subpoena from the Federal Public Defender's Office compelling his testimony on November 14, 2023. The subpoena, which does not require Mr. Bernal to produce documents, was issued without notice to Mr. Bernal, pursuant to an ex parte application that remains under seal. Mr. Bernal was not a percipient witness to any of the allegations in the Indictment, ECF No. 3, and does not know why the Defendant has subpoenaed him to testify. Other than confirming that Mr. Bernal's testimony would not relate to purely personal matters, the defense has declined to provide any information about Mr. Bernal's testimony.

Separately, both the defense and prosecution have subpoenaed documents from Speaker Emerita Pelosi related to her schedule in the week leading up to October 28, 2022, the date when the Speaker Emerita returned to California from Washington, D.C. following the events alleged in

2

UNOPPOSED MOTION OF NON-PARTY TRIAL WITNESS FOR AN ORDER PERMITTING HIS COUNSEL TO SIT IN THE WELL OF THE COURT (No. 3:22-cr-00426-JSC-1)

the Indictment.[1]  The Defendant's application for the document subpoena to Speaker Emerita Pelosi was also filed ex parte and under seal, without notice to the Speaker Emerita.  The subpoena implicated information protected by the Speech or Debate Clause of the U.S. Constitution, U.S. Const. art. I, § 6, cl. 1.  Information was also redacted from the produced documents due to the significant and ongoing concerns related to the safety and privacy of the Speaker Emerita, her family, and her staff—including Mr. Bernal himself.

Mr. Bernal does not know whether his testimony may involve questions related to the document subpoena issued to Speaker Emerita Pelosi or any other documents.  Indeed, he has no other information about the nature of the topics about which he may be questioned at trial.

## ARGUMENT

The Speech or Debate Clause of the U.S. Constitution provides an absolute privilege to Members of Congress and their staff from being compelled to testify about legislative matters.  *See* U.S. Const. art. I, § 6, cl. 1 ("[F]or any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place."); *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 501, 503, 506-10, 515 (1975) (protections under the Speech or Debate Clause are "absolute").  The legislative matters protected by the Speech or Debate Clause include far more than words spoken in debate.  *See, e.g.*, *Doe v. McMillan*, 412 U.S. 306, 312 (1973) (Speech or Debate Clause privilege applies to all activities "within the 'legislative sphere'" (quoting *Gravel v. United States*, 408 U.S. 606, 624-25 (1972)).

The Speech or Debate Clause may be invoked by a Member of Congress to protect against the introduction of specific "legislative act" evidence.  *See Gravel*, 408 U.S. at 616, 628-29

---

[1] *See, e.g.*, Shawn Chitnis, *Nancy Pelosi hurriedly returns to S.F. as husband recovers from attack*, CBS News, Oct. 28, 2022, *available at* https://www.cbsnews.com/sanfrancisco/news/nancy-pelosi-hurriedly-returns-sf-husband-recovers-attack/ (then-Speaker Pelosi returned from Washington, D.C. to San Francisco on October 28, 2022).

3

(reasoning a Senator "may not be made to answer—either in terms of questions or in terms of defending himself" for legislative acts); *United States v. Helstoski*, 442 U.S. 477, 487 (1979) (observing there is "no doubt that evidence of a legislative act of a Member may not be introduced by the Government"). The Clause also protects "against inquiry into . . . the motivation for [legislative] acts." *Helstoski*, 442 U.S. at 489 (quoting *United States v. Brewster*, 408 U.S. 501, 525 (1972)).

These protections apply "not only to a Member but also to [her] aides insofar as the conduct of the latter would be a protected legislative act if performed by the Member [her]self." *Gravel*, 408 U.S. at 618. Thus, in applying the Speech or Debate Clause, "a Member and [her] aide are to be treated as one." *Id.* at 616.

While we do not anticipate, at this time, that Mr. Bernal will be questioned at trial by the prosecution about matters that are protected by the Speech or Debate Clause or other privileges, such as the attorney-client privilege, Mr. Bernal does not have any basis to know why his testimony could be material to the defense, let alone sufficient information to know whether he could be questioned by the defense about privileged topics. At this point, Mr. Bernal and his counsel are being forced to guess about how theoretical potential defenses could somehow make his testimony (as a high-ranking staffer for then-Speaker Pelosi who did not witness the events alleged in the Indictment) material to this case, and then to speculate how any hypothetical questioning relevant to those defenses could implicate the Speech or Debate Clause or other privileges. Further, the subpoena for documents issued to Speaker Emerita Pelosi specifically raises the prospect that Mr. Bernal could be questioned about matters protected by the Speech or Debate Clause, even if unintentionally.

Given the minimal information provided by the defense about the nature of Mr. Bernal's testimony, and considering that the document subpoena to Speaker Emerita Pelosi implicated

4

UNOPPOSED MOTION OF NON-PARTY TRIAL WITNESS FOR AN ORDER PERMITTING HIS COUNSEL
TO SIT IN THE WELL OF THE COURT (No. 3:22-cr-00426-JSC-1)

Speech-or-Debate-protected information, Mr. Bernal requests the presence of institutional counsel from the Office of General Counsel of the U.S. House of Representatives to ensure that his testimony is consistent with the rights and privileges of the House.  If either the Defendant or the United States seeks to question Mr. Bernal at trial about matters that are legislative in nature, such questions may be subject to a Speech or Debate Clause objection, among others.

To enable Mr. Bernal to assert such objections on Speech or Debate Clause grounds (as well as any other privilege or objections), his counsel should be permitted to sit in the well of the Court for the duration of his trial testimony and to assert privilege and other objections and arguments in support, if and as appropriate.  While Mr. Bernal does not intend to raise frivolous privilege assertions, or to otherwise disrupt the trial, he is entitled to protection for the constitutionally based right against compelled testimony about legislative matters, particularly in light of the lack of detail on the topics about which he may be questioned at trial and the document subpoena issued to Speaker Emerita Pelosi.[2]  Other district courts, including one in the Ninth Circuit, have granted similar relief in criminal cases.  *See* Exhibit A, Order, *United States v. Renzi*, No. 4:08-cr-212-DCB-BPV (D. Ariz. May 14, 2013) (ECF No. 1184) ("[C]ounsel for potential trial witness, [a former House staffer], may sit in the well of the Court during his appearance at trial to assert privilege objections – including, but not limited to, objections based on the Speech or Debate Clause of the Constitution, U.S. Const. art. I, § 6, cl. 1, and the attorney-client privilege – as necessary, and to present supporting arguments, as appropriate."); *see also* Exhibit B, Order, *United States v. Sterling*, No. 1:10-cr-485 (E.D. Va. Dec. 24, 2014) (ECF No. 369) (similar); Exhibit C, Order, *United States v. Suarez*, No. 5:13-cr-420 (N.D. Ohio June 9,

---

[2]  In refraining from asserting the Speech or Debate Clause privilege in response to questions that may elicit testimony about any protected matter, Mr. Bernal would not be waiving the privilege for any purpose or as to any matter.  *See generally Helstoski*, 442 U.S. at 490-94 (waiver of Speech or Debate Clause privilege may not be possible, but if it is, such a waiver "can be found only after explicit and unequivocal renunciation of the protection").

2014) (ECF No. 230) (similar).

The undersigned counsel, Brooks M. Hanner, would appear at the trial with Mr. Bernal.

Respectfully submitted,

Matthew B. Berry, VA Bar No. 42600
  *General Counsel*
Todd B. Tatelman, VA Bar No. 66008
  *Deputy General Counsel*

*/s/ Brooks M. Hanner*
Brooks M. Hanner, IN Bar No. 29096-61
  *Associate General Counsel*
Rachel A. Jankowski, DC Bar No. 1686346
  *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Brooks.Hanner@mail.house.gov

November 3, 2023                                    *Counsel for Daniel Bernal, Subpoenaed Party*[3]

---

[3] Attorneys for the Office of General Counsel for the U.S. House of Representatives and "any counsel specially retained by the Office of General Counsel" are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States or of any State or political subdivision thereof without compliance with any requirements for admission to practice before such court." 2 U.S.C. § 5571.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2023, I caused the foregoing document to be filed via the U.S. District Court for the Northern District of California's CM/ECF system, which I understand caused service on all registered parties.

*/s/ Brooks M. Hanner*
Brooks M. Hanner

Matthew B. Berry, VA Bar No. 42600
  *General Counsel*
Todd B. Tatelman, VA Bar No. 66008
  *Deputy General Counsel*
Brooks M. Hanner, IN Bar No. 29096-61
  *Associate General Counsel*
Rachel A. Jankowski, DC Bar No. 1686346
  *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Matthew.Berry@mail.house.gov

*Counsel for Daniel Bernal, Subpoenaed Party*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID WAYNE DEPAPE,<br><br>*Defendant*. | Case No. 3:22-cr-00426-JSC-1<br><br>**[PROPOSED] ORDER RE: UNOPPOSED MOTION OF NON-PARTY TRIAL WITNESS FOR AN ORDER PERMITTING HIS COUNSEL TO SIT IN THE WELL OF THE COURT**<br><br>Trial Testimony: November 14, 2023<br>Testimony Time: 8:30 A.M. |

UPON CONSIDERATION OF the Unopposed Motion of Non-Party Daniel Bernal for an Order Permitting His Counsel to Sit in the Well of the Court (the "Motion"), and good cause appearing,

IT IS ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that counsel for potential trial witness, Daniel Bernal, may sit in the well of the Court during his appearance at trial to assert privilege objections – including, but not limited to, objections based on the Speech or Debate Clause of the Constitution, U.S.

1

Const. art. I, § 6, cl. 1, and the attorney-client privilege – as necessary, and to present supporting arguments as appropriate.

Dated this _____ day of November, 2023.

_____
**Judge Jacqueline Scott Corley**
United States District Court Judge