JODI LINKER
Federal Public Defender
Northern District of California
ANGELA CHUANG
TODD M. BORDEN
Assistant Federal Public Defenders
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Angela_Chuang@fd.org

Counsel for Defendant DePape

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** CR 22–00426 JSC |
| Plaintiff, | **DEFENDANT'S POSITION REGARDING FINAL JURY INSTRUCTIONS** |
| v. | |
| DAVID DEPAPE, | **Court:** Courtroom 8, 19th Floor |
| Defendant. | |

# INTRODUCTION

Defendant David DePape respectfully requests three modifications to the initial jury instructions. First, Mr. DePape requests a supplemental "theory of the defense" jury instruction, which clarifies and defines what it means for a defendant to act with intent to retaliate against a government official "on account of the performance of official duties." *See* 18 U.S.C. § 115(a)(1)(A) and § 1201(a)(5). Second, Mr. DePape requests that the jury be instructed only on the theory that he allegedly acted on account of the performance of her official duties—not that he did so while [Ms. Pelosi was] engaged in the performance of official duties. Simply put, the trial evidence does not support the inference that Mr. DePape attempted to kidnap Ms. Pelosi while she was engaged in official duties, i.e., during a time period in which she was performing any official duty. Nor is there any evidence that he assaulted Mr. Pelosi with intent to impede, intimidate, or interfere with Ms. Pelosi while she was engaged in the performance of her official duties. Third, Mr. DePape requests that the jury instruction for Count 2 define "forcible assault" only on a battery theory of assault, i.e., when a defendant strikes another person, because the indictment charged only a battery theory of assault, and instructing on any other theory would be a constructive amendment of the indictment.

# ARGUMENT

**I. The Court should give a theory-of-the-defense jury instruction explaining the phrase "on account of the performance of official duties."**

Under Rule 30, "[a]t the close of evidence or such earlier time as the trial court reasonably directs, any party may file written requests that the court instruct the jury on the law set forth in the requests." Fed. R. Crim. P. 30(a); *see also Smith v. United States*, 390 F.2d 401, 403 (9th Cir. 1968) ("[i]f an instruction is desired it should be prepared and requested at the conclusion of evidence"). If the defendant timely requests a jury instruction relating to a legitimate theory of defense, then the trial court must grant that request, or provide a substantially similar instruction. *See, e.g., United States v. Romero-Avila*, 210 F.3d 1017, 1023 (9th Cir. 2000) ("A defendant is entitled to have the judge instruct the jury on his theory of the defense, provided that it is supported by law and has some foundation in the evidence. A failure to give such instruction is reversible error; but it is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions adequately cover the defense theory." (citations omitted)). The legal standard for

1    granting a theory-of-the-defense instruction is "generous," and "a defendant is entitled to an
2    instruction concerning his theory of the case if the theory is legally sound and evidence in the case
3    makes it applicable, even if the evidence is weak, insufficient, inconsistent, or of doubtful
4    credibility." *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007) (quoting *United States v.*
5    *Washington*, 819 F.2d 221, 225 (9th Cir. 1987)). "A defendant needs to show only that 'there is
6    evidence upon which the jury could rationally sustain the defense.'" *Id.* (quoting *United States v.*
7    *Jackson*, 726 F.2d 1466, 1468 (9th Cir. 1984) (per curiam)).

8        Here, Mr. DePape submits to the Court a proposed instruction clarifying what it means for a
9    defendant to intend to commit an attempted kidnapping of a Member of Congress "on account of the
10   performance of official duties," or to assault the family member of a Member of Congress "with
11   intent to retaliate against [the Member of Congress] on account of the performance of official duties."
12   *See* 18 U.S.C. § 115(a)(1)(A), § 1201(a)(5). Mr. DePape is not charged with just an assault or
13   attempted kidnapping; rather, these two federal charges contain elevated mens rea elements requiring
14   that the assault or attempted kidnapping be specifically motivated by Ms. Pelosi's performance of her
15   official duties as a Member of Congress. Indeed, the core of Mr. DePape's defense concerns these
16   "official duties" mens rea elements. As to Count 1, the government must establish that Mr. DePape
17   "intended to seize, confine, kidnap, abduct, or carry away and hold a federal officer against her will,
18   *on account of or during the performance of her official duties*." Ninth Cir. Model Crim. Jury
19   Instruction § 17.6 (emphasis added); *see* 18 U.S.C. § 1201(a)(5) and (d). As to Count 2, the
20   government must establish that Mr. DePape assaulted Mr. Pelosi "with intent to retaliate against [Ms.
21   Pelosi] *on account of the performance of official duties*" as a Member of Congress. 18 U.S.C.
22   § 115(a)(1)(A) (emphasis added).

23       Additionally, this is not purely a status element, as the government seems to suggest. It is not
24   enough for the government to merely establish that she was a federal official at the time of the
25   offense. The statute requires more. It is specific in requiring that "the act against the person is done
26   while the person is engaged in, or on account of, *the performance of official duties*." Both the words
27   "performance" and "duties" have meaning, and the government's reading would render them
28   superfluous. Performance means the "the execution of an action," not the mere status of the person.

*See* Merriam-Webster online dictionary, "performance," available at https://www.merriam-webster.com/dictionary. Duties are "obligatory tasks, conduct, service, or functions that arise from one's position." *Id.* for "duty."

Accordingly, Mr. DePape requests that the Court give the jury the following jury instruction concerning official duties, which is also attached below as Proposed Instruction No. 15:

> To prove that Mr. DePape's actions were taken on account of the performance of Nancy Pelosi's official duties, the government must prove beyond a reasonable doubt that Mr. DePape acted *because of* her performance of official duties as a Member of Congress, and not for some other reason. A Member of Congress's performance of official duties includes activities such as: legislation, constituent services, and committee work. A Member of Congress's performance of official duties does not include activities such as: fundraising; campaigning; work on behalf of the Democratic party, the Democratic National Committee, or the Democratic Congressional Campaign Committee; or any personal matters not related to official duties.

This instruction properly captures the "official duties" requirement contained in sections 115(a)(1)(A) and 1201(a)(5), and properly tailors the definition of "official duties" to the specific context here, i.e., the official duties of a Member of Congress. Indeed, under Article I of the Constitution the core official duty of a Congressperson is legislation. Over time, Members of Congress's official duties have also come to encompass constituent service and oversight work on Congressional committees. *See, e.g., Rules of the House of Representatives*, at 6–17 (July 19, 2022), *available at* https://rules.house.gov/sites/republicans.rules118.house.gov/files/117-House-Rules-Clerk-U1.pdf (outlining House Committees); Congressional Research Service, *Role sand Duties of a Member of Congress: Brief Overview* (Feb. 15, 2022), *available at* https://crsreports.congress.gov/product/pdf/RL/RL33686/13 (outlining official duties of Members of Congress). Further, the law about the official duties of Members of Congress is quite clear that fundraising, campaigning, work on behalf of political party organizations, or any other personal matters are not official duties. *See, e.g.,* U.S. House of Representatives Committee on Ethics, *House Ethics Manual*, at 121–84 (2022), *available at* https://ethics.house.gov/sites/ethics.house.gov/files/documents/2022/House-Ethics-Manual-2022-Print.pdf (outlining prohibition against using official resources for campaign and political purposes by Members of the House); *Nixon v. Shrink Missouri Gov't PAC*, 528 U.S. 377, 409 (2000) (Kennedy, J., dissenting) (contrasting "fundraising" from the "official duties" of elected

officials); *Fed. Election Comm'n v. Craig for U.S. Senate*, 816 F.3d 829, 839 (D.C. Cir. 2016) (holding that Senator's spending of campaign funds to defend against criminal charges of disorderly conduct and interference with privacy were not in connection with his official duties).

Accordingly, the Court should give a theory-of-the-defense instruction explaining the phrase "on account of the performance of official duties," which is not otherwise adequately defined in the proposed jury instructions.

**II.    The trial evidence supports instructing the jury only on an "account of performance of official duties" theory, not a "while the person is engaged in performance official duties" theory.**

Both section 115(a)(1)(A) and section 1201(a)(5) have two means of committing assault and kidnapping, respectively. A defendant violates section 1201(a)(5) and (d) if he attempts to kidnap a federal official either (1) "while the person [i.e., federal official] is engaged in . . . performance of official duties," or (2) if the defendant does so "on account[] of the performance of official duties." 18 U.S.C. § 1201(a)(5). Likewise, a defendant violates section 115(a)(1)(A) if he assaults the family member of a federal official (1) "with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties," or (2) "with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties." 18 U.S.C. § 115(a)(1)(A).

When is a defendant is charged with violating a statute that can be violated multiple ways, the Supreme Court has emphasized that district courts should decline to instruct juries on "an alternative basis of liability that does not have adequate evidentiary support." *See Griffin v. United States*, 502 U.S. 46, 60 (1991) ("[I]f the evidence is insufficient to support an alternative legal theory of liability, it would generally be preferable for the court to give an instruction removing that theory from the jury's consideration."). Instructing the jury on multiple theories of liability, when one lacks adequate evidentiary support, risks confusing the jury. *See id.* at 60–61 (Blackmun, J., concurring).

Here, the government appears to be proceeding at trial only on a theory that Mr. DePape attempted to kidnap Ms. Pelosi "on account of the performance of official duties," not that he actually attempted to kidnap *while* she was engaged in them. Indeed, it would not be plausible to advance that theory, given that it was highly unlikely she was doing so in the wee hours of the morning. And, in

any event, the government has presented no evidence at all as to what duties Ms. Pelosi was or was not engaged in at any particular time. The government has simply presented no evidence to establish the temporal component of a "while engaged in" theory. Accordingly, as to Count 1, the Court should instruct the jury only on an "on account of the performance of official duties" theory, and instruct on the first element as follows: "First, the defendant intended to seize, confine, kidnap, abduct, or carry away and hold a federal officer against her will, on account of the performance of her official duties." *See* Proposed Instruction No. 13 below (showing redlined version).

As to Count 2, the evidence likewise does not support instructing the jury that Mr. DePape assaulted Mr. Pelosi "with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer *while engaged in* the performance of official duties." *See* 18 U.S.C. § 115(a)(1)(A) (emphasis added). Again, the government has presented no evidence that Mr. DePape's assaulted Mr. Pelosi with any intent to impede, intimidate, or interfere with Ms. Pelosi while she was engaged in any official duty as a Member of Congress. By contrast, the "with intent to retaliate" variant of section 115(a)(1)(A) does not have a temporal limitation, and has some evidentiary support. Accordingly, as to Count 2, the Court should instruct the jury as to the second element as follows: "Second, the defendant did so with intent to retaliate against the federal official on account of the performance of her official duties." *See* Proposed Instruction No. 14 below (showing redlined version).

### III. Because the indictment charged only a battery theory of assault, the Court may only instruct the jury on a battery theory in Count 2.

Count 2 of the indictment charges only that Mr. DePape "unlawfully assaulted" Mr. Pelosi solely "by means of hitting a hammer on Mr. Pelosi's head." Dkt. 3 at 5. Federal assault may be committed multiple ways, e.g., by means of an attempted battery, or by means of an actual battery. *See, e.g., United States v. Lewellyn*, 481 F.3d 695, 698 (9th Cir. 2007); Ninth Cir. Model Crim. Jury Instruction § 8.2. But here, the indictment charged only an actual battery theory of assault, not that Mr. DePape willfully attempted to inflict an injury or that he intentionally threatened to commit a battery. *See* Dkt. 3 at 5. Accordingly, the jury should be instructed only on a battery theory of assault, and the Court should give the jury the following definition of assault: "There is a forcible

assault when one person intentionally strikes another." *See* Proposed Instruction No. 14 below (showing redlined version). Instructing the jury on any other theory of assault would be an improper constructive amendment of the indictment. *See, e.g., United States v. Adamson*, 291 F.3d 606, 614–15 (9th Cir. 2002).

**IV.   The Court should instruct the jury that excerpts of recordings of statements by Mr. DePape are not complete.**

The government introduced only limited excerpts of the recordings of Mr. DePape following his arrest. Accordingly, to avoid misleading the jury about Mr. DePape's statements in those recordings and his failure to offer his own complete statements into evidence, he proposes adding the following language to the existing jury instruction about statements by the defendant: "You have heard excerpts of recordings of statements made by Mr. Depape. Those are not the complete recordings. With limited exceptions, the rules of evidence do not permit a defendant to introduce his own prior statements at trial." *See* Proposed Instruction No. 9 (showing redlined version).

## CONCLUSION

For these reasons, the Court should instruct the jury as proposed in this memorandum and as outlined below, reserving the right to propose additional instructions.

Dated:     November 14, 2023               Respectfully submitted,

                                            JODI LINKER
                                            Federal Public Defender
                                            Northern District of California

                                                   /S
                                            ANGELA CHUANG
                                            TODD M. BORDEN
                                            Assistant Federal Public Defenders

# JURY INSTRUCTION NO. 9

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give them. In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made them.

You have heard excerpts of recordings of statements made by Mr. Depape. Those are not the complete recordings. With limited exceptions, the rules of evidence do not permit a defendant to introduce his own prior statements at trial.

## PROPOSED INSTRUCTION No. 13

## ATTEMPTED KIDNAPPING—FEDERAL OFFICER

## (18 U.S.C. § 1201(d))

The defendant is charged in Count One of the Indictment with attempting to kidnap a federal officer in violation of Section 1201(d) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to seize, confine, kidnap, abduct, or carry away and hold a federal officer against her will, on account of the performance of her official duties; and

Second, the defendant did something that was a substantial step toward committing the crime.

A "federal officer" is any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services).

A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

# PROPOSED INSTRUCTION No. 14

## ASSAULT ON IMMEDIATE FAMILY MEMBER OF A FEDERAL OFFICIAL WITH A DANGEROUS WEAPON

### (18 U.S.C. § 115(a)(1)(A))

The defendant is charged in Count Two of the indictment with assault on a member of the immediate family of a federal official in violation of Section 115(a)(1)(A) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted a member of the immediate family of a United States official;

Second, the defendant did so with intent to retaliate against the federal official on account of the performance of her official duties; and

Third, the defendant used a dangerous weapon during and in relation to the offense.

There is a forcible assault when one person intentionally strikes another.

A "United States official" means the President, President-elect, Vice President, Vice President-elect, a Member of Congress, a member-elect of Congress, a member of the executive branch who is the head of a department listed in 5 U.S.C. § 101, or the Director of the Central Intelligence Agency.

A hammer is a dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.

# PROPOSED INSTRUCTION No. 15:

## DEFINITION OF "ON ACCOUNT OF THE PERFORMANCE OF OFFICIAL DUTIES"

To prove that Mr. DePape's actions were taken on account of the performance of Nancy Pelosi's official duties, the government must prove beyond a reasonable doubt that Mr. DePape acted *because of* her performance of official duties as a Member of Congress, and not for some other reason. A Member of Congress's performance of official duties includes activities such as: legislation, constituent services, and committee work. A Member of Congress's performance of official duties does not include activities such as: fundraising; campaigning; work on behalf of the Democratic party, the Democratic National Committee, or the Democratic Congressional Campaign Committee; or any personal matters not related to official duties.