ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

HELEN L. GILBERT (NYBN 4736336)
LAURA VARTAIN HORN (CABN 258485)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Email: Helen.Gilbert@usdoj.gov
           Laura.Vartain@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID WAYNE DEPAPE, <br><br> Defendant. | CASE NO. 3:22-CR-426-JSC <br><br> UNITED STATES' EX PARTE APPLICATION AND [PROPOSED] ORDER AUTHORIZING DISCLOSURE OF DOCUMENTS AND GRAND JURY INFORMATION |

## INTRODUCTION

The government respectfully applies *ex parte* for an order pursuant to Federal Rule of Criminal Procedure 6(e) authorizing the government to disclose to the San Francisco District Attorney's Office ("DA's Office") documents and records ("records") it has obtained by grand jury subpoena in the investigation of defendant David DePape as well as the grand jury testimony of one witness. The disclosure to the DA's Office is in connection with its prosecution of the defendant on related state charges in the case of *People of the State of California v. David Wayne DePape*, No. 22012966, which is set for trial beginning January 2024.

**GOVERNMENT REQUEST**

On November 9, 2022, a grand jury returned an indictment in this case against David DePape. This indictment followed a grand jury investigation, which included the testimony of one witness before the grand jury. During the course of its investigation prior to indictment, the grand jury issued subpoenas to entities that produced records in response to the subpoenas. The United States produced all of these records to the defendant. The United States also produced to the defendant the testimony of the one witness before the grand jury after receiving authorization to do so from the Court. *See* Dkt. 71, Order Permitting Release of Grand Jury Transcript (Aug. 10, 2023). During the criminal trial in this case, held from November 6 to 16, 2023, a number of these records were publicly disclosed as admitted trial exhibits.

The defendant has also been charged by the San Francisco District Attorney's Office ("DA's Office") based on the same incident at issue in this case. That matter, *People of the State of California v. David Wayne DePape*, No. 22012966, is currently scheduled to proceed to trial in January 2024. The government seeks to disclose to the DA's Office the records produced in response to grand jury subpoenas issued in this investigation as well as the testimony of one witness before the grand jury.

**LEGAL BASIS FOR GOVERNMENT REQUEST**

Federal Rule of Criminal Procedure 6(e)(3)(E) provides two applicable bases for the court to authorize disclosure of a grand jury matter. First, Rule 6(e)(3)(i) provides that a court may authorize disclosure of a grand jury matter "in connection with a judicial proceeding." The state's criminal proceeding against the defendant qualifies as a judicial proceeding under this section of the Rule. Second, Rule 6(e)(3)(iv) provides that a court may authorize disclosure of a grand jury matter "at the request of the government" if "the matter may disclose a violation of State . . . criminal law, as long as the disclosure is to an appropriate . . . state-subdivision . . . official for the purpose of enforcing that law." This section also applies here, as the grand jury matter discloses violations of state criminal law and the disclosure is to an appropriate state-subdivision official, the DA's Office, for the purpose of enforcing that state criminal law.

Additionally, the vast majority of the records produced to the United States pursuant to grand jury subpoena in this investigation are pre-existing business records that do not fall within the scope of

US' EX PARTE APP. TO DISCLOSE GJ INFORMATION AND [P] ORDER
3:22-CR-426-JSC                                        2

Rule 6(e) because they are not, and do not contain, matters occurring before the grand jury. Although they were obtained through the use of grand jury subpoenas, the documents are routine records kept in the ordinary course of business and were not prepared in contemplation of grand jury proceedings. Most of these records predate, or in any event were created independently of, the grand jury proceeding and were not prepared in contemplation of grand jury proceedings. "With certain exceptions, Rule 6(e) [of the Federal Rules of Criminal Procedure] imposes a general rule against disclosure of 'matters occurring before the grand jury.'" *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1411 (9th Cir. 1993). But "if a document is sought for its own sake rather than to learn what took place before the grand jury, and if its disclosure will not compromise the integrity of the grand jury process, Rule 6(e) does not prohibit its release." *Id.* at 1411-12 (citation omitted). In other words, "the disclosure of business records independently generated and sought for legitimate purposes, would not seriously compromise the secrecy of the grand jury's deliberations." *Id.* at 1412 (internal quotation omitted); *see also In re Special Grand Jury*, 674 F.2d 778, 781 (9th Cir. 1982) (language of Rule 6(e) "could reasonably be understood to include only transcripts of grand jury testimony, votes of the jurors on substantive questions, and similar records . . . .").

The Court's power to order disclosure is discretionary and may be exercised upon a showing of need and a finding that disclosure is required by the ends of justice. *In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464, 470 (E.D. Pa. 1971); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

In *U.S. Industries, Inc. v. United States District Court*, 345 F.2d 18 (9th Cir. 1965), the Ninth Circuit observed that disclosure should be liberally allowed when the traditional policies underlying grand jury secrecy are no longer served. The court held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." *Id.* at 21.

The Ninth Circuit listed five policy considerations underlying the need for grand jury secrecy:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have

information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosures of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at 22 (quotations omitted).

In this case, the policy considerations requiring secrecy apply with significantly diminished force. The information the United States seeks to provide to the DA's Office has already been produced to the defendant, who was convicted at trial. The work of the grand jury that led to an indictment in this case has been completed.

## CONCLUSION

Accordingly, the government requests that this Court issue an order authorizing the government to disclose grand jury matter from this investigation to the San Francisco District Attorney's Office.

DATED: December 13, 2023                Respectfully submitted,

                                        ISMAIL J. RAMSEY
                                        United States Attorney


                                        _____/s/_____
                                        HELEN L. GILBERT
                                        LAURA VARTAIN HORN
                                        Assistant United States Attorneys

**[PROPOSED] ORDER**

For the reasons stated in the United States' Application and pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i) and (iv), the United States may disclose grand jury information and other records produced pursuant to grand jury subpoena in this investigation to the San Francisco District Attorney's Office.

**IT IS SO ORDERED.**

DATED: _____

HON. JACQUELINE SCOTT CORLEY
UNITED STATES DISTRICT JUDGE