1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney

2

3  MARTHA BOERSCH (CABN 126569)
   Chief, Criminal Division

4  HELEN L. GILBERT (NYBN 4736336)
   LAURA VARTAIN HORN (CABN 258485)
5  Assistant United States Attorney

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7200
       FAX: (415) 436-7234
8      Email: Helen.Gilbert@usdoj.gov
              Laura.Vartain@usdoj.gov
9
   Attorneys for United States of America
10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN FRANCISCO DIVISION
13

14  UNITED STATES OF AMERICA,            )   CASE NO. 3:22-CR-426-JSC
                                         )
15      Plaintiff,                       )   UNITED STATES' MOTION AND [PROPOSED]
                                         )   ORDER TO FILE SELECTED ADMITTED TRIAL
16      v.                               )   EXHIBITS UNDER SEAL
                                         )
17  DAVID WAYNE DEPAPE,                  )
                                         )
18      Defendant.                       )
                                         )
19

20      The United States seeks court authorization to file some of the exhibits introduced at trial under

21  seal because they contain "security information" under 2 U.S.C. § 1979 or reveal sensitive personal

22  information about the victims. The United States has conferred with counsel for the defendant, and they

23  take no position on this motion. This request to file some exhibits under seal is in addition to those

24  admitted exhibits that the parties jointly move the Court to file under seal because they contain

25  personally identifiable information, in a motion filed contemporaneously with this motion.

26      Northern District of California Criminal Local Rule 55-1, incorporating Northern District of

27  California Civil Local Rule 5-1(g) and 79-4(a) and (b), requires the parties to file on the docket exhibits

28

US MTN TO FILE TRIAL EXHIBITS UNDER SEAL
3:22-CR-426-JSC                                  1

offered during trial and contemplates a process by which exhibits may be filed under seal. The United States seeks to file under seal two additional categories of admitted exhibits: those that include "security information" under 2 U.S.C. § 1979 and those that reveal sensitive personal information about the victims. The following chart summarizes the admitted exhibits that the government seeks to file under seal on these bases:

| Trial Exhibit Number | Description | Sealing basis |
|---|---|---|
| 14 | Summary Exhibit: U.S.Capitol Police Video Footage of Victims' Home Exterior | 2 U.S.C. § 1979 "Security Information |
| 15 | USCP CCTV Camera 101 | 2 U.S.C. § 1979 "Security Information |
| 16 | USCP CCTV Camera 102 | 2 U.S.C. § 1979 "Security Information |
| 17 | USCP CCTV Camera 103 | 2 U.S.C. § 1979 "Security Information |
| 18 | USCP CCTV Camera 104 | 2 U.S.C. § 1979 "Security Information |
| 19 | USCP CCTV Camera 105 | 2 U.S.C. § 1979 "Security Information |
| 20 | USCP CCTV Camera 106 | 2 U.S.C. § 1979 "Security Information |
| 26 | Pelosi Residence and Surrounding Area | sensitive victim information |
| 27 | Pelosi Residence - Ground Floor v.1 | sensitive victim information |
| 28 | Pelosi Residence - Third Floor | sensitive victim information |
| 30 | Crime Scene Photograph: Mr. Pelosi 2 | sensitive victim information |
| 33 | Crime Scene Photograph: Officers with Mr. Pelosi | sensitive victim information |
| 75 | Crime Scene Photograph: Foyer | sensitive victim information |
| 76 | Crime Scene Photograph: Foyer Items 1 | sensitive victim information |
| 78 | Crime Scene Photograph: Foyer Items 3 | sensitive victim information |
| 79 | Crime Scene Photograph: Foyer Items 4 | sensitive victim information |
| 84 | Crime Scene Photograph: Markers 1, 2, and 3 | sensitive victim information |
| 89 | Crime Scene Photograph: Hammer 2 | sensitive victim information |
| 95 | Crime Scene Photograph: Entry Room 3 | sensitive victim information |
| 104 | Crime Scene Photograph: Stairs from third floor down | sensitive victim information |
| 106 | Crime Scene Photograph: Third floor 2 | sensitive victim information |
| 107 | Crime Scene Photograph: Elevator | sensitive victim information |
| 109 | Crime Scene Photograph: Bedroom pillows and glove 1 | sensitive victim information |
| 116 | Crime Scene Photograph: Bed 1 | sensitive victim information |
| 117 | Crime Scene Photograph: Bed 2 | sensitive victim information |
| 118 | Crime Scene Photograph: Bed 3 | sensitive victim information |

| Trial Exhibit Number | Description | Sealing basis |
|---|---|---|
| 119 | Crime Scene Photograph: Closet 1 | sensitive victim information |
| 123 | Crime Scene Photograph: Bathroom 2 | sensitive victim information |
| 298 | Photograph from medical records 1 | sensitive victim information |
| 305 | Photograph from medical records 8 | sensitive victim information |
| 310 | Photograph from medical records 13 | sensitive victim information |
| 315 | SFPD Off. Najarro body worn camera video excerpt 3 | sensitive victim information |
| 321 | SFPD Off. Najarro body worn camera video excerpt 4 | sensitive victim information |
| 322 | Aerial view of Pelosi home | 2 U.S.C. § 1979 "Security Information |
| 569 | Photo Pelosi's bedroom | sensitive victim information |

Admitted trial exhibits 14 through 20 and 322 contain information provided by the U.S. Capitol Police in this investigation that qualifies as "security information" under 2 U.S.C. § 1979, that is, information that is both "sensitive with respect to the policing, protection, physical security, intelligence, counterterrorism actions, or emergency preparedness and response relating to . . . any statutory protectee of the Capitol Police" and "is obtained by, on behalf of, or concerning the . . . the Capitol Police." This information was provided to defense pursuant to protective order, Dkt. No. 19, and making it publicly available could compromise the Capitol Police's ability to safely protect Representative Nancy Pelosi.

The remaining admitted trial exhibits noted in the above chart all contain sensitive personal information regarding the victims in this case. Exhibits 26-28, 75-76, 78-79, 84, 89, 95, 104, 106-107, 109, 116-119, 123, 315, and 569 all depict the victims' home, including sensitive spaces such as a family room with many personal photos and their bedroom and bathroom. Exhibits 30, 33, 298, 305, 310, and 321 all depict graphic photographs or video of victim Paul Pelosi's injuries, including those from his medical records, which were disclosed to the defense pursuant to protective order. *See* Dkt. No. 11. This category of exhibits is even more sensitive than the personally identifiable information required to be redacted in public filings pursuant to Federal Rule of Criminal Procedure 49.1(a).

1 | The Court is authorized under Federal Rule of Criminal Procedure 49.1(d) and (e) to permit sealed filings "for good cause." These additional exhibits should be maintained under seal given the sensitive security interests of the victims in this case and the sensitive, personal nature of these admitted trial exhibits.

DATED: December 8, 2023                    Respectfully Submitted,

                                           ISMAIL J. RAMSEY
                                           United States Attorney


                                           __/s/_____
                                           HELEN L. GILBERT
                                           LAURA VARTAIN HORN
                                           Assistant United States Attorneys

**[~~PROPOSED~~] ORDER**

For the reasons stated above, the Court ORDERS that the following Admitted Trial Exhibits be filed and maintained under seal: 14-20, 26-28, 30, 33, 75-76, 78-79, 84, 89, 95, 104, 106-107, 109, 116-119, 123, 298, 305, 310, 315, 321-322, and 569.

IT IS SO ORDERED

Dated: December 13, 2023

*Jacqueline Scott Corley*
HON. JACQUELINE SCOTT CORLEY
United States District Judge