Pages 1 - 16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JACQUELINE SCOTT CORLEY, JUDGE PRESIDING

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    NO. CR 3:22-cr-00426 - JSC |
| | ) |
| DAVID WAYNE DEPAPE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

San Francisco, California
Wednesday, November 1, 2023

**<u>TRANSCRIPT OF PROCEEDINGS</u>**


**(Pages 3:24 through 6:5 were placed under seal by Order of the
Court and bound separately.)**


**<u>APPEARANCES:</u>**

For Plaintiff:
                        U.S. ATTORNEY'S OFFICE
                        Northern District of California
                        450 Golden Gate Avenue
                        San Francisco, California  94102
              BY:  **HELEN GILBERT**
                   **LAURA VARTAIN**
                        Assistant United States Attorneys

        **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**




Stenographically Reported by:
Kelly Shainline, CSR No. 13476, RPR, CRR
Official Court Reporter

```
1

2    For Defendant:
                             JODI LINKER
3                            Federal Public Defender
                             450 Golden Gate Avenue
4                            San Francisco, California  94102
                     BY:     JODI LINKER
5                            Federal Public Defender
                             ANGELA CHUANG
6                            Assistant Federal Public Defender

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | <u>Wednesday - November 1, 2023</u>                                      <u>9:33 a.m.</u> |
| 2 | P R O C E E D I N G S |
| 3 | ---oOo--- |
| 4 | **THE CLERK:**  Calling criminal action CR 22-0426, USA |
| 5 | versus David Depape. |
| 6 | Counsel, please state your appearance for the record. |
| 7 | **MS. VARTAIN:**  Good morning, Your Honor. |
| 8 | Laura Vartain and Helen Gilbert for the United States. |
| 9 | **THE COURT:**  Good morning. |
| 10 | **MS. CHUANG:**  Good morning, Your Honor. |
| 11 | Angela Chuang and Jodi Linker on behalf of Mr. Depape, who |
| 12 | is present and in custody. |
| 13 | **THE COURT:**  Good morning, Mr. Depape. |
| 14 | Did you want to go under seal to discuss a matter first? |
| 15 | **MS. CHUANG:**  Yes.  Yes.  And not ex parte, just |
| 16 | regular under seal, Your Honor.  And that was to update the |
| 17 | Court on our meet and confer with Target 1's counsel. |
| 18 | **THE COURT:**  Do you know everyone in the courtroom, or |
| 19 | do you need to ask anyone to leave? |
| 20 | **MS. VARTAIN:**  Everyone on our side is fine. |
| 21 | **MS. CHUANG:**  Everyone on our side is fine as well. |
| 22 | (The following pages 3:24 through 6:5 were placed under |
| 23 | seal by Order of the Court and bound separately:) |
| 24 | **XXXXXXXXXX**  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX |
| 25 | XXXXXXX |

1    XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
2    XXX
3        **XXXXXXXXXXXX**   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
4    XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
5    XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
6        XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
7    XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
8    XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
9    XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
10   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
11   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
12       **XXXXXXXXXX**   XXXXXXXXXXXXXXXXXX
13       **XXXXXXXXXX**   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
14   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
15   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
16   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
17   XXXXXXXXXXXXXXXXXXXXXXXXXX
18       XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
19   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
20   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
21   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
22       **XXXXXXXXXX**   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
23   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
24   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
25   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

1   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

2   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

3   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

4          **XXXXXXXXXX**    XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

5   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

6   XXXXXX

7          **XXXXXXXXXX**   XXXXX

8          **XXXXXXXXXX**    XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

9   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

10      XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

11  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

12  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

13  XXXXXXXXXXXXXXX

14          **XXXXXXXXXXXX**   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

15  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

16  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

17  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

18  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

19  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

20  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

21          **XXXXXXXXXX**   XXXXXXXXXXXXXXXXXXXXXXXXXXXXX

22  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

23  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

24          **XXXXXXXXXXXX**   XXXXX

25          **XXXXXXXXXXXX**   XXXXXXXXXXXXXXXXXXXXXX

```
 1     XXXXXXXXXX   XXXXXXXXXXXXXXXXXXXXXXXXXXX

 2     XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

 3     XXXXXXXXXX   XXXXXXXXXXXXXXXXXXXXXXXXXX

 4     XXXXXXXXXX   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

 5  XXXXXXXXXX

 6                    (End of sealed proceedings.)

 7         THE COURT:  Well, thank you very much for your

 8  submission.  I read through it.  I'll give you sort of my

 9  tentative view, which is with respect to the first excerpt,

10  which is page 6, line 2 through 8, line 3.  I do agree with the

11  defense that this is the answer -- the entire answer to the

12  question of how so.  So I do think it would be misleading not

13  to include it because it's excluding part of the answer.

14      And then with respect to the second, I would allow 16:12

15  through 17:13 and then 18:5 through 18:20.  The portions in

16  between I haven't included are answers to a different question

17  so I don't think it's misleading to have those in there.  But

18  then at 18.5, it seems to be going back to that initial

19  question in completing the answer.

20      That's my tentative view and I'm happy to hear from

21  anyone.

22         MS. VARTAIN:  Your Honor, I apologize, but I was

23  flipping to the page and I missed your --

24         THE COURT:  Sorry, I was going too quickly.  Not a

25  problem.
```

1          So with respect to the request for page 6, line 2 through

2    page 8, line 3, and that's just the part in between that you

3    had not included, I would allow that because I think it's all

4    the answer to the question "How so?" from the officer.

5          And then with respect to the second requested excerpt, I

6    would allow 16:12 through 17:13 and 18, line 5 through 18

7    line 20.  17:14 through 18:4, I believe, is answers to a

8    different question that was posed there, and therefore not

9    misleading and not part of that same answer.

10          That's my tentative view.  I'm happy to hear from anyone.

11          **MS. CHUANG:**  We're generally in agreement with the

12    Court.  I know we had requested a longer excerpt for the second

13    section.  We understand what the Court is thinking in terms of

14    that.  So I think we would be fine with this.

15          **THE COURT:**  Okay.

16          **MS. VARTAIN:**  Your Honor, if I'm understanding the

17    Court correctly, you would be inclined to admit 18:5 through

18    18:19; is that correct?

19          **THE COURT:**  Yeah, because yours starts at 18:20; is

20    that right?

21          **MS. VARTAIN:**  Yes, it does.

22          Your Honor, may I be heard on this portion?

23          **THE COURT:**  Of course.

24          **MS. VARTAIN:**  I don't think that the defendant's

25    statement that he felt that he was providing affectionate

1    touching can fairly come in.  I don't think that that's

2    consistent with a rule of completeness on this.  And frankly I

3    think it's certainly not consistent with what the victim felt.

4            **THE COURT:**  Well, that's just argument.  That's

5    different.  Right?  That's just argument.  And I don't even

6    know if that's being offered for the truth.  But it's still --

7    it's part of the same answer to the question.  Sort of it's

8    going along and she's asking him sort of what happened when

9    Mr. Pelosi made the 911 call --

10           **MS. VARTAIN:**  Yeah.

11           **THE COURT:**  -- and he's responding and going through

12   and talking about that.  He goes on a -- then she interrupts

13   that and asks a different question, "Why did you think about

14   leaving?"  I'm excluding that because I think that's a

15   different question.  That's not being answered as sort of what

16   was happening.

17       And then he goes back at line -- it would really start

18   line 4.  "So like after that, he's like" -- because now he's

19   going back to answering her question about what happened.  And

20   that's all what he's doing there is just saying it.  And I

21   think it's just part of it.

22           **MS. VARTAIN:**  Okay.

23           **THE COURT:**  Okay.  All right.  So you can finalize

24   that.

25       And the parties, I believe, got the questionnaires

1    yesterday.

2         **MS. VARTAIN:**  Yes.

3         **MS. CHUANG:**  Yes.

4        **THE COURT:**  We have an amazing jury office.  They

5    worked very hard.  They are amazing.  And so we will then meet

6    again Friday at 10:00.

7         **MS. VARTAIN:**  Yes.

8         **MS. CHUANG:**  We have one additional thing to bring up.

9         Following up on the motion in limine about the parts of

10   the body cam footage that we had objected to, the Court is

11   admitting those.  We would request that the audio be redacted

12   from the portions we objected to.  The audio is, to put it

13   quite frankly, pretty disturbing.

14        In terms of showing what the injury was and where various

15   evidence items ended up, that can be gathered from the visual.

16   So we believe the audio doesn't add anything but more prejudice

17   with very little or no probative value.

18        **MS. VARTAIN:**  I had no idea this was going to come up,

19   but my belief is that this is probably they're trying to keep

20   out the labored breathing, and that should absolutely come in.

21   It's relevant to the injury.  It's relevant to the force used.

22   All of the things that the Court already ruled on, the

23   breathing, Mr. Pelosi's breathing, the jury should hear that.

24        **THE COURT:**  All right.  I don't disagree that it is

25   disturbing, but I do think it is part and parcel of the extent

1    of the injury and the force that was used.

2        And again, as I said before, I think the force that was

3    used at that moment goes directly to really the key issue or a

4    key issue in the case.  So overruled.

5        **MS. CHUANG:**  Understood.

6        **MS. VARTAIN:**  Your Honor, I have just one quick

7    housekeeping item which is, as the government has continued to

8    refine the case and I believe you saw the amended witness list

9    which the government filed, I wanted to give you our current

10   best expectation as to the timing.

11       I believe the government's case will run through Thursday,

12   Monday and part of Tuesday.  And I wanted the Court to be aware

13   of that as you think through advising the jury next week.

14       **THE COURT:**  Thank you for bringing that up because I

15   had two questions I wanted to raise with you.

16       So one was what I was planning on doing was telling the

17   venire that we expect the case to get to them by Wednesday and

18   that therefore anyone who has Thanksgiving plans, don't worry,

19   that's not a problem.  And we're not going to excuse you

20   because you have plans that week.  We don't plan on having

21   court that week.

22       Is everybody okay with I tell the jury that?

23       **MS. VARTAIN:**  Yes.

24       **MS. CHUANG:**  Yes.  I think we'll absolutely be done by

25   Thanksgiving week.

1          **THE COURT:**  Okay.  The second thing I wanted to ask

2     you is the parties agreed, thank you so much, on all the jury

3     instructions.  And in terms of when the jury comes in and we

4     give them some background about the case, did you anticipate me

5     telling them sort of what the two charges are and maybe even

6     what the elements are?

7          And the reason why I'm thinking about that is because I

8     think jurors are going to come in thinking "We're just going to

9     decide if it's an assault case, open and shut"; right?  But

10    it's not.  It's different than that.  We have these intent

11    things.  And so it might go a little bit towards trying to

12    tease out that bias or not.  I really kind of want to hear from

13    you, I think.

14         **MS. CHUANG:**  So what I would suggest, at least for the

15    preliminary instructions, is just reading the statutory

16    language for each count of what he is literally charged with.

17    The exact language of the elements may change depending what

18    evidence comes in or doesn't come in at trial.  So I wouldn't

19    want to instruct them on that right off the bat.

20         **THE COURT:**  Read the statute.

21         **MS. CHUANG:**  Correct.

22         **THE COURT:**  Okay.  And do you have an objection to me

23    doing that, not just in the preliminary instructions, but to

24    the venire before you begin your questioning?

25         **MS. CHUANG:**  We have no objection to that.

1    **MS. VARTAIN:**  We had -- the proposed jointly filed

2    jury instruction number 2 did provide the elements of each

3    charge.  And I'm looking, Your Honor, at docket 106 and page 6

4    of the ECF filed version on the page 6 on the top, page 4 on

5    the bottom.

6    **THE COURT:**  Right.  But the defense is saying they

7    would be okay with just me reading the statute.  I don't know

8    how much that differs from the statute.  I'd have to go back to

9    that.  But which is -- I mean, I've never done that before

10   where -- to a venire.  I have sort of gone through the

11   elements.

12   And so if they don't want me to go through the elements

13   but just read the statute, that's okay.  But I want to know if

14   you object to that.  And the reason I'm thinking is, candidly

15   with respect to bias, a juror might think "My mind's made up.

16   I saw the video.  I saw what happened."

17   But this case is actually different; right?  That's just

18   the first step that has to be proved.  And so I thought it

19   might be helpful to them to know this case involves more than

20   that.

21   **MS. VARTAIN:**  I think that that makes sense,

22   Your Honor.  Given that this won't come up till Monday, can I

23   follow up with the Court on Friday?

24   **THE COURT:**  Yeah, why don't we do that on Friday.  And

25   actually maybe I'll show you on Friday, for the venire I like

1    to do actually a little PowerPoint.  People are so visual these

2    days where I really -- often I do the witnesses.  We don't need

3    to do that because that's already on the questionnaire.

4         But I emphasize about no Internet research, no cell

5    phones, and really try to hone that in.  I give them an example

6    of a case where a juror did independent research and a mistrial

7    had to be called.  I just try to do that.

8         And so maybe I'd put the statute up there too.  But I'll

9    show you on Friday so that you guys can look at it and see if

10   you object.

11        **MS. VARTAIN:**  Your Honor, I think I heard that the

12   elements might change over the course of the case.  And so that

13   raises to me that despite the fact that I think we have agreed

14   upon instructions, we certainly have some open questions like

15   is there going to be a defense theory presented.

16        Does the Court have any thoughts yet on when you might

17   want to do a charging conference?  Because certainly we'd want

18   to incorporate -- I think we are likely to oppose any defense

19   theory of the case, but who knows.  And then so I'd want time

20   to get that to Your Honor.

21        **MS. CHUANG:**  That's -- well, that will depend on

22   what -- how the evidence comes in.

23        **THE COURT:**  You know what they say, they don't know

24   until they see your case.

25        **MS. VARTAIN:**  Well, no --

1           **THE COURT:**  It would likely be -- it sounds like we

2    wouldn't charge them until Wednesday even if you finished early

3    on Tuesday; right?  We probably -- and then -- well, either

4    they put on a defense or they don't put on a defense.  And so

5    the earliest we would instruct the jury, it sounds like, would

6    be Wednesday.  So it would probably be Tuesday.

7           **MS. VARTAIN:**  I think that's right.  I just want to be

8    sure that we all have time to fold that into our closing

9    arguments.

10          **THE COURT:**  Oh, don't worry.  I'll give you time.

11   Don't worry about that.  We'll be flexible with how we do that.

12          **MS. CHUANG:**  And we appreciate that too.

13      I did want to bring up --

14          **THE COURT:**  Can I ask you something -- well, anyway.

15   That's fine.  Go ahead.  After trial -- it's a totally

16   different case.

17          **MS. CHUANG:**  Oh, oh.  Okay.

18      Sure.  So we had -- when we were originally trying to --

19   in early drafts of the jury questionnaire, we had discussed

20   additional names to run by the venire to see if they personally

21   know them.  Those are essentially the names on the list, some

22   of whom have local ties so may actually personally know someone

23   in the venire.

24      So we think it might be prudent to ask the venire.  I

25   don't know how the Court wants to do it.  Logistically I think

1  we can figure out, but to ask the venire if they personally

2  know any of these additional people who might be brought up or

3  mentioned during the trial, including Target 1, which I mean

4  the other names we're not masking, but Target 1 is the big one

5  logistically.

6         **THE COURT:**  Let's see how can we do that in a way --

7  the odds, right, that Target 1 is known are going to be slim.

8  Maybe when we have what we think is our final jury but before

9  we actually excuse everyone else, we can ask those 14, I think

10  I was going to select, jurors if they personally know Target 1.

11         **MS. CHUANG:**  I think that would work.

12         **THE COURT:**  Maybe we can do it that way.

13         **MS. CHUANG:**  And the other names on the list, I think

14  we can just ask the whole pool.

15         **THE COURT:**  I think so.  They're public figures.

16         **MS. VARTAIN:**  Not all of them, Your Honor.

17         **THE COURT:**  I'm sorry?

18         **MS. VARTAIN:**  I don't think all of them are.

19         **THE COURT:**  Oh, I don't even necessarily know who all

20  of them are.

21         **MS. VARTAIN:**  Maybe we could get a list of who you'd

22  like to query the venire about.

23         **MS. CHUANG:**  Sure.

24         **THE COURT:**  We can talk about that some more on

25  Friday.

1          Anything else that's come up?

2               **MS. VARTAIN:**  Not from the government, Your Honor.

3     Thank you.

4               **MS. CHUANG:**  I don't think so.  Thank you.

5               **THE COURT:**  Okay.  Great.  We will see you Friday

6     then.  Thank you.

7               **MS. VARTAIN:**  Thank you, Your Honor.

8               **MS. CHUANG:**  Thank you.

9                    (Proceedings adjourned at 9:50 a.m.)

10                         ---oOo---

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
2
3                          **<u>CERTIFICATE OF REPORTER</u>**

4              I certify that the foregoing is a correct transcript

5      from the record of proceedings in the above-entitled matter.

6
7      DATE:   Monday, December 18, 2023

8
9
10
11      _____

12              Kelly Shainline, CSR No. 13476, RPR, CRR
                        U.S. Court Reporter
13
14
15
16
17
18
19
20
21
22
23
24
25