# Attachment 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 1:18-cr-45 |
| TIMOTHY JERMAINE PATE, | |
| Defendant. | |

### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A defendant does not have to testify, and if the Defendant chose not

1

to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

As for the indictment in this case, it charges twenty-one separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations. I will explain these counts to you in a moment.

I'd like to mention two things about the indictment. First, you'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

Additionally, you should take note that the word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

**Counts 1–10, 16–21**

In Counts One through Ten, and Sixteen through Twenty-One, the Government charges Defendant with violating 18 United States Code § 1521. Under that code section, it's a Federal crime to file a false lien against a United States employee or official on account of that person's performance of his or her official duties.

The Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

(1) the Defendant filed or attempted to file a document in a public record or a private record generally available to the public;

(2) the filing contains any false lien or encumbrance against the real or

4

personal property of a federal employee or official;

(3) Defendant filed the document on account of the federal employee or official's performance of his/her official duties; and

(4) Defendant knew or had reason to know that the lien or encumbrance was false or contained any materially false, fictitious, or fraudulent representations.

A representation is "false" if it is untrue, or is made with reckless indifference for the truth. A representation can be false if it is half true, or omits or conceals a "material" fact. A fact is "material" when it has a natural tendency to influence or is capable of influencing the decision of the person or entity to whom or to which it is addressed.

Likewise, a representation that is false, fictitious, or fraudulent is considered "materially" so when it has a natural tendency to influence or is capable of influencing the decision of the person or entity to whom or to which it is addressed. It is irrelevant whether the false, fictitious, or fraudulent representation actually influenced or affected the decision-making process. A representation can be materially false, fictitious, or fraudulent even if the decision maker did not actually rely on the representation, or even if the decision maker actually knew or should have known that the representation was false.

A "lien" is a legal right or interest that a creditor has in another's property to secure payment of a debt or performance of an obligation.

An "encumbrance" is a claim or liability that is attached to property and that may lessen its value.

For purposes of this instruction, a lien or encumbrance need not be valid, nor must you find that it actually impaired the government employee's property rights or interests.

In determining whether Defendant had reason to know that the lien or encumbrance was false, you may consider what information the Defendant had and what a reasonable person would infer from that information.

A "federal employee or official" includes Judges and employees of the United States District Courts and United States Bankruptcy Courts, as well as officials and employees of the Internal Revenue Service and Department of Treasury.

**Counts 11–15**

In Counts Eleven through Fifteen, the Government charges Defendant with violating 18 United States Code § 152(3). Under that code section, it's a Federal crime to make a false declaration or statement under penalty of perjury in a Federal bankruptcy case.

The Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

(1) there was a bankruptcy proceeding;

(2) Defendant made a declaration or statement under penalty of perjury in relation to the proceeding;

(3) the declaration or statement concerned a material fact;

(4) the declaration or statement was false; and

(5) Defendant made the declaration or statement knowingly and fraudulently.

The Government does not have to prove that a loss was suffered as a result of a false statement made in the course of the bankruptcy proceeding.

A declaration or statement is "material" when it has a natural tendency to influence or is capable of influencing the decision of the person or entity to whom or to which it is addressed. It is irrelevant whether the false declaration or statement actually influenced or affected the decision-

making process. A false declaration or statement can be material even if the decision maker did not actually rely on the declaration, or even if the decision maker actually knew or should have known that the declaration was false.

A claim is "fraudulently" made if it is intended to deceive or to cheat, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

"Good faith" is a complete defense to a charge that requires intent to defraud. Here, the good faith defense only applies to Counts Eleven through Fifteen, which charge Defendant with violations of 18 United States Code § 152(3) and thus require proof of an intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent—even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

7

You must never consider punishment in any way to decide whether a defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

(1) Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

(2) How much time did the witness have to observe the person?

(3) How close was the witness?

(4) Did anything affect the witness's ability to see?

(5) Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

You've been permitted to take notes during the trial. Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[*The Court will explain the verdict form.*]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

9