# EXHIBIT C

  **e.  Multiple Sentences of Imprisonment.**  The statute that governs the manner in which multiple sentences of imprisonment may be imposed is 18 U.S.C. § 3584.

\*    (1)  Subsection (a) of Section 3584 states,

> **(a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.**

  The Bureau of Prisons interprets the phrase, **"an undischarged term of imprisonment,"** as applying to any lawfully imposed federal or state, local or foreign (non-federal) sentence or revocation of a conditional release term (probation, supervised release, parole, etc.).   \*

  The legislative history for this subsection states that,

> **. . . if the court is silent as to whether terms of imprisonment <u>imposed at the same time</u>** (emphasis added) **are concurrent or consecutive, the terms run concurrently unless a statute requires that they be consecutive.  If, on the other hand, multiple terms of imprisonment are <u>imposed at different times</u>** (emphasis added) **without the judge specifying whether they are to run**

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 32

**concurrently or consecutively, they will run consecutively unless the statute specifies otherwise**.

This subsection allows the court flexibility in sentencing when multiple terms of imprisonment are imposed and codifies the rules to follow if the court remains silent.

\*

Sentences that are imposed as the result of a single trial on the <u>counts within a single indictment</u> are considered to have been <u>imposed at the same time</u>, regardless of whether they are imposed at different times on the same date or on a later date.

Sentences that are imposed on the same date, or on different dates, <u>based on convictions arising out of different trials</u>, are considered to have been <u>imposed at different times</u> even if the trials arose out of the same indictment.

The court's sentencing flexibility, in addition to applying to federal undischarged terms of imprisonment, also extends to those prisoners who have non-federal undischarged terms of imprisonment.

The court may, for a prisoner who is serving a non-federal undischarged term of imprisonment while "on loan" to the federal government under the jurisdiction of a federal writ of habeas corpus ad prosequendum, impose the federal sentence to run concurrently with, or consecutively to, the other undischarged term of imprisonment.  Upon receipt of the judgment

and commitment from the U. S. Marshals' Service that orders the federal sentence to be served <u>concurrently with the non-federal sentence</u>, the RISA shall, in accordance with 18 U.S.C. § 3621(b), designate the non-federal facility as the place to serve the federal sentence and complete the other procedures required by the Program Statement on <u>Designation of State Institution for Service of Federal Sentence</u>, for executing this type of concurrent sentence.

        On occasion, a federal court will order the federal sentence to run concurrently with or consecutively to a not yet imposed term of imprisonment.  Case law supports a court's discretion to enter such an order and the federal sentence shall be enforced in the manner prescribed by the court. If the just imposed federal sentence is ordered to run concurrently with a non-existent term of imprisonment, then the RISA shall designate the non-federal place as the place to serve the federal sentence as of the date that the federal sentence was imposed.  If the federal sentence is silent, or ordered to run consecutively to the non-existent term of imprisonment, then the federal sentence shall not be placed into operation until the U.S. Marshals' Service or the Bureau of Prisons gains exclusive custody of the prisoner.

        Regardless of whether the court orders the federal sentence to be served consecutively to, or concurrently with, the non-federal non-existent or undischarged term of

imprisonment, the prisoner shall be returned to the non-federal jurisdiction until the prisoner is released (completes the undischarged term of imprisonment) from the non-federal term.

Federal courts sometime order a **portion** of the federal sentence to run concurrently with or consecutively to another federal sentence or a non-federal sentence. The Bureau of Prisons will attempt to accommodate a court's intent as fully as possible. Since the possible number of ways of imposing a **portion** of a sentence concurrently with or consecutively to another sentence are numerous, staff should refer such sentences to the RISA for assistance.                                                            *

(2) Subsection (c) of Section 3584 provides the rules for the treatment (calculation) of multiple sentences and states,

> **Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.**

\*           This statement means that SRA sentences, including a term of imprisonment that results from a revocation of supervised release or probation, shall be aggregated to form a single sentence for computation purposes. Those sentences that were imposed, however, on or after November 1, 1987 (the effective date of the SRA) but prior to the Supreme Court decision in Mistretta January 18, 1989 (during which some courts held that some or all of the SRA was unconstitutional, shall not be aggregated with valid SRA sentences. A sentence that is, or was, imposed for an offense that occurred prior to

```
                                                         PS 5880.28
                                                  (CN-03) February 14, 1997
                                                             Page 1 - 34
```

November 1, 1987 ("Old Law" offense), shall not be aggregated with a valid or invalid SRA sentence.                        *

       (3)  If a multi-count indictment in a single judgment and commitment contains an offense(s) that was completed before November 1, 1987, and an offense(s) that was completed on or after November 1, 1987, then those pre and post SRA counts shall be treated separately (not aggregated) and the sentences shall be computed in accordance with the sentencing laws in effect at the time of the completion of those offenses.  If a count is ordered to be served consecutively to a count with which it cannot be aggregated, then the consecutive count shall be held as a detainer until release from the preceding count occurs.

       (4)  The concurrent sentence aggregation requirement discussed in paragraph e.(2) of this Chapter, could create a set of circumstances that would allow a concurrent sentence to be served in a shorter period of time than if it were standing alone.

       For example, a sentence of ten years that began on January 19, 1989 would expire with good conduct time (432 days) on October 5, 1997 and a concurrent one year sentence that begins on October 4, 1997 (the day before the release date on the ten year sentence) would, if standing alone, expire on October 3, 1998 (no GCT is earned on a sentence of one year, so both the release date and full term date occur on the same date).

       You will note in this example that the concurrent one year sentence has a beginning date that is later

```
                                              PS 5880.28
                                  (CN-03) February 14, 1997
                                              Page 1 - 35
```

than the beginning date of the ten year sentence but the full term date and the release date for the one year sentence, if standing alone, would be less than the full term date of the ten year sentence.  Because of the language of 18 U.S.C. § 3584(c) that requires that multiple terms of imprisonment be treated as a single, aggregate term, then the one year sentence would have the same date of release as the ten year sentence of October 5, 1997 as shown in the following diagram:



As a result of this interpretation of the statute, in the above example the prisoner would serve only two days on the one year sentence and gain a "windfall" of 363 days thereby avoiding serving the major portion of the one year sentence.  This "problem" sentencing result will occur each time that a concurrent sentence has the following conditions:

a.  The concurrent sentence has a beginning date that falls on, or is later than, the beginning date of the first sentence.

```
                                                     PS 5880.28
                                         (CN-03) February 14, 1997
                                                    Page 1 - 36
```

        b.  The concurrent sentence has a full term date that falls on, or is earlier than, the full term date of the first sentence.

        c.  The concurrent sentence has a release date that is later than the release date of the first sentence.

        Subsection (c), while probably not contemplating the type of "windfall" situation described above is, nonetheless, clear and unequivocal about the treatment of concurrent terms (as well as consecutive terms) as a single term of imprisonment for administrative purposes.

        The "windfall" situation is avoided in concurrent sentence situations when both the beginning date and full term date fall within those dates on the first sentence, providing the release date of the concurrent sentence is earlier than the release date of the first sentence.

        Again, the "windfall" condition is avoided when the beginning date of the concurrent sentence (regardless of length - could be shorter or longer than the first sentence) falls on, or begins later than the first sentence, but the full term date of the concurrent sentence is longer than the first sentence.  For example, a sentence of ten years (the first sentence) that began on January 19, 1989 has a full term date of January 18, 1999.  A twelve year concurrent sentence imposed on March 12, 1990 has a full term date of March 11, 2002.  The sentences are aggregated as required by 18 U.S.C. § 3584(c) and result in a beginning date of January 19, 1989 and a full term

```
                                              PS 5880.28
                                   (CN-03) February 14, 1997
                                              Page 1 - 37
```

date of March 11, 2002, for a total aggregate term of thirteen years, one month, and twenty-one days and a release date of July 1, 2000 (618 days) as shown below:

```
    EFT Date of Concurrent Sentence           =  2002-03-11
    EFT Date of First Sentence                = -1999-01-18
    Overlap (3 Yrs, 1 Mo, 21 Dys)             =     3-01-21
    Length of First Sentence (10 Yrs)         = + 10-00-00
    Length of Aggregate (13 Yrs, 1 Mo, 21 Dys)=   13-01-21


    EFT Date of Aggregate                     =  2002-03-11  =  23081
    GCT on Aggregate (618 Dys)                =              -    618
    SRD of Aggregate                          =  2000-07-01  =  22463
```