# EXHIBIT D



*© Ingimage*

# Federal Sentence Computation Applied to The Interaction of Federal And State Sentences

This article explains the basic steps and principles followed by the Federal Bureau of Prisons (BOP) when computing a federal sentence. The article likewise focuses on the impact, if any, on the federal sentence computation when a defendant is also sentenced by state authorities. This is probably the single most confusing and least understood federal sentencing issue. The policy of the BOP concerning where the federal sentence is served is also addressed. Examples provided in the article seek to clarify the sentencing computation.

## I. Basic Federal Sentence Computation

The BOP has long been responsible for federal sentencing computation decisions. The statute governing sentence computations is 18 U.S.C. § 3585, which provides:

§ 3585. Calculation of a term of imprisonment.

(a) Commencement of sentence. — A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. — A defendant shall be given credit towards the sentence of a term of imprisonment for any time spent in official detention prior to the date the sentence commences —

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Section 3585 replaced 18 U.S.C. § 3568 (repealed), which specified that the attorney general made sentencing computation decisions.[1] Section 3585 did not identify who was responsible for sentence computation decisions. This omission caused a circuit split to develop. This split was resolved by *United States v. Wilson*,[2] in which the U.S. Supreme Court held that Congress did not intend to disturb the long-standing practice that federal sentence computation was the responsibility of the attorney general and delegated to the BOP under 28 C.F.R. § 0.96. The Court found "it likely that the former reference to the attorney general was simply lost in the shuffle."[3]

> **Editor's Note:** Drawing on his 36 years of experience, in this article retired BOP Regional Counsel Henry J. Sadowski describes how the Federal Bureau of Prisons computes federal sentences.

BY HENRY J. SADOWSKI

It is not practical to address here all the nuances and permutations of federal sentence computation.[4] The majority of sentence computation issues are resolved through application of several basic principles followed by the BOP. In any federal sentence computation, the BOP must make two separate decisions: when the federal sentence commences (§ 3585(a)) and to what extent the defendant is to receive credit for time spent in official detention prior to commencement of sentence (§ 3585(b)).[5] When there are multiple federal sentences, the BOP must make a third decision: how to aggregate the sentences. Understanding these three steps is crucial in assessing the impact of a state sentence.

### A. Step One: Commencement of Federal Sentence

The date the federal sentence commences is the necessary first step. On the date the sentence begins, the defendant starts to receive "credit" for time in service of the federal sentence.[6] As addressed in the next section (Step Two), prior custody credit only applies to detention prior to the commencement of the federal sentence. The underlying principle of § 3585(a) is that a federal sentence commences when the defendant is received by the United States for the purpose of serving a federal sentence.[7] For a defendant in exclusive federal custody, the federal sentence usually begins on the date of imposition or on the date the defendant voluntarily surrenders to a designated institution.[8] The earliest date a federal sentence can commence is the date it is imposed; a federal sentence cannot be ordered to commence on a date prior to its imposition.[9]

### B. Step Two: Compute Prior Custody Credit

Under § 3585(b), prior custody credit can be awarded by the BOP for time in official detention prior to the date the sentence began.[10] The most used credit provision is § 3585(b)(1): Credit is awarded for time in official detention in relation to the offense for which the sentence was imposed. Section 3585(b)(2) permits credit for unrelated time in detention for an arrest after the commission of the federal offense. Section 3585(b) prohibits prior custody credit when the time in custody was awarded towards another sentence.[11] This double credit prohibition does not apply to time in service of the federal sentence under § 3585(a). If there were such a double credit prohibition, concurrent sentences could not be imposed. Location of presentence detention (federal, state, or foreign) is not relevant in deciding whether prior custody credit will be awarded.[12]

### C. Step Three: Aggregate Multiple Federal Sentences Then Apply Steps One and Two

Under 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at the same time run concurrently unless ordered to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless ordered to run concurrently. Multiple federal terms of imprisonment are aggregated (when possible) and treated as one sentence for administrative purposes under 18 U.S.C. § 3584(c).[13] Consecutive sentences are easy to compute: add up the terms, compute the commencement date and then award prior custody credit. Concurrent sentences are complicated: a commencement date and full term date are computed for each term. Each concurrent sentence commences on date of its imposition not on the date of commencement of a prior sentence, or some earlier date.[14] The aggregate term is the difference between the earliest commencement date and latest full term date. Prior custody credit is then computed.

An example helps to demonstrate aggregation of concurrent terms: Defendant is arrested federally on Jan. 4, 2012, bail denied, and sentenced to 60

---

### Interaction of State and Federal Sentences: Example One

- ■ **January 2, 2000** — state arrest
- ■ **January 4, 2000** — state bail
- ■ **February 5, 2000** — federal arrest and bail
- ■ **February 12, 2000** — state rearrest of same charges, bail revoked
- ■ **April 4, 2000** — inmate produced to U.S. Marshal via federal writ of habeas corpus ad pros
- ■ **September 3, 2000** — federal sentence to 60 months; inmate returned to state
- ■ **October 3, 2000** — state sentence of 10 years



| 1/2/00 | 1/4/00 | 2/5/00 | 2/12/00 | 4/4/00 | 9/3/00 | 10/3/00 |
| State Arrest | Bail | Fed. Arrest & Bail | State Rearrest & Bail Revoked | Fed. Writ | Fed Sent. | State Sent. |

State is primary custodian — responsible for last arrest without relinquishment of jurisdiction. State sentence is primary. Federal sentence may be consecutive or concurrent to state term. Usual rule — No prior custody credit on federal sentence for time credited towards state sentence. Credit would be given by BOP for February 5, 2000. If federal sentence not specific, default under 18 U.S.C. § 3584 if sentence is consecutive. Ascertain intent of federal judge — check sentencing transcript. BOP will follow intent of federal sentencing judge to the extent possible. If concurrent, federal sentence may begin on date it is imposed (September 3, 2000), but not earlier. If consecutive, federal sentence will begin on completion of state sentence.

months on July 7, 2012. On July 15, 2012, defendant is indicted on new federal charges, bail denied, and sentenced to a 60-month concurrent term on Dec. 7, 2013. The earliest commencement date is July 7, 2012 (date of first sentence), and the latest full term date is Dec. 6, 2018 (60 months after second sentence began). The difference between these two dates is 77 months, which is the aggregate term. The BOP would award prior custody credit from Jan. 4, 2012, through July 6, 2012.[15]

The actual release date for the defendant would be the full term date (after adjusted by prior custody credit) minus good conduct time (GCT) under 18 U.S.C § 3624(b). With good conduct, a defendant could receive 54 days for each year served.[16] The BOP considers award of GCT for time spent serving the sentence under § 3585(a) and for presentence official detention if BOP awards prior custody credit under § 3585(b).[17]

## II. Add State Custody — Impact of Primary Custody Jurisdiction

Primary custody jurisdiction controls the analysis in state and federal sentencing interaction. The sovereign that first arrested the offender has primary jurisdiction over the offender — unless that sovereign relinquishes it to another sovereign by, for example, bail release, dismissal of the state charges, parole release, or expiration of state sentence.[18] When a prisoner is borrowed from the primary custodian via a writ of habeas corpus ad prosequendum,[19] principles of comity require the return of the prisoner to the primary custodian when the prosecution has been completed.[20] The federal government is the primary custodian when the defendant is first arrested by federal authorities and the defendant is detained by federal court order. Primary custody may not be unilaterally taken by the secondary custodian. The primary and secondary custodian may also shift primary custody by mutual agreement.[21]

When a defendant is facing state and federal prosecution, the basic computation method requires determining which authority (state or federal) is the primary custodian and then following the language of 18 U.S.C. § 3585. When a court imposes a federal sentence on a defendant in primary state custody, the federal sentence may commence when the BOP designates the state facility for service of the federal sentence.[22] Designation of the location for service of a federal sentence is explicitly vested by 18 U.S.C. § 3621 in the BOP.[23] A federal sentence does not begin to run when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody.[24] The state authorities retain primary jurisdiction over the prisoner; federal custody does not commence until the state authorities relinquish the prisoner on satisfaction of the state obligation.[25]

Time in custody of the U.S. Marshal or the BOP pursuant to a federal writ of habeas corpus ad prosequendum from state custody is not federal custody in connection with the federal offense.[26] The Supreme Court noted that under § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time."[27] Under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit towards another sentence.[28] There are some limited exceptions,[29] but the general rule for state primary defendants is that prior custody credit is not afforded towards a federal sentence if credit has been given for the same period of custody towards a state sentence.

If a defendant is under primary federal custody, then the insertion of a secondary state prosecution would have little impact on the federal sentence computation. If the state "borrows" the defendant by writ, the defendant remains in federal primary jurisdiction. The federal sentence computation would not change. A defendant in primary federal custody would receive prior custody credit for all time in official detention in relation to the federal offense. Any action by the state concerning the state sentence has no effect on the federal sentence computation.



**Interaction of State and Federal Sentences: Example Two**

- **January 2, 2000** — state arrest
- **January 4, 2000** — state bail
- **February 5, 2000** — federal arrest, no bail
- **February 12, 2000** — state bail revoked
- **September 3, 2000** — federal sentence to 60 months
- **October 3, 2000** — inmate produced in state court via state writ; state sentence of 10 years

| 1/2/00 | 1/4/00 | 2/5/00 | 2/12/00 | 9/3/00 | 10/3/00 |
|---|---|---|---|---|---|
| State Arrest | Bail | Fed. Arrest | State Bail Revoked | Fed. Sent. | State Writ & Sent. |

Federal is primary custodian — responsible for last arrest without relinquishment of jurisdiction. State bail revocation has no impact. Federal sentence is primary. Federal sentence begins on date it is imposed (September 3, 2000). Prior custody credit will be given for time from February 5, 2000, federal arrest until September 2, 2000. Whether state sentence is concurrent or consecutive is question for state authorities.

### A. Concurrent Versus Consecutive Service of Federal Sentence With State Sentence

As in the commencement decision, the concept of primary jurisdiction governs the order in which offenders serve the sentences. If an offender receives state and federal sentences, the general rule is that the offender first serves the sentence imposed by the sovereign with primary jurisdiction. Generally, decisions concerning concurrent or consecutive service of a federal sentence with a state sentence are not dependent on the order of sentence imposition.[30] If the federal Judgment and Commitment Order is silent and if the state authorities have primary jurisdiction over the defendant, the default by the BOP is to compute the federal sentence as consecutive with the state sentence regardless of which sentence was imposed first.[31] Under 18 U.S.C. § 3584, the federal sentencing judge may specifically order the federal sentence to run consecutively to, or concurrently with, an existing state sentence.[32] The Supreme Court resolved a split in the circuits concerning the authority of the federal judge to impose a sentence consecutive to, or concurrently with, a state sentence yet to be imposed. In *Setser v. United States*,[33] the Court held that a federal sentencing court has inherent authority to order a federal sentence be served either concurrently with or consecutive to a state sentence yet to be imposed. To allow the federal sentence to commence, the BOP designates the state correctional institution (the primary custodian) for service of the federal sentence. Since the earliest date a federal sentence can commence is the date it is imposed, this designation may be made *nunc pro tunc* no earlier than the date of federal sentencing. A sentence may not be ordered to run concurrently with a sentence that has been served.[34]

The *Setser* decision should not have a major impact on the practices of the BOP. *Setser* rejected the argument that the BOP (not the judge) had the authority to decide how a federal sentence is to be served with a state sentence yet to be imposed. *Setser* was consistent with the post-*Booker*[35] shift to increase the discretion afforded federal sentencing judges.[36] Nevertheless, *Setser* recognized the BOP has the responsibility to compute the federal sentence and that disputes should be resolved through the BOP administrative remedy process or through habeas corpus petitions.[37] While the BOP would rather not be in the position to

---

**Interaction of State and Federal Sentences: Example Three**

- ■ **January 2, 2000** — state arrest
- ■ **February 5, 2000** — federal indictment for related offense
- ■ **April 4, 2000** — state sentence of 10 years
- ■ **August 5, 2001** — inmate produced to U.S. Marshal via federal writ of habeas corpus ad pros
- ■ **September 3, 2001** — federal sentence of 60 months concurrent with state sentence; inmate returned to state



| 1/2/00 | 2/5/00 | 4/4/00 | 8/5/01 | 9/3/01 |
| State Arrest | Fed. Indict. | State Sent. | Fed. Writ | Fed. Sent. Concurrent |

State is primary custodian — responsible for last arrest without relinquishment of jurisdiction. State sentence is primary. Federal sentence may be consecutive or concurrent to state term. Usual rule — No prior custody credit on federal sentence for time credited towards state sentence. Concurrent federal sentence may begin on date it is imposed (September 3, 2001).

**Note:** This could be a case for application of Sentencing Guideline § 5G1.3(b): Federal and state offenses are related, and presumably the state offense conduct was considered in assessing the guidelines. The Bureau of Prisons will not award the inmate credit for time in detention from January 2, 2000, to September 2, 2001 (20 months). Note 2 to § 5G1.3 suggests the federal sentence may be adjusted for the period of time not credited by the Bureau of Prisons. This would be an adjustment towards guideline satisfaction. Assuming a guideline range of 70-87 months and assuming the court wanted a total sentence of 80 months, the court could adjust the sentence by 20 months, impose a sentence of 60 months, and not be a downward departure.

Judgment of Commitment Order should reference § 5G1.3 and note the adjustment for credit towards guidelines. After the term of sentence, the order can read: "I hereby adjusted the sentence under § 5G1.3 by the 20 months in detention that would not be awarded by the Bureau of Prisons."

Bonus Queries: Assume state sentence in Example 3 expired on August 10, 2001.

Can the federal sentence run concurrently with the state sentence? No, the federal sentence cannot run concurrently or consecutively with expired term.

Can the federal judge make the same adjustment? No. The judge can consider a downward departure under USSG § 5K2.23 and USSG § 5G1.3, Application note 4.

How much prior custody credit is awarded on the federal sentence? Prior custody credit from August 10, 2001, through September 2, 2001.

second-guess the intent of a federal sentencing judge, unfortunately, sentencing orders are not always clear, forcing the BOP to make an interpretation.[38] The overall impact of *Setser* (and the proposed implementation by the Sentencing Commission) may be more delineation of the federal sentencing judge's intent in the Judgment and Commitment Order. This delineation would be helpful to the BOP, whose practice is to try to follow (to the extent possible) the intent of the federal sentencing judge.[39] Finally, *Setser* does not apply to multiple federal sentences imposed at different times, which is directly governed by 18 U.S.C. § 3584.[40]

### B. Place of Incarceration

The primary custodian is responsible for the custody of the defendant until primary jurisdiction is relinquished. If a defendant has been arrested by state authorities and the state never relinquished custody (by bail, dismissal of charges, parole, etc.), the defendant must serve his state sentence in state custody. Production of the defendant via a federal writ of habeas corpus ad prosequendum does not shift the primary jurisdiction of custody to federal authorities.[41] After the writ is satisfied (i.e., federal sentence is imposed), the U.S. Marshal must return the "borrowed" defendant back to the state, the primary custodian. Primary jurisdiction is not affected by the order of imposition of federal and state sentence.

The jurisdiction that is the primary custodian is responsible for the costs of incarceration. When the federal authorities are the primary custodian of the prisoner, the United States bears the costs of incarceration. When the state authority is primary custodian, the state bears the costs of incarceration. When the state has primary jurisdiction over a defendant, the federal sentencing judge may not order the delivery of the defendant for service of sentence in a federal institution. This order is tantamount to a transfer of custody beyond the jurisdiction of the federal court.[42] Similarly, when the state has primary jurisdiction, the state sentencing judge cannot order that the state prisoner be transported to a federal institution to serve his state sentence.[43] A state court has no authority to order how a federal sentence is to be computed or served.[44]

There are several ways in which the BOP may accept a prisoner in primary state custody. First, under a contract pursuant to 18 U.S.C. § 5003, the state authority can request transfer of the prisoner to the federal authorities with the understanding that the costs of incarceration are reimbursed to the United States. A request to transfer under a contract is usually initiated by the correctional authority of the state with primary jurisdiction. The existence of a contract between the state in question and the BOP must be checked. Second, the U.S. Attorney's Office may sponsor the placement of a state prisoner in the witness protection program under 18 U.S.C. § 3521. Finally, the BOP will accept a state defendant when the state authorities relinquish primary jurisdiction by parole, bail, dismissal, etc. The act relinquishing primary jurisdiction usually requires the U.S. Marshal to assume custody pursuant to an outstanding detainer. The Marshal then transfers the prisoner to a federal facility designated by the BOP.

### C. Impact of Sentencing Guideline § 5G1.3

At sentencing, it is important to determine to what extent U.S.S.G. § 5G1.3 applies to the defendant. In certain circumstances, § 5G1.3 permits the court to make an adjustment or a downward departure for time spent in detention that would not be awarded towards the federal sentence by the BOP under 18 U.S.C. § 3585(b). Section 5G1.3 has been modified several times, and thus it is crucial to determine which version applies to the defendant.[45] The current version of § 5G1.3 permits an adjustment (non-departure) if the time in detention is related to the federal offense (§ 5G1.3(b)).

---

### Interaction of State and Federal Sentences: Example Four

- **January 1, 2010** — state arrest and bail
- **June 1, 2010** — federal arrest
- **June 15, 2010** — state bail revoked
- **September 1, 2010** — federal sentence 120 months consecutive to state sentence
- **November 1, 2010** — state sentence 8 years



| 1/1/10 | 6/1/10 | 6/15/10 | 9/1/10 | 11/1/10 |
| --- | --- | --- | --- | --- |
| State Arrest Bail | Fed. Arrest No Bail | State Bail Revoked | Fed. Sent. 120 Mos. CS | State Sent. 8 Years |

Federal is primary custodian. State bail revocation is a non-event and does not shift custodial jurisdiction. Usually federal sentence commences on imposition. State, as secondary custodian, controls consecutive or concurrent service. When federal sentence is finished, inmate is given to state, if there is any time remaining on state term. State court could order concurrent or consecutive. Here BOP could attempt to make federal sentence consecutive (as contemplated by *Setser*) by requesting the state authority to accept primary jurisdiction (primary jurisdiction may be shifted through agreement by the parties). If state agrees to assume primary jurisdiction, defendant would receive prior custody credit towards federal sentence for time in primary federal jurisdiction (from June 1, 2010, until date primary jurisdiction is shifted to the state). Federal sentence would commence on release by the state. If the state refuses to shift primary jurisdiction, the BOP would have to commence the federal sentence on date of imposition.

If the court finds an adjustment is justified based on a discharged sentence, the adjustment is to be via downward departure. If the federal sentencing judge invokes § 5G1.3, it is crucial for the Judgment and Commitment Order to specify exactly how the court determined the sentence. For example, if the court applied an adjustment, a reference to § 5G1.3(b) and the amount of adjustment should be noted on the Judgment and Commitment Order. This reference assists the BOP in resolving issues concerning the court's intent; these issues often arise years after the court imposed the sentence. It is important to note that the BOP will apply the prior custody credit standards of 18 U.S.C. § 3585(b) to every federal sentence. Any reference in the Judgment and Commitment Order to credit for time served is unnecessary, superfluous, and directly contrary to *United States v. Wilson*.[46]

## Notes

1. Section 3585 was part of the Sentencing Reform Act, which went into effect on Nov. 1, 1987. Pub. L 98-473, Oct. 12, 1984, 98 Stat. 2001.

2. *United States v. Wilson*, 503 U.S. 329 (1992).

3. 503 U.S. at 336.

4. For additional information, there are two sentencing computation manuals under the policy/forms tab of the BOP public website (www.bop.gov): one for 18 U.S.C. § 3585 sentences (Program Statement 5880.28) and one for 18 U.S.C. § 3568 (repealed) sentences (Program Statement 5880.30). Each manual contains over 200 pages.

5. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996); *United States v. Smith*, 812 F. Supp. 368, 370 (E.D.N.Y. 1993).

6. Service of a federal sentence may be interrupted by civil contempt, escape or court order of bail release. This is an application of the principle that a defendant must be in official detention to begin serving a federal sentence or to receive prior custody credit. See *United States v. Harris*, 582 F.3d 512 (3d Cir. 2009); *Vega v. United States*, 493 F.3d 310, 322 (3d Cir. 2007); *Ochoa v. United States*, 819 F.2d 366 (2d Cir. 1987).

7. *Pinaud v. James*, 851 F.2d 27 (2d Cir. 1988); *Salley v. United States*, 786 F.2d 546 (2d Cir. 1986); *Chambers v. Holland*, 920 F. Supp. at 621.

8. A voluntary surrender order is often issued by the sentencing court as an outgrowth of an existing order of release and is referenced in § 3585(a) and 18 U.S.C. § 3146(a).

9. *United States v. Gonzalez*, 192 F.3d 350 (2d Cir. 1999); *United States v. Labeille-Soto*, 163 F.3d 93 (2d Cir. 1998); *Harris v. Bureau of Prisons*, 787 F. Supp. 3d 350 (W.D. Pa. 2011). But see *United States ex rel. Del Genio v. United States Bureau of Prisons*, 644 F.2d 585, 589 (7th Cir. 1980), *cert. denied*, 449 U.S. 1084 (1981) (implying in dicta sentencing judge could order prior commencement under now repealed 18 U.S.C. § 3568).

10. Official detention is considered by the BOP as time in custody pursuant to a detention order. The time a defendant is subject to restrictive conditions (e.g., house arrest or halfway house placement) by a release order issued by the court is not considered time in official detention under § 3585(b). *Reno v. Koray*, 515 U.S. 50 (1995).

11. *United States v. Wilson*, 503 U.S. 329 (1992). Under repealed § 3568, a federal prisoner was not entitled to prior custody time credit towards a federal sentence for the period spent in state custody, especially when the state provided credit for the same period towards a state sentence. *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir. 1992); *United States v. Blankenship*, 733 F.2d 433 (6th Cir. 1984); *United States v. Grimes*, 641 F.2d 96 (3d Cir. 1981); *Siegal v. United States*, 436 F.2d 92, 95 (2d Cir. 1970).

12. The BOP relies heavily on the Presentence Report when reaching decisions on sentence computation. If a defendant has served time in detention in foreign or state custody, it is important to try to resolve, at sentencing, the dates of such detention and whether credit was awarded by the other custodian. It is difficult for the BOP to obtain and verify this information, especially when the credit question arises years later.

13. Although Section 3584(c) permits aggregation of multiple terms of imprisonment, the BOP does not aggregate state sentences with federal sentences. The BOP has no authority to compute a state sentence.

14. *Coloma v. Holder*, 445 F.3d 1282 (11th Cir. 2006); *Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

15. The defendant began serving the sentence on July 7, 2012, and therefore would not receive prior custody credit for that day. The defendant would not receive prior custody credit for the period in custody for the second prosecution since the defendant is serving the first sentence.

16. The BOP interpretation of § 3624(b) is that the prisoner must serve a full year with clear conduct to be awarded 54 days of GCT. The BOP method of GCT computation was approved in *Barber v. Thomas*, 560 U.S. ___; 130 S. Ct. 2499 (2010). To get a projection of the amount of possible GCT on a sentence, it is incorrect to simply multiply the years on the sentence imposed by 54. To get a more accurate projection, as a rule of thumb, multiply the number of years by 47.

17. *Lopez v. Terrell*, 654 F.3d 176 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 2115 (2012).

18. *United States v. Cole*, 416 F.3d 894 (8th Cir. 2005); *Rios v. Wiley*, 201 F.3d at 274; *Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998); *United States v. Warren*, 610 F.2d 680 (9th Cir. 1980); *Chambers v. Holland*, 920 F. Supp. at 622; *United States v. Smith*, 812 F. Supp. 368 (E.D.N.Y. 1993).

19. The Interstate Agreement on Detainers (18 U.S.C. App. 2) is another method to obtain a defendant from a primary custodian. Production via the IAD is treated conceptually the same as production via a writ.

20. *Ponzi v. Fessenden*, 258 U.S. 254 (1922); *United States v. Evans*, 159 F.3d 908 (4th Cir. 1998); *Delima v. United States*, 41 F. Supp. 2d 359 (E.D.N.Y. 1999), *aff'd*, 213 F.3d 625 (2d Cir. 2000).

21. *United States v. McCrary*, 220 F.3d 868 (8th Cir. 2000); *Poland v. Stewart*, 117 F.3d 1094, 1098 (9th Cir. 1997), *cert. denied*, 118 S. Ct. 1533 (1998). The sovereign with primary jurisdiction may elect under the doctrine of comity to relinquish it to another sovereign, if that sovereign accepts. This discretionary election is an executive function. *Poland v. Stewart*, *supra*. The defendant charged with crimes violating the laws of separate sovereigns has no standing to challenge which jurisdiction has primary jurisdiction. *Bowman v. Wilson*, 672 F.2d 1145, 1150 (3d Cir. 1982); *Babcock v. Pepe*, 767 F. Supp. 2d 234 (D. Mass. 2011).

22. *Taylor v. Sawyer*, 284 F.3d 1143 (9th Cir. 2001), *cert. denied*, 123 S. Ct. 889 (2003); *Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000); *Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999), *cert. denied*, 528 U.S. 1126 (2000); *McCarthy v. Doe*, 146 F.3d 118 (2d Cir. 1998); *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990); *United States v. Pungitore*, 910 F.2d 1084, 1118-1119 (3d Cir. 1990), *cert. denied*, 111 S. Ct. 2009-2011 (1991).

23. *Setser v. United States*, 132 S. Ct. 1463 (2012), held § 3621 did not confer the authority on the BOP to make concurrent versus consecutive sentencing decisions. The Court noted that § 3621 was a place of confinement statute not a sentencing one. *Setser* recognized that the BOP has a role when sentence computation issues arise and the BOP may be involved in computation of such sentencing orders. 132 S. Ct. at 1473. Although the Court does not cite authority for the BOP's role, it is a natural outgrowth of 18 U.S.C. § 3585 and *United States v. Wilson*, *supra*. The designation authority is the administrative method the BOP uses to cause a federal concurrent sentence to commence for a defendant in primary state custody. The triggers to commence a federal sentence include arrival at, or



FEDERAL SENTENCE COMPUTATION

awaiting transportation to, a designated institution for service of a federal sentence. 18 U.S.C. § 3585(a). The factors in Section 3621 then are best viewed as guiding the BOP decision where the defendant is to serve a federal sentence, not whether the designation is to be made.

24. *United States v. Cole*, 416 F.3d 894 (8th Cir. 2005); *United States v. Evans*, 159 F.3d 908 (4th Cir. 1998); *Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992); *Thomas v. Brewer*, 923 F.2d 1361 (9th Cir. 1991); *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990); *Salley v. United States*, supra; *Hernandez v. United States Attorney General*, 689 F.2d 915 (10th Cir. 1982); *Roche v. Sizer*, 675 F.2d 507 (2d Cir. 1982); *Chambers v. Holland*, 920 F. Supp. at 622.

25. *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000); *Jake v. Herschberger*, 173 F.3d 1059 (7th Cir. 1999); *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir. 1992); *Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992); *Hernandez v. United States Attorney General*, supra; *Roche v. Sizer*, supra; *Crawford v. Jackson*, 589 F.2d 693 (D.C. Cir. 1978), cert. denied, 441 U.S. 934 (1979); *Cobb v. United States*, 583 F.2d 695 (4th Cir. 1978); *Chambers v. Holland*, supra; *Shumate v. United States*, 893 F. Supp. 137 (N.D.N.Y. 1995); *Miller v. United States*, 826 F. Supp. 636 (N.D.N.Y. 1993). See also *Bowman v. United States*, 672 F.2d 1145, 1153-154 (3d Cir. 1982).

26. *E.g., United States v. Mills*, 501 F.3d 9 (1st Cir. 2007); *Rios v. Wiley*, 201 F.3d at 271-74; *Thomas v. Whalen*, supra; *Chambers v. Holland*, 920 F. Supp. at 622; *Miller v. United States*, supra; *United States v. Smith*, 812 F. Supp. 368 (E.D.N.Y. 1993). But see *Brown v. Perrill*, 28 F.3d 1073 (10th Cir. 1994). The production of a defendant via writ is a strong indication that the authority issuing the writ is not the primary custodian.

27. *Wilson*, 503 U.S. at 336.

28. *Rios v. Wiley*, 201 F.3d at 272; *Tisdale v. Menifee*, 166 F. Supp. 2d 789 (S.D.N.Y. 2001).

29. See *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993).

30. In contrast, when the defendant is facing multiple federal prosecutions, the timing of sentence imposition is important since the federal judge who sentences last often controls the concurrent or consecutive decision under 18 U.S.C. § 3584(a).

31. This default is drawn from 18 U.S.C. § 3584(a), which generally requires consecutive service of sentence imposed at different times unless the court specifies concurrent service. *Newman v. Cozza-Rhodes*, 2013 WL 1749432 (10th Cir. 2013). See *Setser v. United States*, 132 S. Ct. 1463, 1469 (2012).

32. *United States v. Fuentes*, 107 F.3d 1515, 1519 n.6 (11th Cir. 1997). *United States v. Williams*, 46 F.3d 57 (10th Cir.), cert. denied, 116 S. Ct. 92 (1995); *United States v. Ballard*, 6 F.3d 1502 (11th Cir. 1993); *United States v. Hardesty*, 958 F.2d 910 (9th Cir. 1992); *Pinaud v. James*, 851 F.2d 27 (2d Cir. 1988); *Salley v. United States*, 786 F.2d 546 (2d Cir. 1986).

33. *Setser v. United States*, 132 S. Ct. 1463 (2012).

34. *United States v. Kirklin*, 701 F.3d 177 (5th Cir. 2012); *United States v. Labeille-Soto*, supra.

35. *United States v. Booker*, 543 U.S. 220 (2005).

36. *E.g., Pepper v. United States*, 131 S. Ct. 1229 (2011); *Rita v. United States*, 551 U.S. 338 (2007).

37. *Setser v. United States*, 132 S. Ct. at 1473. See *Elwell v. Fisher*, 716 F.3d 477 (8th Cir. 2013); *Heddings v. Garcia*, 491 F. App'x 896, 900 (10th Cir. 2012).

38. The actual federal sentencing order under review in *Setser* is an excellent example of an order calling for an interpretation by the BOP. *Setser v. United States*, 132 S. Ct. at 1472-473. The defendant was under the primary jurisdiction of the state. The federal judge ordered the federal sentence to be concurrent with one yet to be imposed state sentence but consecutive to a second yet to be imposed state sentence. The state sentences were imposed to be concurrent with one another, making precise application of the federal judge's intent difficult for the BOP.

39. Prior to *Setser*, the BOP had been faulted for following the intent of the sentencing judge to the exclusion of the other factors in § 3621(b). *Trowell v. Beeler*, 135 F. App'x. 590 (4th Cir. 2005). The *Trowell* decision must now be viewed as questionable as inconsistent with *Setser*.

40. *United States v. Montes-Ruiz*, No. 12-50398 (9th Cir. March 21, 2014); *United States v. Quintana-Gomez*, 521 F.3d 495, 498 (5th Cir. 2008); *United States v. Smith*, 472 F.3d 222 (4th Cir. 2006). See *Setser v. United States*, 132 S. Ct. at 1471 n.4.

41. See note 24.

42. *United States v. Warren*, 610 F.2d 680 (9th Cir. 1980); *Moore v. Schuetzle*, 486 F. Supp. 2d 969 (D.N.D. 2007); *Fisher v. Goord*, 981 F. Supp. 140, 176 (W.D.N.Y. 1997); *United States v. Smith*, 812 F. Supp. 368 (E.D.N.Y. 1993).

43. *Leal v. Tombone*, 341 F.3d 427 (5th Cir. 2003); *Taylor v. Sawyer*, 284 F.3d 1143 (9th Cir. 2001), cert. denied, 123 S. Ct. 889 (2003); *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir. 1992).

44. *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007); *Leal v. Tombone*, supra; *Taylor v. Sawyer*, supra; *Jake v. Herschberger*, 173 F.3d at 1065; *United States v. Yates*, 58 F.3d 542, 550 (10th Cir. 1995); *Pinaud v. James*, 851 F.2d 27, 32 (2d Cir. 1988); *United States v. Sackinger*, 704 F.2d 29, 32 (2d Cir. 1983); *Harris v. Bureau of Prisons*, supra.

45. There have been disagreements among circuits concerning different applications of § 5G1.3. Research in the relevant circuit case law is also crucial. Precise nuances of the Sentencing Guidelines are beyond the intention and the scope of this article. The section was included to alert the reader of this other area of sentencing law that may be impacted when a defendant is subject to state and federal prosecutions.

46. *United States v. Wilson*, 503 U.S. 329 (1992). ■

### About the Author

Henry J. Sadowski served as Northeast Regional Counsel for the Federal Bureau of Prisons until he retired in December 2011. He developed and presented agency-wide sentencing training for BOP legal staff and was the BOP legal representative in the key Supreme Court cases of *Reno v. Koray*, *Barber v. Thomas*, and *Setser v. United States*.

**Henry J. Sadowski**
 hsadowski@comcast.net