JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
ANGELA CHUANG, Bar No. 313445
TODD M. BORDEN, Bar No. 269092
Assistant Federal Public Defenders
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:       Angela_Chuang@fd.org

Counsel for Defendant Depape

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WAYNE DEPAPE,<br><br>Defendant. | **Case No.:** CR 22–426 JSC<br><br>**RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM**<br><br>**Court:**  Courtroom 8, 19th  Floor<br>**Hearing Date:**  May 17, 2024<br>**Hearing Time:**  10:00 a.m. |

## INTRODUCTION

Pursuant to Local Criminal Rule 32–5(c), defendant David DePape respectfully submits this response to the government's sentencing memorandum and its argument that a 12-level terrorism adjustment under U.S.S.G. § 3A1.4 applies in this case.[1] As explained below, the adjustment does not apply for two independent reasons. First, under binding Ninth Circuit precedent, the terrorism enhancement under § 3A1.4 applies only if the offense of conviction is a "federal crime of terrorism"

---

[1] Mr. DePape submits this response merely to address the legal issue raised in the government's sentencing memorandum regarding the terrorism enhancement. As is customary, counsel will respond to the other issues in the government's memorandum at the sentencing hearing.

enumerated in 18 U.S.C. § 2332b(g)(5). *See United States v. Ehmer*, 87 F.4th 1073, 1140–41 (9th Cir. 2023). Because neither of the two offenses for which Mr. DePape was convicted are enumerated in § 2332b(g)(5), the enhancement does not apply, which is precisely why the probation officer correctly overruled the government's objection to the PSR seeking the 12-level terrorism adjustment. *See* PSR Addendum ¶ 3. Second, the government also must establish that Mr. DePape had specific intent to affect specific government conduct or to retaliate against specific government conduct, and the government cannot make any such showing. While either reason is sufficient for this enhancement not to apply, both exist here. Thus, the Corut must reject the government's request for a 12-level terrorism adjustment under § 3A1.4.

**ARGUMENT**

**I.     The 12-level terrorism enhancement under U.S.S.G. § 3A1.4 does not apply to Mr. DePape.**

The Sentencing Guidelines mandate a severe 12-level increase in the offense level and a mandatory Category VI criminal history "[i]f the offense is a felony that involved, or was intended to promote, a federal crime of terrorism." U.S.S.G. § 3A1.4. For the purposes of § 3A1.4, "'federal crime of terrorism' has the meaning given that term in 18 U.S.C. § 2332b(g)(5)." *Id.* cmt. n.1. "That statute, in turn, defines a '[f]ederal crime of terrorism' to mean an offense that meets the following two requirements: (1) the offense 'is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct'; and (2) the offense is a violation of one of a lengthy list of specifically enumerated statutory provisions." *United States v. Ehmer*, 87 F.4th 1073, 1141 (9th Cir. 2023). The government cannot establish either of these two necessary requirements apply to Mr. DePape. Mr. DePape will begin with the second prong, which offers the Court no discretion.

**A.     Mr. DePape is not subject to the terrorism enhancement because he was not convicted of violating any "federal crime of terrorism" enumerated in 18 U.S.C. § 2332b(g)(5)(B).**

Mr. DePape was convicted of attempted kidnapping of a federal officer, in violation of 18 U.S.C. § 1201(a) and (d) (Count 1); and of assault on the immediate family member of a federal official, in violation of 18 U.S.C. § 115(a)(1)(A) (Count 2). *See* PSR ¶ 3. Neither § 1201 nor § 115

are enumerated among the long list of "federal crimes of terrorism" under § 2332b(g)(5). *See* 18

U.S.C. § 2332b(g)(5). Instead, the government argues that the terrorism enhancement should apply

because another kidnapping offense that Mr. DePape was never charged with violating—18 U.S.C.

§ 351(c)—is an enumerated federal crime of terrorism under § 2332b(g)(5), citing exclusively out-of-

circuit precedent. *See* Dkt. 234 at 10–11.

But the government puzzlingly omits mentioning the Ninth Circuit's recent *Ehmer* decision,

which forecloses its argument. *See* 87 F.4th at 1140–42. Specifically, as noted above, the Ninth

Circuit expressly requires that the offense of conviction be one of the enumerated "federal crimes of

terrorism" in § 2332b(g)(5)(B) for the 12-level terrorism adjustment to apply. *See* 87 F.4th at 1141

("Neither 18 U.S.C. § 372 nor § 930(b)—the relevant offenses of conviction here—are on

§ 2332b(g)(5)'s list, and so the second requirement is not met in this case. Accordingly, [the

defendants'] offenses do not count as 'federal crimes of terrorism,' and neither defendant was eligible

for the specific terrorism-based upward adjustment set forth in § 3A1.4."). Because neither of Mr.

DePape's offenses of conviction are enumerated in § 2332b(g)(5)(B), the terrorism adjustment cannot

apply. *See id.* In short, because the government opted to pursue charges against Mr. DePape that are

not enumerated "federal crimes of terrorism," it cannot now seek a terrorism adjustment. *See id.*

### B.     The government has failed to establish that Mr. DePape had specific intent to retaliate against any specific government conduct.

The government also cannot establish the other requirement for the terrorism adjustment to

apply: that "the offense 'is calculated to influence or affect the conduct of government by

intimidation or coercion, or to retaliate against government conduct.'" *Id.* (quoting 18 U.S.C.

§ 2332b(g)(5)(A)). The Ninth Circuit has described this prong of the terrorism adjustment as

"impos[ing] a specific intent requirement." *See United States v. Alhaggagi*, 978 F.3d 693, 699–700

(9th Cir. 2020) (reversing district court's imposition of the § 3A1.4 terrorism adjustment as an abuse

of discretion because the district court failed to find that the defendant committed his underlying

offense with specific intent to retaliate against specific government conduct). Thus, the terrorism

adjustment will apply only if the defendant had "specific intent that the offense 'influence or affect

the conduct of government by intimidation or coercion,'" or "specific intent to retaliate against

1  government conduct." *Id.* at 701, 703 (quoting 18 U.S.C. § 2332b(g)(5)(A)).

2       The enhancement does not automatically apply, even for defendants convicted of violating very

3  serious statutes that are actually enumerated as federal crimes of terrorism, if the government cannot

4  establish that the defendant had specific intent to retaliate against "specific government conduct." *See*

5  *id.* at 704 (reversing terrorism adjustment for defendant convicted of providing material support to

6  ISIS). In reversing the terrorism-adjustment in *Alhaggagi*, the Ninth Circuit emphasized that general

7  allegations of retaliatory intent against unspecific government conduct are insufficient, noting that

8  "there is no evidence that Alhaggagi sought revenge on any particular government or for any *specific*

9  *government conduct.*" *Id.* (emphasis added); *see also id.* (noting that "[c]ases applying the retaliation

10 prong rely on evidence that the defendant intended to respond to *specific government action*" and

11 collecting cases (emphasis added)).

12      Here, despite bearing the burden of establishing this sentencing enhancement, the government

13 has never pointed to evidence that any "specific government conduct," *see id.*, motivated Mr.

14 DePape's actions against Nancy and Paul Pelosi. To be sure, Mr. DePape harbored deep and

15 misguided anger against Ms. Pelosi (among many others who were not government officials), but the

16 government has not and cannot point to any *specific conduct* of the United States government that

17 motivated Mr. DePape. Instead, Mr. DePape harbored only a vague and inchoate sense of grievance

18 against Ms. Pelosi based on unspecified "corruption" (as well as certain more outlandish and

19 conspiratorial beliefs), but not based on any "specific government conduct." *See* PSR ¶ 7.

20      This stands in marked contrast to the cases cited with approval by the Ninth Circuit in

21 *Alhaggagi*, in which the defendant's own actions showed a strong and direct connection to specific

22 governmental conduct, including:

23      • a defendant who attempted to join ISIS because of the United States government's

24        "treatment of Muslims in general" and because of "his belief that the United States

25        government had ruined his life by placing him on the sex offender registry";

26      • a defendant whose attack "was in retaliation for judicial conduct denying [the

27        d]efendant's applications or substitution of counsel";

28      • a defendant who "joined the attack [on the U.S. Special Mission in Benghazi] in order

1    to retaliate against the U.S. government for its presence in Libya."

2    *See* 978 F.3d at 703–04 (citing *United States v. Van Haften*, 881 F.3d 543, 544–45 (7th Cir. 2018);

3    *United States v. Salim*, 549 F.3d 67, 76–77 (2d Cir. 2008); *United States v. Abu Khatallah*, 314 F.

4    Supp. 3d 179, 198 (D.D.C. 2018)). Simply put, the government cannot establish with anywhere near

5    the level of specificity in the above cases that Mr. DePape's actions were motivated by any "specific

6    government conduct." *See id.* Accordingly, although the Court need not even conduct this specific-

7    intent analysis because Mr. DePape was not convicted of any "federal crime of terrorism," the

8    government has also failed to establish this additional requirement to trigger the terrorism

9    adjustment.[2]

**CONCLUSION**

11   For the foregoing reasons, the terrorism adjustment under U.S.S.G. § 3A1.4 does not apply.

13   Dated:    May 14, 2024                 Respectfully submitted,

14                                          JODI LINKER
                                            Federal Public Defender
15                                          Northern District of California

16                                                /S
                                            _____
17                                          ANGELA CHUANG
                                            TODD M. BORDEN
18                                          Assistant Federal Public Defenders

---

[2] For the same reasons, an upward departure under Application Note 4 is also impermissible. And, in any event, post-*Booker* the Guidelines' complex scheme of discretionary "departures" is "essentially replaced by the requirement that judges impose a 'reasonable' sentence" under the 18 U.S.C. § 3553(a) factors. *See, e.g., United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006).