1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  HELEN L. GILBERT (NYBN 4736336)
   LAURA VARTAIN HORN (CABN 258485)
5  Assistant United States Attorney

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-7200
        FAX: (415) 436-7234
8       Helen.Gilbert@usdoj.gov
        Laura.Vartain@usdoj.gov
9
   Attorneys for United States of America
10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                         SAN FRANCISCO DIVISION

14
   UNITED STATES OF AMERICA,            )  CASE NO. 3:22-CR-426-JSC
15                                      )
            Plaintiff,                  )  UNITED STATES' MOTION UNDER FEDERAL
16                                      )  RULE OF CRIMINAL PROCEDURE 35(A)
       v.                               )
17                                      )
   DAVID WAYNE DEPAPE,                  )
18                                      )
            Defendant.                  )
19                                      )
                                        )
20

21  **I.    THE MOTION REQUEST RELIEF THAT THE COURT CAN GIVE**

22         The government asks that pursuant to Federal Rule of Criminal Procedure 35(a), the Court

23  reopen sentencing for the limited purpose of addressing the defendant to permit him to allocute, if he so

24  chooses, prior to sentencing. The Court has 14 days pursuant to this rule to correct the sentencing, and

25  the government requests that it act swiftly to get the defendant back in Court for sentencing within this

26  time frame. As explained below, defendant's notice of appeal does not divest the Court of jurisdiction

27  to resentence under Rule 35(a).

28

USA's RULE 35(a) MOTION
3:22-CR-426-JSC

## II. RELEVANT FACTS

Today in Court at sentencing, the defendant did not allocute. Of course, he is not required to do so. However, the record does not state that he had the opportunity to do so. Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) requires the Court, prior to imposing a sentence, "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence."

After sentencing, the government realized this could present an issue and endeavored to correct it immediately. At 2:02 pm today, the government wrote to defense counsel and notified counsel that the government planned to file a motion with the Court to bring the defendant back and ask him on the record if he wished to speak. The government asked if the defense had a position to reflect in the filing, and indicated that it would file later in the afternoon.

Instead of responding first to the government, at 2:19 pm today, the defense filed a notice of appeal "from the judgment and sentence entered in this matter." Dkt. 241.

At 2:56, defense counsel wrote back to the government, stating that it opposed the government's motion.

The Judgment and Committal Order has not yet been filed.

## III. APPLICABLE RULES

Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) provides:

> (i) Sentencing.
> . . .
> (4) Opportunity to Speak.
> (A) By a Party. Before imposing sentence, the court must:
> . . .
> (ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; . . . .

Federal Rule of Criminal Procedure 35 provides:

> (a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
>
> . . .
>
> (c) "Sentencing" Defined. As used in this rule, "sentencing" means the oral announcement of the sentence.

Federal Rule of Appellate Procedure 4(b) provides:

(b) Appeal in a Criminal Case.

    (1) Time for Filing a Notice of Appeal.

        (A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:

            (i) the entry of either the judgment or the order being appealed; or

            (ii) the filing of the government's notice of appeal.

        . . .

    (2) Filing Before Entry of Judgment. A notice of appeal filed after the court announces a decision, sentence, or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

    . . .

    (5) Jurisdiction. The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion. The filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction.

    (6) Entry Defined. A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket.

## IV.   ARGUMENT

### A.   The Court Should Re-Open Sentencing Under Rule 35(a)

Rule 35(a) permits the court to correct a sentence that resulted from "clear error" within 14 days after sentencing. The failure to personally address the defendant in order to permit him to speak or present any information to mitigate the sentence was such a clear error. *See United States v. Gunning*, 401 F.3d 1145, 1147-48 (9th Cir. 2005) (failure to address the defendant personally under Fed. R. Crim. P. 32(i)(4)(A)(ii) to afford him the right to speak or present any information to mitigate the sentence was error and required remand); *United States v. Ramos*, 717 Fed. Appx. 693, 696 (9th Cir. 2017) (plain error requiring vacating the sentence and remand for resentencing where the Court failed to personally invite the defendant to allocute at his sentencing hearing).

Rule 35(a) was amended in 1966 to specifically permit courts to correct sentencings where defendants were not afforded an opportunity to allocute in response to the Supreme Court's decision in

*Hill v. United States*, 368 U.S. 424 (1962). In *Hill*, the defendant was not asked whether he wanted to make a statement on his behalf in violation of Rule 32(a). The Supreme Court held that such an error could not be considered as a motion to correct a sentence under the version of Rule 35 applicable at the time. In response, Rule 35(a) was amended to permit courts to correct a sentence imposed in an erroneous manner, such as the sentence in *Hill* that did not permit defendant to allocute. *See* Rule 35, Advisory Committee Notes to the 1966 Amendments; *see also United States v. Stevens*, 548 F.2d 1360, 1362 n.8 (9th Cir. 1977) (holding that the amendments to Rule 35 after *Hill* were "intended to change the result in *Hill v. United States*" and permit Rule 35 to be used to correct errors in the manner of sentencing, not simply the sentence itself). The Ninth Circuit has affirmed that Rule 35(a) is the appropriate vehicle in which to correct any errors in the process by which the sentence was imposed, not simply errors in the terms of the sentence itself. *See United States v. Montalvo*, 581 F.3d 1147, 1153 (9th Cir. 2009).

Therefore, the United States requests that the Court grant this motion and return defendant to court within 14 days for the limited purpose of personally addressing the defendant to permit him to allocute, and then pronounce the sentence and thereafter, issue the judgment in this case.

**B.      Defendant's Notice of Appeal Does Not Divest the Court of Jurisdiction to Correct a Sentence Under Rule 35(a)**

Although it appears from defense counsel's actions today that it attempted to divest of the Court of jurisdiction instead of working with the government to correct the sentencing, defendant's notice of appeal does not divest this Court of jurisdiction to correct the sentence under Rule 35(a). Rule of Appellate Procedure 4(b)(5) provides:

> The filing of a notice of appeal under Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion.

Furthermore, no judgment has issued in this case and therefore, the Court retains jurisdiction over the whole case. Rule of Appellate Procedure 4(b)(1)(A), as applicable here, provides that a defendant's notice of appeal must be filed within 14 days after "the entry of either the judgment or the order being appealed." Rule of Appellate Procedure 4(b)(2) states that "[a] notice of appeal filed after the court

announces a decision, sentence, or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Therefore, the defendant's notice of appeal is to be treated as if it is filed on the date of the entry of judgment, which has not happened yet.[1]

## V.     CONCLUSION

For the reasons stated above, the United States requests that the Court re-open sentencing for the limited purpose of personally addressing the defendant to permit him to allocute, and then pronounce the sentence and thereafter, issue the judgment in this case.  This should be done within 14 days of May 17, 2024.

DATED: May 17, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

/s/
HELEN L. GILBERT
LAURA VARTAIN HORN
Assistant United States Attorneys

---

[1] The United States believes the Court clearly retains jurisdiction to correct the sentence under Rule 35(a). However, to the extent that the Court is concerned that it may lack such jurisdiction, the United States moves in the alternative for an indicative ruling on the Motion to Correct Sentencing under Federal Rule of Criminal Procedure 37(a)(3), stating that it would grant the United States' Rule 35(a) motion to correct the sentence if the court of appeals remands for that purpose.