1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

UNITED STATES OF AMERICA,

Case No. 22-cr-00426-JSC-1

8

Plaintiff,

9

v.

**ORDER RE: FEDERAL RULES OF
CRIMINAL PROCEDURE 35 MOTION**

10

DAVID WAYNE DEPAPE,

11

Defendant.

12
13

Pending before the Court is the government's motion to reopen the sentencing hearing

14

pursuant to Federal Rules of Criminal Procedure 35(a).  Federal Rules of Criminal Procedure

15

32(i)(4)(A)(ii) requires the Court, prior to imposing a sentence, to "address the defendant

16

personally in order to permit the defendant to speak or present any information to mitigate the

17

sentence."  At the May 17, 2024 sentencing proceeding, no party brought to the Court's attention

18

that it had not done so.  Nonetheless, it was the Court's responsibility to personally ask Mr.

19

Depape if he wanted to speak.  As the Court did not do so, it committed clear error.

20

 "Within 14 days after sentencing, the court may correct a sentence that resulted from

21

arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Clear error means "errors

22

which would almost certainly result in a remand of the case to the trial court for further action."

23

Fed. R. Crim. P. 35(a) advisory committee's note to 1991 amendment.  Assuming the defendant

24

represents on appeal he would have spoken if personally asked, this error will almost certainly

25

result in remand for resentencing. So, rather than wait for that remand, the Court will reopen the

26

sentencing to permit Mr. Depape to speak should he wish.  The Court will withhold entry of the

27

Judgment and Commitment in the interim.

28

The defendant's Notice of Appeal, filed within moments of the government raising the

*United States District Court*
*Northern District of California*

issue with the defense, does not divest the Court of jurisdiction to reopen the proceedings pursuant to Rule 35(a).   While "the filing of a notice of appeal generally divests the trial court of jurisdiction. . . .  [t]he purpose of this judicially-created doctrine is to avoid the potential confusion and waste of resources from having the same issue before two separate courts at the same time." *In re Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003).  As a result, the Ninth Circuit has "been careful to note that the rule 'should not be employed to defeat its purposes nor to induce needless paper shuffling.'"  *Id.* (citation omitted); *see also United States v. Seugasala,* 670 F. App'x 641 (9th Cir. 2016) (stating that the judge-made rule does not actually *"*strip[ ] the district court of [its] subject matter jurisdiction" and the district court may still take action that aids the appellate court in its review) (cleaned up).  Holding the defendant's hasty notice of appeal divests the Court of jurisdiction to correct its clear error would defeat the purpose of the judicially-created doctrine, as well as the explicit purpose of Federal Rules of Criminal Procedure 35(a).

So, the Court GRANTS the government's motion to reopen the sentencing hearing and schedules the reopened sentencing hearing for Tuesday, May 28, 2024 at 9:30 a.m.  Any response from the defendant shall be filed by noon on Wednesday, May 22, 2024.

**IT IS SO ORDERED.**

Dated: May 18, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

2