ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

HELEN L. GILBERT (NYBN 4736336)
LAURA VARTAIN HORN (CABN 258485)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Helen.Gilbert@usdoj.gov
    Laura.Vartain@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:22-CR-426-JSC |
|     Plaintiff, | **UNITED STATES' REPLY IN SUPPORT OF MOTION UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 35(a)** |
|    v. | |
| DAVID WAYNE DEPAPE, | |
|     Defendant | |

USA's REPLY
3:22-CR-426-JSC

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................................1

II.    ARGUMENT .......................................................................................................................1

    A.    The Court has Authority to Act under Rule 35(a) Sua Sponte .............................1

    B.    Failure to Comply with Rule 32 was Clear Error .................................................2

    C.    The Court Should Vacate the Sentence, Provide an Opportunity to Allocute and then Pronounce a Sentence......................................................................................4

III.    CONCLUSION ....................................................................................................................8

# TABLE OF AUTHORITIES

## Cases

*United States v. Aguirre*,
  214 F.3d 1122 (9th Cir. 2000) .................................................................................................. 3

*United States v. Arroyo*,
  434 F.3d 835 (6th Circuit 2006) ................................................................................................ 4

*United States v. Chapman*,
  915 F.3d 139 (3d Cir. 2019) ............................................................................................. 6, 7, 8

*United States v. Delgado*,
  256 F.3d 264 (5th Cir. 2001) ................................................................................................ 1, 2

*United States v. Doyle*,
  857 F.3d (11th Cir. 2017) .......................................................................................................... 5

*United States v. George*,
  872 F.3d 1197 (11th Cir. 2017) ................................................................................................. 5

*United States v. Johnson*,
  387 F. App'x 105 (2d Cir. 2010) ............................................................................................... 7

*United States v. M. M.*,
  23 F.4th 216 (3d Cir. 2021) ................................................................................................... 3, 4

*United States v. Navarro-Flores*,
  628 F.2d 1178 (9th Cir. 1980) ................................................................................................... 8

*United States v. Penna*,
  319 F.3d 509 (9th Cir. 2003) ..................................................................................................... 5

*United States v. Portin*,
  20 F.3d 1028 (9th Cir. 1994) ..................................................................................................... 3

*United States v. Prouty*,
  303 F.3d 1249 (11th Cir. 2002) ................................................................................................. 3

*United States v. Ramirez*,
  2024 WL 1090720 (11th Cir. March 13, 2024) ........................................................................ 5

*United States v. Slinkard*,
  61 F. 4th 1290 (10th Cir. 2023) ................................................................................................. 7

*United States v. Yamashiro,*
  788 F.3d 1231 (9th Cir. 2015) ................................................................................................... 6

**Statutes**

18 U.S.C. § 3553(e) .................................................................................................................... 4

18 U.S.C. § 3553(a) .................................................................................................................... 3

**Rules**

Fed. R. Crim. P. 32(i)(4)(A)(ii) ................................................................................................... 5

Fed. R. Crim. P. 35 ..................................................................................................................... 4

Fed. R. Crim. P. 35(a) ................................................................................................................ 1

## II. INTRODUCTION

The parties appear to agree that the Court retains jurisdiction, that the proceedings did not comply with Rule 32 as it concerned the defendant's allocution, and that as a result, the Ninth Circuit will certainly remand. The areas of dispute are (1) whether Rule 35 allows for the Court to proceed on May 28, 2024 to give him an opportunity to allocute; (2) what form and before what judge that hearing can occur.

Because the parties agree that the Ninth Circuit will certainly remand because of the Rule 32 error, Rule 35 is a proper vehicle. The 1991 Advisory Committee Notes to Rule 35(a) state that clear error means "errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." *See* Fed. R. Crim. P 35(a) advisory committee's note to 1991 amendments. Further, there is no case that says otherwise, and earlier versions of Rule 35 were amended specifically to allow for the very correction at issue.

This will be a limited hearing, in which the Court should vacate the sentence, personally address the defendant as it concerns allocution, consider whether any allocution impacts the sentence pronounced, and pronounce the sentence. All of this properly must occur before this Court.

## III. ARGUMENT

### A. The Court has Authority to Act under Rule 35(a) Sua Sponte

The Advisory Committee Notes to Rule 35 from 1991 establish that the Court can act *sua sponte*:

> The subdivision does not provide for any formalized method of bringing the error to the attention of the court and recognizes that the court could *sua sponte* make the correction. Although the amendment does not expressly address the issue of advance notice to the parties or whether the defendant should be present in court for resentencing, the Committee contemplates that the court will act in accordance with Rules 32 and 43 with regard to any corrections in the sentence.

Fed. R. Crim. P. 35 Advisory Committee Notes (1991); *see also United States v. Delgado*, 256 F.3d 264 (5th Cir. 2001) (abrogated as to other issues).

Here, the Court did not act *sua sponte,* but did issue an order setting the hearing without first hearing from the defendant and giving the defendant an opportunity to respond. The defendant has responded. There is no process error around the Rule 35 violation and accordingly, no violation of the Local Rules. There is also no due process violation where the Court could have taken this issue up itself

without hearing from any party and yet has heard from both parties.

### B. Failure to Comply with Rule 32 was Clear Error

The parties all agree this was error, and the only question is whether it was clear error within the meaning of Rule 35(a). Rule 35(a) itself explains clear error as cases that would be remanded for resentencing under Rule 35(a)

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, *errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)*. The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.

Fed. R. Crim. P. 35 Advisory Committee Notes (1991) (emphasis added).

There is no case that stands squarely for the defendant's proposition that Rule 35(a) bars the Court from correcting the clear error of failing to personally address the defendant as it concerned his desire to allocute. The defendant's main argument is that the rule is intended to be limited. That is precisely the language of the Advisory Committee notes and numerous courts agree, but none agree with the defendant that this precise circumstance is not within those narrow exceptions.[1]

On the other hand, the Fifth Circuit has permitted Rule 35 to be used in precisely this circumstance. *See U.S. v. Delgado*, 256 F.3d at 264 (5th Cir. 2001) (abrogated on other grounds). In *Delgado*,[2] the defendant was sentenced in the morning. Then, "the parties realized their mistake, and in the afternoon, Alburtis was against brought before the district court to be afforded his right to allocute under Rule 32(c)(3)(C). The district court then reimposed the same sentenced that was meted out in the morning." *Id.* at 279. The Fifth Circuit held: "Rule 35(c) was the most appropriate authority under which the district could resentence Alburtis and correct the clear error of failing to afford him his right

---

[1] The Rule was amended in 1966 specifically to allow it to be used to cure allocation defects. The defendant has cited no authority that later amendments took away the Court's authority to use Rule 35(a) to cure a failure to invite allocution.

[2] At the time that the Fifth Circuit decided *Delgado*, the rule was structured such that what is now Rule 35(a) was Rule 35(c) and the time limit was seven days, as opposed to the current 14 days. The language of 35(c) allowed a court to "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." *Delgado*, 256 F.3d at 279.

USA's REPLY
3:22-CR-426-JSC                                            2

to allocute."³ *Cf. United States v. Prouty*, 303 F.3d 1249, 1252 (11th Cir. 2002) (Because Rule 32(c)(3)(C) specifically requires the district court to offer the defendant the opportunity to allocute, the court's failure to do so was a "clear" or "obvious" error).

The defendant's position that the rule is very narrow and does not apply here is not supported by the cases that the defendant cites, or even by the Advisory Committee notes which elaborate on "very narrow" to say that it applies to "obvious error" which are "errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." *See* Fed. R. Crim. P. 35 Advisory Committee Notes (1991). Further, the advisory committee states that Rule 35(a) is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. *See United States v. Portin*, 20 F.3d 1028, 1030 (9th Cir. 1994) ("As the advisory committee notes to the 1991 Rule specifically state, subsection (c) authorizes the district court to correct obvious sentencing errors, but not to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines, where there is no error."); *United States v. Aguirre*, 214 F.3d 1122, 1126 (9th Cir. 2000) (Rule 35(a) "is intended to permit the district court to correct obvious sentencing errors, but not to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines, where there is no error."). The circumstance presented here is an obvious error—the parties seem to agree. The parties also agree that it would result in remand. In addition, the Court is not going to reconsider the application or interpretation of the guidelines and is not going to "simply" change its mind. Instead, the purpose is to allow for curing of clear error under Rule 32(i)(4)(A)(ii).

The cases that the defendant cites in its favor better support the United States' position that correcting the allocution is correction of a clear error and not any of the prohibited reasons to reopen such as reconsidering the Guidelines or the Court changing its mind. In *United States v. M. M.*, 23 F.4th 216 (3d Cir. 2021), the government argued that the Court incorrectly reduced M.M.'s sentence below the mandatory minimum based in part on 18 U.S.C. § 3553(a) factors. The Court had the authority to go below the mandatory minimum because the government had made a motion pursuant to 18 U.S.C.

---

³ Until 2002, the language at issue here in Rule 35(a) was codified in 35(c). See Advisory Committee Notes 2002.

USA's REPLY
3:22-CR-426-JSC                                3

§3553(e). *Id.* at 218. The Court found that it was not clear whether the district court used the § 3553(a) factors to extend the departure or to limit the departure, the first of which would be barred by precedent while the other would be permissible. *Id.* at 219. The district court agreed that it had committed clear error, but the Third Circuit disagreed:

> In any event, the type of error that occurred here simply does not fit the parameters of Rule 35(a). The Government argues the District Court applied the wrong legal standard, yet the alleged error is not a technical, arithmetical, or even clerical mistake. Rather, it is the sort of issue best addressed on direct appeal, not in a motion with a fourteen-day window. The procedural history of this case does not reveal error that could be easily identified or readily ascertained from the sentencing record.

*Id.* at 224. The issue before this Court is clear—so clear that everyone agrees that it was a clear error, and it does not involve application of any legal standard as was the case before the Third Circuit. Further, the Third Circuit noted that the advisory committee notes explain that clear error would "extend only to those cases in which an obvious error or mistake has occurred in the sentence" that "would almost certainly result in a remand of the case to the trial court." Fed. R. Crim. P. 35 Advisory Committee Notes (1991)—which again is agreed upon by the parties here. In short, the Rule 32 violation here is patently clear and unlike than the discretionary legal standards at play before the Third Circuit.

The defendant's reliance on *U.S v Arroyo* is also not particularly well-founded. 434 F.3d 835 (6th Circuit 2006). The Rule 35(a) motion there also came from the government, which claimed clear error because the Court had not properly calculated the Guidelines as starting at the mandatory minimum. *Id.* at 837. Arroyo disagreed, but the Court granted the motion. *Id.* The Sixth Circuit found that the original sentence was within the district court's discretion and concluded Rule 35 improperly allowed the court to reopen issues involving the court's discretion at sentencing. *Id.* at 838. This case does not help the defendant here, because we all agree that the error at issue is clear.

**C.     The Court Should Vacate the Sentence, Provide an Opportunity to Allocute and then Pronounce a Sentence**

The real question here concerns the appropriate procedure that the Court should follow on May 28, 2024. In the original sentencing, the Court announced the structure of the hearing at the outset:

> [T]he way we'll proceed this morning is we'll go through the Presentence Report, determine if there are any objections to the findings of fact. Then we'll go and I'll do the guidelines range. And then we'll hear from the victim, the victim impact statements. And then I'll hear from the

USA's REPLY
3:22-CR-426-JSC                                        4

Government and then from the defense.

Dkt. 250 at Tr. 3:9-14.

The Court followed the procedure outlined above, and the parties had no disputes about the facts and did not have any argument about the Court's guidelines calculation. Accordingly, those issues are not appropriate for the hearing on May 28, 2024, and are not at all implicated by the Rule 35(a) motion. Indeed, if any party were to appeal on the basis of those, that would implicate matters of the court's discretion in applying the sentencing enhancements.

At the hearing, defense counsel did not object or otherwise indicate that the defendant wished to to allocute. *See e.g.*, Tr. 18:9; 24:11.

Helpful guidance about the procedure can be found in a case decided earlier this year in the Eleventh Circuit. In *United States v. Ramirez*, a defendant was convicted of money laundering and conspiracy to commit money laundering and sentenced to 63 months in prison. No. 22-13216, 2024 WL 1090720, at *1 (11th Cir. March 13, 2024). However, the Eleventh Circuit vacated and remanded the sentence because the district court did not "address the defendant personally to permit her to speak" as required by Rule 32. *United States v. Ramirez*, No. 22-13216, 2024 WL 1090720, at *4 (11th Cir. March 13, 2024) ("[W]hen a district court fails to give a defendant a chance to allocute before imposing a sentence, we generally vacate the sentence and remand so the district court can give the defendant a chance to speak") (citing *United States v. George*, 872 F.3d 1197 at 1209 (11th Cir. 2017) and Fed. R. Crim. P. 32(i)(4)(A)(ii)). To remedy this error, the circuit court directed that the defendant be given the opportunity to allocute "in the position [s]he was in on the day of h[er] original sentencing hearing," implying that resentencing must occur in the original district court. *Ramirez*, No. 22-13216, 2024 WL 1090720 at *4 (quotation marks omitted) (quoting *United States v. Doyle*, 857 F.3d 1115, 1121 (11th Cir. 2017)); *see also United States v. Penna*, 319 F.3d 509, 512 (9th Cir. 2003) ("Here, the district court properly vacated, within seven days, Penna's five-year sentence for the conspiracy charge in light of its decision to proceed with a jury trial regarding the number of marijuana plants involved in the conspiracy.")

Similarly, the Court should vacate the sentence, invite the defendant to allocute, and then pronounce a sentence. This will not involve new litigation of any of the discretionary matters concerning

the Guidelines or filing of new memoranda because all of that is settled and properly preserved for any appeal.

Finally, the Court should deny the defendant's request to have a new judge for any further sentencing proceedings. The general rule is that remand for resentencing goes to the original judge. *United States v. Yamashiro,* 788 F.3d 1231, 1237 (9th Cir. 2015) (quotation and citation omitted). An appellate court will "remand to a different judge if there are unusual circumstances." *Id.* To determine whether reassignment is appropriate, courts consider

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving appearance of fairness.

*Id.* There are no unusual circumstances here. Nevertheless, the defendant argues first that the Court has already made up its mind and so cannot put out of her mind views already expressed, and second that the Court has demonstrated that the Court is not "disinterested." Dkt. 250 at 18:15.

First, there is no reason to believe that this Court cannot put out of her mind previously expressed views. The Court stated the considerations upon which it relied, as it should, during sentencing. There was nothing unusual about the process or the substance, and so this case is not like cases on which the defense relies. Defendant cites *United States v. Avery* as authority for remanding to a different judge. 807 F. App'x 74, 76-77 (2d Cir. 2020). In *Avery,* the sentencing judge at multiple times at the beginning of the sentencing hearing indicated that its mind was settled, including saying: "We will do whatever we have to do so that Mr. Avery ends up with 120 months." *Id.* at 76. This court said nothing about the sentencing until the end. This case is also not like *United States v. Chapman*, 915 F.3d 139, 147 (3d Cir. 2019), on which defendant also relies. In *Chapman*, the appellate court remanded to a different judge where the sentencing judge had limited the ability of the defendant and his family to make mitigation statements. Further, the original judge had indicated that he did not need those because he already knew what he needed to know. *Id.* at 147. Here, the Court read the defendant's letters and never indicated that any statement that the defendant might make would be irrelevant.

Second, nothing the Court has said in the proceedings, let alone the sentencing proceeding,

USA's REPLY
3:22-CR-426-JSC                                           6

undermines the appearance of justice in any way that requires reassignment.

On this point, the defendant's filing is tremendously misleading in its representation about what the Court said at sentencing. The defendant claims that the Court made comments at sentencing that "it viewed itself as potentially at risk of attack by someone like Mr. DePape." Dkt. 250 at 18:12-14. Then the defendant quotes the court as saying: "I'm willing to take that risk myself and put myself at risk to serve the public.") *Id.*

That is not what the Court said.

The Court did not inject any personal views into that statement. Here's what the Court said:

> And what that means, and why this now is so harmful to everyone in the country in the future, is that when **someone** is considering now if they want to go into public service, they have to think not only "Am I willing to take that risk myself?" but "Am I willing to risk my spouse, my children, my grandchildren?"

Dkt. 247, Tr. at 28:19-24 (emphasis added).

The Court was speaking of the impact on a hypothetical "someone" and not speaking in the first person, as the defendant represented by misquoting the Court. Indeed, the Court could not have been speaking in the first person, because the Court is already in public service.

In the absence of any strong personal words by the Court, the second factor—appearance of justice—is not at play, as it was in *United States v. Slinkard*, on which defendant relies. 61 F. 4th 1290, 1297 (10th Cir. 2023). There, the Tenth Circuit applied the three factor test above, and noted that remand to a different judge is appropriate "only when there is proof of personal bias or under extreme circumstances". *Id.* at 1296 (internal quotations and citations omitted). In *Slinkard*, the remand went to a new judge after the district court, before inviting allocution, had already conveyed that he was going to impose a life sentence saying: "There is no way that in good conscience that I could ever allow this defendant to be among the public or near any child." *Id.* at 1294. Nor does *United States v. Johnson*, 387 F. App'x 105, 107 (2d Cir. 2010), in which remand went to a new judge, present any similarity to this case. There, the Court found "the number of errors that have attended defendant's repeated sentencing proceedings could lead a reasonable observer to question the court's impartiality," which is significantly distinct from the record presented here. *Id.* at **2. Defendant's reliance on *United States v. Navarro-Flores*, 628 F.2d 1178 (9th Cir. 1980), is also misplaced. There, the remand went to a different judge

where the sentencing judge had "repeatedly expressed views" prior to the sentencing hearing which included, among several other statements, "[h]e may fool a lot of people, but he doesn't fool me, not for one moment." *Id.* at 1184 n.8.

Third, reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness, precisely because a new court would have to review the entire record to be able to sentence and be in the same position of this Court, but with an uneconomical expenditure of resources without any upside in the absence of any basis in the facts of this case or the law on which defendant relies to remand to a different judge.

Accordingly, the factors demonstrate that the Court can and should preside over the further proceedings in the district court.

## IV.   CONCLUSION

The Court should proceed on May 28, 2024, with the sentencing hearing, at which it should vacate the sentence, allow the defendant to allocute if he wishes, and then impose sentence.

DATED: May 24, 2024                                  Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

　　　　　/s/
HELEN L. GILBERT
LAURA VARTAIN HORN
Assistant United States Attorneys