UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 22-cr-00426-JSC-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE: DEFENDANT'S MOTION IN OPPOSITION TO REOPENING SENTENCING UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 35** |
| DAVID WAYNE DEPAPE, | |
| Defendant. | Re: Dkt. Nos. 243, 250 |

On May 18, 2024, the Court granted the government's motion to reopen the sentencing hearing pursuant to Federal Rule of Criminal Procedure 35(a), scheduled the reopened sentencing hearing for Tuesday, May 28, 2024 at 9:30 a.m., and directed any response from Mr. Depape be filed by noon on Wednesday, May 22, 2024.  (Dkt. No. 244.)[1]  Mr. Depape filed a timely response opposing the Court's reopening of his sentencing.  (Dkt. No. 250.)  Among other things, Mr. Depape argued Rule 35(a) does not apply to the clear allocution error underlying the reopening of the sentencing procedure.  At the May 28, 2024 hearing, the Court gave Mr. Depape the opportunity to orally address his Rule 35(a) argument.  After hearing argument, the Court concluded Rule 35(a) applies to the clear sentencing error at issue, set aside its previous sentence, and proceeded to resentence Mr. Depape.  This Order reflects the Court's analysis as to the applicability of Rule 35(a).

**DISCUSSION**

Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) provides "[b]efore imposing a sentence, the court must: . . . address the defendant personally in order to permit the defendant to speak or

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

present any information to mitigate the sentence." *See Green v. United States*, 365 U.S. 301, 304 (1961) ("Taken in the context of its history, there can be little doubt that the drafters of Rule 32(a) intended that the defendant be personally afforded the opportunity to speak before imposition of sentence. . . . The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."). "In exercising the right to allocution, a defendant has the right to fully present all available accurate information bearing on mitigation of punishment, and the district court has a duty to listen and give careful and serious consideration to such information." *United States v. Mack*, 200 F.3d 653, 658 (9th Cir. 2000). The Ninth Circuit presumes prejudice when a district court fails to accord a defendant his allocution right before imposing a sentence. *United States v. Gunning*, 401 F.3d 1145, 1149 (9th Cir. 2005) ("[W]hen a district court *could have* lowered a defendant's sentence, we have presumed prejudice and remanded, even if we doubted that the district court *would have* done so.").

Under Rule 35(a), the Court "may correct a sentence that resulted from" clear error, which includes "errors which would almost certainly result in a remand of the case to the trial court for further action." Fed. R. Crim. P. 35, advisory committee notes to 1991 amendments. Failing to provide a defendant his Rule 32 allocution right is clear error "which would almost certainly result in a remand of the case." *Id.*; *see, e.g.*, *Gunning*, 401 F.3d at 1149-50 (9th Cir. 2005) (finding district court's failure to provide the defendant his right of allocution at resentencing hearing required remand, saying "we are forced to hold that the district court's **major error was recrudescent**." (emphasis added)); *United States v. Daniels*, 760 F.3d 920, 926 (9th Cir. 2014) (vacating sentence and remanding because "[a] district court that does not offer a supervised releasee the chance to exercise [the right to allocute] **commits plain error**." (emphasis added)); *United States v. Mendez*, 501 F. App'x 619, 620 (9th Cir. 2012) (remanding for resentencing based on district court's denial of allocution right because "**the error is not harmless**, because the district court could have lowered [the defendant's] sentence and we cannot say that a personal statement from [the defendant] would not have made a difference." (emphasis added)); *United States v. Guntipally*, 735 F. App'x 432, 433 (9th Cir. 2018) (vacating sentence and remanding because the defendant "was not personally invited to allocute and, because she "could have

2

received a shorter sentence, **the denial of the right of allocution is not harmless**." (emphasis added)). So, Rule 35(a) permits the Court to correct Mr. Depape's sentence for failure to provide the opportunity to allocute.

Mr. Depape argued an allocution error "falls outside Rule 35(a)'s ambit" because (1) "an allocution error is not akin to an arithmetical or a technical error," (2) a resentencing hearing is unavailable under Rule 35, and (3) Rule 35 can no longer be used "to seek correction of a sentence on the ground that it was imposed *in an illegal manner*." (Dkt. No. 250 at 11-13.)

**A. Denial of Rule 32 Allocution Right Is Readily Ascertainable**

Mr. Depape relies on *United States v. M. M.* to insist Rule 35(a) is inapplicable to allocution error. 23 F.4th 216 (3d Cir. 2021). In *M. M.*, the Third Circuit overturned the district court's Rule 35(a) correction of a defendant's sentence for lack of clear error and stated, "clear error must be akin to an arithmetical or a technical error." *Id.* at 221. The Third Circuit reasoned "clear errors subject to correction under Rule 35(a) . . . . are easily identifiable and readily ascertained from the sentencing proceeding and judgment." *Id*. at 221. Because the Third Circuit did "not perceive error from the record at sentencing," the "type of error that occurred [in *M. M.*] simply d[id] not fit the parameters of Rule 35(a)." *Id*. at 223-24. Here, by contrast, the sentencing transcript clearly evidences the denial of Mr. Depape's allocution right. (Dkt. No. 247.) The allocution error is both "easily identified [and] readily ascertainable from the sentencing record." *M. M.*, 23 F.4th at 221. So, allocution error fits within the parameters of Rule 35(a), including the Third Circuit's description of those parameters.

Moreover, *M. M.* acknowledged "clear error would 'extend only to those cases in which an obvious error or mistake has occurred in the sentence' that 'would almost certainly result in a remand of the case to the trial court.'" *Id.* at 220; *see also United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009) ("Although courts take different approaches to Rule 35(a), all essentially agree that 'clear error' under the Rule requires some reversible error at the initial sentencing (or here, the initial resentencing) hearing."). As explained above, the Ninth Circuit has repeatedly held the failure to provide a defendant an allocution opportunity is clear error requiring remand. *See, e.g.*, *Gunning*, 401 F.3d at 1149. So, allocution error falls within the scope of the plain language of

3

Rule 35(a).

## B. A Resentencing Hearing Is Available

Mr. Depape contends a resentencing proceeding is unavailable under Rule 35 because Rule 35(a) is "limited only to 'correcting' clear error," and does not encompass plenary resentencing proceedings. Federal Rule of Criminal Procedure 43 "sets the proceedings authorized by § 3582(c)(2) and Rule 35 apart from other sentencing proceedings" as it acknowledges those proceedings can sometimes occur in the defendant's absence. *Dillon v. United States*, 560 U.S. 817, 828 (2010). But *Dillon* concerned whether 18 U.S.C. § 3582(c)(2) "authorize[d] a sentencing or resentencing proceeding" and does not hold resentencing to correct a clear error is unavailable under Rule 35(a). *Id*. at 825. And Rule 43's provision "a defendant need not be present" if a "proceeding involves the correction or reduction of a sentence under Rule 35" does not mandate a defendant's absence. Rule 43 is thus inapplicable when the relevant allocution correction requires the defendant's presence. Indeed, the 1991 advisory committee notes to Rule 35 explain "the Committee contemplates that the court will act in accordance with Rules 32 and 43 with regard to any corrections in the sentence." So, sometimes the defendant needs to be present.

Both the Seventh Circuit and the Fifth Circuit have held a district court can rectify an allocation error by setting aside the sentence, reopening the proceeding, and providing the defendant the opportunity to speak. *United States v. Luepke*, 495 F.3d 443, 448 (7th Cir. 2007) (explaining a "denial of the right to allocation" can "be cured by the district court" if the "trial judge, realizing after sentencing that the right of allocution has been neglected, may rectify the situation by, in effect, setting aside the sentence, reopening the proceeding, and inviting the defendant to speak." (cleaned up)); *United States v. Conour*, 716 F. App'x 538, 542-43 (7th Cir. 2017) ("[a] belated allocution is error unless the district court puts aside its original determination and takes steps to *communicate* effectively to the defendant that, through his statement, he has a meaningful opportunity to influence the sentence.") (quoting *Luepke*, 495 F.3d at 450 (emphasis in original)); *United States v. Delgado*, 256 F.3d 264, 279 (5th Cir. 2001) (holding Rule 35 "was the most appropriate authority under which the district could resentence [a defendant] and correct the clear error of failing to afford him his right to allocute."); *see also United States v. Bustamante-*

1   *Conchas*, 850 F.3d 1130, 1150 (10th Cir. 2017) ("For 14 days after the sentencing hearing, the

2   district court could set aside the sentence for the clear error of violating the defendant's right of

3   allocution.  *See* Fed. R. Crim. P. 35(a) (correcting clear error in sentence).") (Hartz, J., dissenting).

### C. Rule 35(a) Still Covers Clear Error

Finally, Mr. Depape argues the post-1987 version of Rule 35 does not authorize correction of allocution errors.

Prior to 1966, Rule 35 provided "the court may correct an illegal sentence at any time." In *Hill v. United States*, the Supreme Court held this language did not permit the correction of a sentence imposed in an illegal *manner*, and, specifically, a sentence imposed without providing the defendant an opportunity to allocute. 368 U.S. 424, 430 (1962). In 1966, in response to *Hill*, Rule 35 was amended to give courts "power to correct a sentence imposed in an illegal manner." Fed. R. Crim. P. 35, advisory committee notes to 1966 amendments ("The amendment to the first sentence gives the court power to correct a sentence imposed in an illegal manner within the same time limits as those provided for reducing a sentence."); Fed. R. Crim. P. 35(a) (1966) ("The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."); *see also United States v. Stevens*, 548 F.2d 1360, 1363 n.8 (9th Cir. 1977) ("[The category of sentences imposed in an illegal manner] was created in amendments to Rule 35 intended to change the result in *Hill v. United States*, in which the then Rule 35 was held to be inapplicable to correct a sentence imposed without granting the defendant the right of allocation." (cleaned up)).

In 1984, Rule 35 was rewritten to "eliminate much of [the] overlap [between Rule 35 and the statutory motion to vacate or correct a sentence under 28 U.S.C. § 2255] and to accommodate the Sentencing Reform Act." 3 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 612 (5th ed.). The 1984 amendments went into effect in 1987:

> Rule 35. Correction of Sentence
> (a) CORRECTION OF A SENTENCE ON REMAND. — The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court —
> (1) for imposition of a sentence in accord with the findings of the court

>of appeals; or
>(2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.
>(b) CORRECTION OF SENTENCE FOR CHANGED CIRCUMSTANCES. — The court, on motion of the Government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, to the extent that such assistance is a factor in applicable guidelines or policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).

Pub. L. 98-473, Title II, § 215(b).[2]

In 1991, Rule 35 was again amended to add then subdivision (c) (the provision that became today's subdivision (a)), which stated: "The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(c) (1991). The inclusion of the new subdivision was

>intended to adopt, in part, a suggestion from the Federal Courts Study Committee 1990 that Rule 35 be amended **to recognize explicitly the ability of the sentencing court to correct a sentence imposed as a result of an obvious arithmetical, technical or other clear error, if the error is discovered shortly after the sentence is imposed**.

Fed. R. Crim. P. 35, advisory committee notes to 1991 amendments (emphasis added). The advisory committee notes explain a "shorter period of time would also reduce the likelihood of abuse of the rule by limiting its application to acknowledged and obvious errors in sentencing." *Id.*

>The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the

---

[2] While the 1987 version of Rule 35 did not explicitly afford district courts the authority to reopen sentencing proceedings to correct clear error, some courts continued to hold Rule 35 permitted them such authority. *See, e.g.*, *United States v. Cook*, 890 F.2d 672, 674-75 (4th Cir. 1989) (holding while Congress had amended Rule 35 in 1984 with the purpose "to impose on the new sentencing system a requirement that the sentence imposed in the public forum during the sentencing hearing would remain constant, immune from later modification," that did not alter "the inherent power in a court to correct an acknowledged and obvious mistake," so long as its correction occurred within the "period of time in which either party may file a notice of appeal.").

6

> sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

*Id*.

The 2002 amendments relocated "[f]ormer Rule 35(c), which addressed the authority of the court to correct certain errors in the sentence," to Rule 35(a). Fed. R. Crim. P. 35, advisory committee notes to 2002 amendments. The 2009 amendments extended the period for the trial court to correct sentencing errors from 7 days to 14 days, and noted "[e]xtension of the period in this fashion will cause no jurisdictional problems if an appeal has been filed, because Federal Rule of Appellate Procedure 4(b)(5) expressly provides that the filing of a notice of appeal does not divest the district court of jurisdiction to correct a sentence under Rule 35(a)." Rule 35 has not been amended since.

Nothing in any of these amendments suggest an intent to revert to the *Hill v. United States* regime in which "clear" sentencing errors could not be corrected under Rule 35 unless they resulted in an illegal sentence. To the contrary, as discussed above, after Rule 35 was amended in response to *Hill*, Rule 35 permitted courts to "correct an illegal sentence at any time and" to "correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence" (120 days). So, at the time, "Rule 35 distinguishe[d] among motions to reduce or correct an 'illegal' sentence, a lawful sentence, and a 'sentence imposed in an illegal manner.'" *United States v. Fowler*, 794 F.2d 1446, 1448 (9th Cir. 1986) (quoting 3 C. Wright, *Federal Practice and Procedure* §§ 582-86 at 380-407 (2d ed. 1982 & Supp. 1986)). However, with the 1991 amendments, the text of rule collapsed this distinction: rather than referring to an "illegal sentence" and a "sentence imposed in an illegal manner," the rule now only refers to "a sentence that resulted from . . . other clear error." Accordingly, the rule encompasses sentences that *result* from clear error—such as the failure to afford Mr. Depape an opportunity to allocute during the sentencing proceeding. That failure was a "clear error," and the ensuing sentence "resulted from" that error.

Defendant's arguments to the contrary are unpersuasive. Defendant cites to *Sevilla-Oyola*, arguing "illegal sentences" for the purposes of Rule 35(a) concern *only* the terms of punishment

7

itself rather than errors that occurred during the sentencing proceeding. (Dkt. No. 250 at 13 (quoting *United States v. Sevilla-Oyola*, 770 F.3d 1, 10 (1st Cir. 2014)). But the "illegal sentence[s]" phrase in *Sevilla-Oyola* quotes from *Hill v. United States*—which, as discussed above, was a 1962 Supreme Court decision applying the pre-1966 version of Rule 35 (the version that explicitly applied only to "illegal sentences" rather than "a sentence that resulted from . . . other clear error"). *Sevilla-Oyola*, 770 F.3d at 10 ("The function of Rule 35(a) is narrowly circumscribed: It 'permit[s] correction . . . of an illegal sentence.'" (quoting *Hill*, 368 U.S. at 430)). Moreover, the *Sevilla-Oyola* court explained "Rule 35(a) does not . . . enable a judge to fix errors committed at trial or during proceedings prior to the imposition of sentence." *Id.* at 11. Indeed, the holding in *Sevilla-Oyola* was "Rule 35(a) does not provide a means to revisit possible errors in the plea colloquy," as the plea colloquy is a separate proceeding from the sentencing. However, in this case, the Court rectified a clear error that occurred at the sentencing *itself*.

## CONCLUSION

For the reasons stated above, Rule 35(a) permitted the Court to reopen sentencing to correct Mr. Depape's sentence for failure to provide him with the opportunity to allocute, because that clear error, if left undisturbed, would require remand. *See, e.g.*, *Gunning*, 401 F.3d at 1149 (9th Cir. 2005). The Court was not persuaded by Mr. Depape's other arguments against the Court resentencing Mr. Depape.

**IT IS SO ORDERED.**

Dated: May 28, 2024

JACQUELINE SCOTT CORLEY
United States District Judge