**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3191 |
| Plaintiff - Appellee, | D.C. No. 3:22-cr-00426-JSC-1 |
| v. | MEMORANDUM[*] |
| DAVID WAYNE DEPAPE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Argued and Submitted December 10, 2025
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

David Wayne DePape appeals his convictions for attempting to kidnap a federal officer under 18 U.S.C. § 1201(d) and assaulting a family member of a federal official under 18 U.S.C. § 115(a)(1)(A). We have jurisdiction under 28 U.S.C. § 1291. We affirm.[1]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] In a concurrently filed opinion, we also affirm DePape's sentence.

1. DePape first challenges the sufficiency of the evidence against him. We review this claim in the light most favorable to the prosecution and consider whether "any rational trier of fact" could have found the essential elements of the crime beyond a reasonable doubt. *United States v. McCarron*, 30 F.4th 1157, 1162 (9th Cir. 2022) (quoting *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc)).

Sufficient evidence supports that DePape attempted to kidnap a federal officer "on account of[] the performance of official duties." 18 U.S.C. § 1201(a)(5). "[W]hether an officer is engaged in the performance of official duties" is determined by "whether the officer's actions fall within [her] agency's overall mission, in contrast to engaging in a personal frolic of [her] own." *United States v. Ornelas*, 906 F.3d 1138, 1149 (9th Cir. 2018) (internal quotation marks omitted). The government offered evidence that DePape targeted the then-Speaker of the House because he saw her as a leader of the Democratic Party and responsible for congressional policy he disliked. Other evidence showed that DePape planned the attack on the former Speaker to "teach [other Members of Congress] a lesson" that there are consequences for their actions. A rational trier of fact could have concluded that DePape attempted to kidnap the former Speaker "on account of[] the performance of [her] official duties." 18 U.S.C. § 1201(a)(5).

24-3191

Sufficient evidence also supports that DePape assaulted an immediate family member of the former Speaker with intent to impede her while engaged in the performance of her official duties or to retaliate against her on account of her official duties. *Id.* § 115(a)(1)(A). DePape stated he assaulted the then-Speaker's husband because "something needed to be done" about the Speaker's alleged corruption. This shows that the assault was intended to cause interference, to retaliate, or both.

2. DePape next asserts that the jury instructions inadequately presented his defense theory. We review the "formulation of jury instructions for abuse of discretion," but review "de novo whether those instructions correctly state the elements of the offense and adequately cover the defendant's theory of the case." *United States v. Liew*, 856 F.3d 585, 595–96 (9th Cir. 2017).

DePape requested that the district court define "on account of" as "because of" and specify that the former Speaker's performance of her official duties had to be "as a member of Congress." It was not an abuse of discretion to deny this instruction. The terms "on account of" and "because of" are synonymous. *See O'Gilvie v. United States*, 519 U.S. 79, 83 (1996). And the provided jury instructions explained that "official duties" specifically pertained to "United States official[s]" like "Member of Congress." The instruction conveyed that the former Speaker's performance of her official duties needed to be performed in her capacity as a

24-3191

member of Congress and thus "adequately encompass[ed DePape's] theory." *Liew*, 856 F.3d at 598.

3. Finally, DePape claims that the district court violated Federal Rule of Evidence 403 by admitting graphic footage of the assault's aftermath. We review the admission of evidence under Rule 403 for abuse of discretion. *United States v. Jimenez-Chaidez*, 96 F.4th 1257, 1264 (9th Cir. 2024). The district court's decision to admit the evidence was not "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

The district court properly ruled that the video footage and photographs of the injuries to the then-Speaker's husband were relevant to DePape's intent to retaliate against Speaker Pelosi "on account of the performance of official duties," tended to show that DePape took a "substantial step" towards the attempted kidnapping charge, and was probative of whether he used a "dangerous weapon" to inflict serious bodily injury under the interference charge. Moreover, the evidence was not unduly prejudicial. Undue prejudice applies only to a narrow class of materials of "scant or cumulative probative force, dragged in by the heels for the sake of [their] prejudicial effect." *United States v. Plascencia-Orozco*, 852 F.3d 910, 926 (9th Cir. 2017) (internal quotation marks omitted). Avoiding "unfair prejudice" does not require "scrub[bing] the trial clean of all evidence that may have an emotional

4

24-3191

impact." *United States v. Ganoe*, 538 F.3d 1117, 1124 (9th Cir. 2008) (internal quotation marks omitted).  While the video footage and photographs are graphic, they "go to an element of [each] charge," proving intent, substantial step, dangerous weapon, and serious bodily injury.  *Cf. United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005).  They thus present no "undue tendency to suggest decision on an improper basis." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 advisory committee's note).  Because the materials were relevant to proving DePape had the requisite intent and took the requisite steps for each of his charges, the district court did not abuse its discretion in admitting them.

Because we find no error, we do not consider whether any error was harmless.

**AFFIRMED**.

24-3191